**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VIAMEDIA, INC., <br><br>    Plaintiff, <br><br>v. <br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br>    Defendants. | No. 16 C 5486 <br><br> Honorable Charles R. Norgle, Sr. |

**JOINT STATUS REPORT**

The parties submit the following joint status report pursuant to Paragraph 5 of Chief Judge Pallmeyer's Third Amended General Order 20-0012, dated April 24, 2020.

## Introduction

Viamedia has two claims in this antitrust case: refusal to deal and tying. In separate orders by Judge St. Eve, this Court dismissed the refusal-to-deal claim prior to the commencement of discovery in 2017, *see* ECF Nos. 36, 60, and granted the defendants ("Comcast") summary judgment on the tying claim in 2018, after the completion of fact and expert discovery, *see* ECF No. 356. On February 24, 2020, the Seventh Circuit reversed Judge St. Eve's rulings on those claims and remanded this case "for any further necessary discovery and for trial." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 435 (7th Cir. 2020) ("*Viamedia*"). On April 15, 2020, the Court of Appeals returned the mandate to this court. ECF 390-393. Comcast intends to petition the Supreme Court for a writ of certiorari.

I.     **Progress of Discovery**

The parties disagree about the scope of further discovery that is "necessary" following the Seventh Circuit's remand.

**Viamedia's Position**

The only further fact discovery that is necessary is for the parties to supplement their document productions to include any non-privileged, responsive documents that have been created since July 31, 2016, which was the cut-off date to which the parties previously agreed. The parties should also be permitted to disclose additional and/or supplemental expert reports to address the refusal-to-deal claim and any additional damages incurred by Viamedia.

The parties have already engaged in extensive fact discovery. Over the course of 12 months, 1.1 million documents were produced, and the parties took 36 fact depositions. Comcast alone served 87 document requests, 24 interrogatories, 167 requests for admission, and 29 non-party subpoenas. That copious discovery encompassed both the tying and refusal-to-deal claims for two reasons.

*First*, as the Seventh Circuit recognized, both claims are "based on the same course of conduct, resulted in the same anticompetitive harms, and would be subject to the same procompetitive justifications." *Viamedia*, 951 F.3d at 450. Comcast's purported distinction between "conduct with respect to third parties" and "conduct with respect to Viamedia," is illusory for purposes of fact discovery. In both cases, it is "the *same* course of conduct," *id*. (emphasis added), which has already been subject to extensive discovery and will be the factual premise for the rule-of-reason framework required by the Seventh Circuit. Indeed, Comcast has

repeatedly argued in this Court and to the Seventh Circuit that the two claims involve the same conduct and the same damages.[1]

*Second*, even assuming the two claims implicate different facts (they do not), the parties already conducted discovery on the refusal-to-deal claim. *See*, *e.g.*, ECF No. 94-5 at 5 (letter from Comcast counsel agreeing to collect and produce documents in response to 10 requests that "relate to Viamedia's alleged refusal to deal claim" and to provide corporate testimony about topics that "relate solely to Viamedia's dismissed refusal to deal claim"). Comcast's counsel told the Seventh Circuit at oral argument in this case that "we're not sure what factual development is necessary" regarding Viamedia's refusal-to-deal claim because "we think it's clear on the face of the complaint what Comcast did, and there's really no disagreement about it." Oral Argument Audio Recording at 44:20-30 (Feb. 7, 2019).

Comcast fails to identify any purported "fact questions on the refusal to deal" that were not already the subject of discovery, let alone topics that would require seven additional months of fact discovery in a case that has already been pending for four years, a full year of which was already dedicated to fact discovery. Much of that discovery was specifically related to purported "procompetitive" justifications for Comcast's conduct. Indeed, so much discovery has already been conducted about those supposed justification that one of Comcast's experts (Dennis Carlton) relied on more than 140 documents produced in discovery and testimony from 20

---

[1] *See*, *e.g.*, ECF No. 29 at 10 ("All of this plainly amounts to an attempt to plead a unilateral refusal to deal claim no matter what label one puts on it."); ECF No. 46 at 12 ("Viamedia's Amended Complaint continues to conflate the refusal to deal claim and the tying claim."); ECF No. 266 at 43 ("Each of Viamedia's categories of alleged damages is . . . premised on Comcast's lawful refusal to deal"); Comcast Br. (Dkt. 36) at 40, No. 18-1059 (7th Cir. Oct. 25, 2018) ("Viamedia's tying theory rests entirely on Comcast's alleged refusal to deal with Viamedia."); *id.* at 50 ("each injury Viamedia identifies is fully attributable to Comcast's lawful decision to deny Viamedia interconnect access").

depositions to write two lengthy reports that attempted to explain why Comcast's conduct was procompetitive. *See* ECF No. 220-01 (Exhibits 10 and 11).

### **Comcast's Position**

Significant additional fact discovery is necessary with respect to Viamedia's refusal to deal claim.

Judge St. Eve dismissed this claim on the pleadings prior to fact discovery. The Seventh Circuit reversed, holding that this claim is subject to a "comprehensive rule of reason analysis," *Viamedia*, 951 F.3d at 461, requiring "balancing anticompetitive effects against hypothesized justifications," a process which "depends on evidence." *Id.* at 460. Comcast never pursued a discovery strategy aimed at defending such a claim. Accordingly, Comcast must now, for the first time, develop a factual record to defend itself under a wide-ranging rule of reason analysis. Comcast must do so in the context of a health pandemic that will complicate all aspects of the case, including the collection and review of documents and the taking and defense of depositions.

Up until this point, Comcast properly focused on defending the tying claim, along with Viamedia's now-abandoned exclusive dealing and tortious interference claims—all of which involved Comcast's conduct *with respect to third parties*. It is true that Comcast argued that Viamedia's tying claim was simply a repackaged version of Viamedia's dismissed refusal to deal claim and should thus be dismissed as well. But the Seventh Circuit disagreed. *Id.* at 472. It is also true that the parties conducted substantial discovery on Viamedia's *other* claims. But that does not mean that the parties conducted complete discovery with respect to the dismissed refusal to deal claim. For that claim, the record is not fully developed to support a "comprehensive rule of reason analysis" as required by the Seventh Circuit. This would

presumably involve a wide-ranging assessment of the net competitive effects of Comcast's conduct *with respect to Viamedia* on the marketplace and various third parties, something that was never addressed in the course of discovery to date.[2]

Before the Seventh Circuit, Viamedia itself argued that the record was undeveloped on the refusal to deal claim. Viamedia insisted that it be "permitted discovery on its refusal-to-deal," arguing that "[w]hile Comcast may seek to justify its conduct, Viamedia's refusal-to-deal claim should not have been dismissed before discovery." Pl.-Appellant Viamedia, Inc.'s Opening Br. at 4, 31, *Viamedia, Inc. v. Comcast Corp.*, No. 18-2852 (7th Cir. Oct. 25, 2018).

Nothing in the Seventh Circuit's decision precludes Comcast from disproving that it is liable for an unlawful refusal to deal based on a full evidentiary record. To the contrary, the Seventh Circuit repeatedly emphasized that it was inappropriate to evaluate the refusal to deal claim on the pleadings prior to discovery. *See Viamedia*, 951 F.3d at 450, 460.

In sum, further discovery is required into the circumstances related to the refusal to deal claim. Comcast anticipates that this discovery will require further document requests and productions, interrogatories, and requests for admission and depositions of fact witnesses to complete the record.[3]

---

[2] Viamedia's citation of expert reports previously submitted on behalf of Comcast ignores that those reports were focused on the procompetitive benefits of the alleged tying conduct, which concerned Comcast's contracting practices vis-à-vis third parties. *See*, *e.g.*, Report of Dennis M. Carlton, dated Oct. 16, 2017, ¶¶ 12-13 ("Viamedia may be challenging as a form of 'tying' or improper 'exclusive dealing' Comcast Spotlight's practice of entering into direct, exclusive 'full-turnkey' ad rep service agreements with MVPDs. . . . In this report, I analyze whether Comcast Spotlight's practice of entering into full-turnkey ad rep service agreements with MVPDs generates procompetitive efficiencies.").

[3] Viamedia's citation to Comcast's position at oral argument is misleading. Before the Seventh Circuit, Comcast's position was that Viamedia's refusal to deal claim had correctly been dismissed on the pleadings, meaning that no evidence was required to demonstrate that it lacked merit. The Seventh Circuit disagreed. Under the Seventh Circuit's ruling, there are fact questions on the refusal to deal that necessitate further discovery so that Comcast has a full

Comcast also disagrees with Viamedia's unusual request that the parties should collect, review, and produce four years' worth of additional documents in little more than a month during a health pandemic—but with no opportunity to take depositions relating to this supplemental document production. As in the ordinary course of discovery, each party should propound discovery requests, such as document requests, interrogatories, and deposition notices, to which the responding party will have the opportunity to respond and object in a reasonable fashion. Moreover, basic fairness demands that any additional discovery include not only supplemental document productions but also the opportunity to take deposition testimony, as well as written discovery, including interrogatories and requests for admissions.

Finally, Comcast agrees with Viamedia that further expert discovery is necessary in light of the Seventh Circuit's decision.

**II.     Status of Briefing on Unresolved Motions.**

No unresolved motions are pending.

**III.    Settlement Efforts.**

The parties have participated in a mediation with the Hon. Morton Denlow, but there are no ongoing settlement discussions.

**IV.    Proposed Schedule for the Next 45 Days.**

The parties disagree about how this case should proceed over the next 45 days.

---

record on which to persuade the Court at summary judgment or jury that the refusal to deal claim lacks merit.

### Viamedia's Proposal

Viamedia's position is that the parties should prepare for trial, with limited fact and expert discovery in accordance with the Seventh Circuit's final judgment and mandate. *See* ECF Nos. 390, 392. It proposes the following schedule:

Comcast Files Any Amended Answer to the First Amended Complaint: June 8, 2020

Supplemental Document Productions Due: June 22, 2020

Status Conference: July 1, 2020

Viamedia opposes any further delay of this case and would oppose any motion by Comcast to stay this case. Rather than litigate the merits of a stay in this status report, as Comcast attempts to do, Viamedia requests an expedited briefing schedule if the Court desires briefing on the issue.

### Comcast's Proposal

Comcast believes that discovery should be stayed pending resolution of Comcast's petition for a writ of certiorari, which Comcast will file on or before September 4, 2020. Comcast believes that the Supreme Court is likely to grant the petition because the Seventh Circuit's decision is inconsistent with the Supreme Court's leading case on refusals to deal, creates a split with other circuits on the issues of refusals to deal and tying, and presents issues of nationwide importance concerning circumstances when the antitrust laws require competitors to cooperate with one another.

Comcast is willing to submit briefs on the propriety of a stay, on whatever schedule the Court desires.

### V. Proposed Revised Discovery and Dispositive Motion Schedule

No scheduling order is currently in place, and the parties agree that a new schedule is needed following the Seventh Circuit's remand. As stated above, the parties disagree as to Comcast's stay request, which will affect that schedule.

**Viamedia's Proposal**

Viamedia proposes the following schedule. Viamedia agrees with Comcast that this case is "legally and factually complex," and it respectfully submits that four years of litigation, including a year of fact discovery, have fully aired those complexities. Comcast's proposed schedule is a stalling tactic, designed to further weaken its much smaller rival by dragging out this case as long as possible, rather than "secur[ing] the just, speedy, and inexpensive determination" of Viamedia's claims. Fed. R. Civ. P. 1.

Supplemental Document Productions Due: June 22, 2020

Status Conference: July 1, 2020

Burden of Proof Expert Reports[4]: July 22, 2020

Rebuttal Expert Reports: September 2, 2020

Expert Discovery Closes: September 30, 2020

*Daubert* Motions:[5] October 28, 2020

Summary Judgment Motions: November 4, 2020

**Comcast's Proposal**

If a stay is granted, then Comcast requests that the Court schedule this case for a case management conference in early October to address the upcoming schedule.

---

[4] Pursuant to the Seventh Circuit's opinion, Viamedia has met its burden of establishing a prima facie case of anticompetitive refusal to deal , and the burden has shifted to Comcast to proffer procompetitive justifications for that conduct. *Viamedia*, 951 F.3d at 463 (concluding that Viamedia had "present[ed] evidence of harm to competition," and therefore holding that "the remainder of the case should settle into the traditional analysis followed in rule of reason cases, with the burden shifting to Comcast . . ."). Therefore, Viamedia's position is that any Comcast expert report opining on any proffered procompetitive justification should be disclosed when burden-of-proof expert reports are due.

[5] Viamedia's position is that any further *Daubert* or summary judgment motion should be limited to expert opinions not previously disclosed and legal issues not previously decided.

If the Court does not stay discovery, then Comcast believes that Viamedia's proposed schedule is unrealistic. As demonstrated by the lengthy opinions of this Court and the Seventh Circuit, this is a legally and factually complex case. The current pandemic has made it difficult to move forward with even routine matters in this District and around the nation. In in-person depositions are not taking place, travel is difficult, if not dangerous, and the normal conduct of business is uncertain. Further, Viamedia's suggestion that the parties collect, review, and produce four years' worth of documents in little more than a month would not be plausible even under normal circumstances.

Comcast proposes the following schedule, solely in the alternative to the requested stay:

- Comcast's Amended Answer: June 15, 2020
- Close of Fact Discovery: January 8, 2021
- Burden of Proof Expert Reports[6]: February 5, 2021
- Rebuttal Expert Reports: April 2, 2021
- Close of Expert Discovery: April 30, 2021
- *Daubert* Motions[7]: May 28, 2021

---

[6] Viamedia contends that it has met its burden of proving its prima facie case based on the Seventh Circuit's ruling on the pleading and summary judgment issue presented to it. Viamedia is incorrect. The Seventh Circuit's opinion was decided based on assumed facts, granting Viamedia every reasonable inference from those facts. *Viamedia*, 951 F.3d at 453-54 (motion to dismiss standard), 467 (summary judgment standard). The portion of the Court's opinion which Viamedia cites for the proposition that it has made a prima facie case quite explicitly invokes the Rule 8 pleading standard: "Viamedia's pleading adequately *alleges* an anticompetitive refusal to deal." *Id.* at 463 (emphasis added). Viamedia has not sustained its *trial* burden to present a prima facie case. *Id.* at 467 ("[O]n summary judgment, courts must refrain from making credibility determinations or weighing evidence.").

[7] Viamedia's position that the further *Daubert* motions "should be limited to expert opinions not previously disclosed" is contrary to the Seventh Circuit's direction that "[o]n remand, the district court will need to take a fresh look at the expert reports in light of this opinion." *Viamedia*, 951 F.3d at 451.

- Summary Judgment Motions: June 25, 2021

## VI. Any Agreed Action the Court Can Take Without a Hearing

None.

## VII. Whether a Telephonic Hearing Is Necessary and Time Urgent

### Viamedia's Position

Viamedia respectfully submits that the parties' disagreements over whether this case should be stayed and the scope of additional fact discovery in the case are time urgent and could be addressed in a telephonic hearing. In the alternative, Viamedia requests a telephonic hearing as soon as practicable after June 1.

### Comcast's Position

Because this case is new to the assigned Judge, Comcast suggests holding a Rule 16 teleconference at the Court's convenience to advise the Court on the history and status of the case, including the expected certiorari petition, and to set a schedule for the Court to address the parties' disputes concerning the scope and timing of discovery.

Dated: May 18, 2020            Respectfully submitted,

| VIAMEDIA, INC. | COMCAST CORPORATION AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC |
|---|---|
| /s/ *Richard J. Prendergast* <br> Richard J. Prendergast <br> Michael T. Layden <br> RICHARD J. PRENDERGAST, LTD. <br> 111 W. Washington, Suite 1100 <br> Chicago, IL 60602 <br> Tel: (312) 641-0881 <br> rprendergast@rjpltd.com <br> mlayden@rjpltd.com <br><br> James M. Webster, III (pro hac vice) <br> Aaron M. Panner (pro hac vice) <br> Derek T. Ho (pro hac vice) <br> Leslie V. Pope (pro hac vice) <br> KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC <br> 1615 M Street, NW, Suite 400 <br> Washington, DC 20036 <br> Tel: (202) 326-7900 <br> jwebster@kellogghansen.com <br> apanner@kellogghansen.com <br> dho@kellogghansen.com <br> lpope@kellogghansen.com <br><br> *Attorneys for Plaintiff Viamedia, Inc.* | /s/ *Ross B. Bricker* <br> Ross B. Bricker <br> JENNER & BLOCK LLP <br> 353 N. Clark Street <br> Chicago, IL 60654-3456 <br> Tel: (312) 222-9350 <br> Fax: (312) 527-0484 <br> rbricker@jenner.com <br><br> Arthur J. Burke (pro hac vice) <br> David B. Toscano (pro hac vice) <br> Christopher P. Lynch (pro hac vice) <br> DAVIS POLK & WARDWELL LLP <br> 450 Lexington Avenue <br> New York, New York 10017 <br> Tel: (212) 450-4000 <br> Fax: (212) 701-5800 <br> Arthur.Burke@davispolk.com <br> David.Toscano@davispolk.com <br> Christopher.Lynch@davispolk.com <br><br> *Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC* |

-11-

-12-

**CERTIFICATE OF SERVICE**

Richard J. Prendergast, an attorney, certifies that he caused a copy of **Joint Status Report** to be served upon all counsel of record via email, on this **18th** day of **May, 2020**.

/s/ *Richard J. Prendergast*