Exhibit G

# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

NORTHERN CALIFORNIA
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

CHRISTOPHER LYNCH
212 450 4034
Christopher.Lynch@davispolk.com

October 23, 2020

Re: *Viamedia, Inc. v. Comcast Corp., et al.*, Case No. 16 C 5486 (N.D. Ill.)

Matthew R. Huppert, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036

Dear Matt:

      We write on behalf of Comcast to follow up on your October 21, 2020 letter and the parties' October 22, 2020 meet and confer teleconference concerning Viamedia's responses and objections to Comcast's discovery requests.

      As we have explained on two telephone conferences and two letters this month, the Court-ordered discovery schedule permits a limited amount of time for the extensive discovery relating to Viamedia's revived refusal-to-deal claim. This claim, which was not the subject of previous discovery because it was dismissed on the pleadings, now appears to be the core of Viamedia's case. Viamedia has refused, however, to provide Comcast with adequate discovery responses concerning that claim. Indeed, Viamedia has failed to provide Comcast with a straight response to most rudimentary interrogatories about the scope of that claim.

      On many issues, as discussed below, the parties appear likely to be at an impasse unless Viamedia will agree to provide answers. We request Viamedia's position on those issues by the close of business on October 26, 2020, so that Comcast can promptly seek the assistance of the Court if necessary.[1]

---

[1] As we discussed on the October 22 call, Comcast is evaluating Viamedia's positions with respect to Comcast's discovery responses first articulated in your October 21 letter, and we expect to be in a position to confer about those issues soon.

### I.    Viamedia's Responses to Comcast's Interrogatories

**Interrogatory No. 26.** This interrogatory asks Viamedia to identify instances where it contends that Comcast unlawfully refused to deal with it. Comcast requested that Viamedia provide a complete answer by October 23, 2020. In your October 21 letter, you stated that "Viamedia would be willing to agree to the expedited deadline Comcast proposes if Comcast agrees not to seek an extension of the discovery period." As we explained on yesterday's call, Comcast is in no position to agree to any such thing, particularly in light of the substantial uncertainty that Viamedia has created about the scope of the information and documents that it will agree to provide in discovery.

On our October 22 call, you claimed that although Viamedia was purportedly not withholding information, Viamedia reserved the right to add additional claimed refusals to its refusal-to-deal claim and would not agree to any deadline. As we have explained, this is not an orderly way to conduct discovery concerning the revived claim. Viamedia should agree to provide a complete list of the DMAs and relevant MVPDs as to which it claims there was an unlawful refusal to deal by a date certain, in the very near future, so that Comcast can take necessary discovery. Please confirm by the close of business on October 26 whether Viamedia will do so. You stated on our October 22 call that you did not have a final position as to whether Viamedia would provide an answer to subpart (e) of Interrogatory 26. Please provide Viamedia's position by the close of business on October 26.

**Interrogatory No. 27.** We have now repeatedly explained that subparts (b) through (d) of this Interrogatory call for factual information concerning the causes of Viamedia's purported injuries. Viamedia has already represented, in its previously-served response to subpart (a), that "[REDACTED] " as to various MVPDs and DMAs. The information called for by subparts (b) through (d), which Viamedia claims not to understand, is no more difficult to provide than the information called for by subpart (a) and merely asks for the manner(s) in which Viamedia believes Comcast's conduct has caused harm to Viamedia with respect to each MVPD and/or DMA.

Viamedia's failure to provide a complete response to this interrogatory— as with Viamedia's incomplete response to Interrogatory No. 26—is hindering Comcast's ability to take necessary discovery to defend itself against Viamedia's claims and is unnecessarily delaying the course of discovery. Please confirm by the close of business on October 26 whether Viamedia will provide complete responses to subparts (b) through (d).

**Interrogatory No. 28.** On our October 23 call, you confirmed that Viamedia intends to supplement its response to this interrogatory to identify additional current employees of Viamedia with knowledge of with knowledge of the allegedly unlawful refusals to deal and Viamedia's claimed injuries. Comcast requires that supplemental information as soon as possible to allow it to evaluate

Matthew R. Huppert, Esq.                 3                 October 23, 2020

Viamedia's forthcoming proposal as to custodians for its supplemental document production. Viamedia cannot reasonably expect Comcast to evaluate that proposal without a full answer to this interrogatory. Accordingly, please confirm whether Viamedia will provide its supplemental response by the close of business on October 26.

On our October 23 call, we confirmed that the parties are at an impasse regarding Viamedia's refusal to identify any responsive former employees or employees of third-parties.

**Interrogatory No. 29.** On our October 23 call, we confirmed that the parties are at an impasse and that Viamedia will stand on its refusal to answer this interrogatory.

**Prior Interrogatories.** On our October 23 call, you confirmed that Viamedia would have new information to provide in response to Comcast's Interrogatory No. 1 if Viamedia were to agree to bring the interrogatories up to date. This interrogatory is foundational information that is essential to the case and that Viamedia has no good reason to refuse to update, especially in light of its intention to expand the case to seek "additional damages." We are evaluating Viamedia's request, first articulated in your October 21 letter, that Comcast update certain of its interrogatory responses and Viamedia's suggestion that the parties agree on the interrogatories that each will update, and will provide Comcast's position shortly.

## II.    Viamedia's Responses to Comcast's Document Requests

**Document Request No. 88.** As we discussed, this request calls for additional documents responsive to Comcast's prior document requests that were created after the cutoff date for the previous round of discovery. Your letter indicated that Viamedia would conduct a supplemental search and production for additional documents, but failed to specify the parameters or scope of such search. As we explained, Viamedia must clarify what it plans to search (e.g., what custodians and document repositories will be searched). Because Comcast's prior document requests involved full custodial discovery, the same approach is appropriate for this "refresh" request.

You indicated that Viamedia intended to search certain centralized document repositories, which you represented contain material responsive to many of Comcast's requests. Based on your description, we agreed that such centralized repositories are likely to contain responsive material and should be included in any search and production in response to Comcast's document requests. We also stated, however, that full custodial searches, including custodial email searches, will be necessary.

We then turned our discussion to custodian proposals and search protocols for custodial discovery. The parties agreed to exchange initial proposed custodian

Matthew R. Huppert, Esq.               4               October 23, 2020

lists either today or by first thing next week. We propose to exchange those lists on Monday, October 26, at 5:00 p.m. Eastern time.

We further agreed that it likely makes sense for both parties to use the same TAR protocol that we utilized during the prior phase of discovery for this new phase of discovery as well. Copies of prior correspondence memorializing that TAR approach are enclosed as appendices to this letter. Comcast is amenable to using the same TAR approach for the forthcoming custodial searches and productions.

**Document Request Nos. 89-91.** During the call, we asked whether Viamedia would still object to producing documents in response to these requests if the Court were to deny Viamedia's pending motion for a protective order. You indicated that Viamedia would continue to object to production on the basis that Viamedia's prior document productions contain documents responsive to these requests, at least with respect to the prior discovery period of 2011 to mid-2016. As during our previous discussion, we reiterated that Viamedia has now put new DMAs and MVPDs at issue in this litigation, which were not the focus of prior discovery. We asked for a representation from Viamedia that the searches conducted in connection with its prior productions would have adequately captured documents potentially responsive to these new requests.

In response, you asked us to provide draft language for a representation that would satisfy Comcast. We accordingly ask that Viamedia provide the following representation: "Viamedia's prior document productions provide complete responses to Request Nos. 89-106 of Comcast's First Set of Remand Document Requests with respect to the period of 2011 through mid-2016." Please let us know by the close of business on October 26 whether Viamedia will agree to provide this representation.

**Document Request Nos. 92-105.** As we discussed, there are two time periods at issue regarding these requests. The first is the prior discovery period (2011 to mid-2016) and the second is the later discovery period (mid-2016-present).

With respect to the prior discovery period, Viamedia has objected to providing additional documents on the basis that its prior productions suffice in response to Comcast's new document requests. We ask that Viamedia provide the same representation regarding its prior productions for these document requests. Please let us know by close of business on October 26 whether Viamedia will agree to do so.

Your letter did not specifically address the later discovery period, but during our October 22 call, we agreed that the scope of Viamedia's search and production of documents would be governed by the same custodian and TAR parameters as Document Request No. 88, on which the parties have agreed to confer further.

Davis Polk & Wardwell LLP

**Document Request No. 106.** We also addressed Document Request No. 106 and agreed that the scope of Viamedia's search and production would be subject to the same custodian and TAR parameters discussed above.

\*     \*     \*

As we have explained on our meet-and-confer calls and in my prior letter, Viamedia must provide adequate responses to discovery for this case to proceed in an orderly fashion rather than as a "trial by ambush." Accordingly, we reiterate our above requests that Viamedia provide its positions by October 26, 2020 so that Comcast can seek assistance from the Court if necessary.

Sincerely,

/s/
Christopher Lynch

By E-Mail