# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., ) ) ) | |
| Plaintiff, ) | No. 16 C 5486 |
| ) | |
| v. ) | Hon. Charles R. Norgle, Sr. |
| ) | |
| COMCAST CORPORATION and ) COMCAST CABLE COMMUNICATIONS ) MANAGEMENT, LLC, ) ) | |
| Defendants. ) | |

## COMCAST'S STATUS REPORT
## AND MOTION TO EXTEND DEADLINES

Defendants Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast"), by their attorneys, submit this report to advise the Court about developments in the case over the last several months, and respectfully to request that the Court enter an Order extending all deadlines in the case by seven months.

### Introduction

1. The parties are proceeding with discovery in this antitrust case on remand from the Seventh Circuit. On August 18, 2020, following the Seventh Circuit's remand, this Court adopted a schedule for further proceedings, including fact discovery, expert discovery, *Daubert* motions, and summary judgment motions. This Court's Order anticipated that "modifications, extensions, or stays of deadlines may be necessary from time to time due to issues related to the COVID-19 pandemic and Comcast's anticipated petition for a writ of certiorari in the Supreme Court. Counsel should try to make such changes by agreed motion if possible." Dkt. 400. Both

of the issues the Court anticipated in its Order have materialized, as have additional complications that impede the completion of discovery.

2. First, there have been developments on Comcast's petition for a writ of certiorari. As Comcast previously reported, the legal issues that led the Seventh Circuit to vacate the prior judgment in favor of Comcast are before the Supreme Court on Comcast's petition. Yesterday, on December 7, 2020, the Supreme Court issued an order calling for the Acting Solicitor General of the United States to file a brief expressing the views of the United States on Comcast's petition. The Supreme Court's decision to issue this order indicates that it is actively considering Comcast's petition and thus may review the Seventh Circuit decision on the merits.

3. Second, despite the parties' efforts, discovery has proceeded slowly, as this Court anticipated in its prior Order, for the following reasons:

   (i) The COVID pandemic has greatly complicated the discovery process as a result of office closures, remote working, court closures, and travel restrictions.

   (ii) There is much discovery that the parties will need to complete. Viamedia has failed to provide complete responses to Comcast's discovery requests (which has resulted in two pending discovery motions) and has yet to produce *even a single page* of additional documents in response to requests that have been pending for over three months;

   (iii) Additional third party discovery will be required. In an attempt to magnify its damages claims, Viamedia has identified a host of additional third parties from which Comcast seeks discovery.

   (iv) Due in part to all of these reasons, not a single deposition has been completed, or even noticed.

4. The extension that Comcast seeks will allow fact discovery to be completed in an orderly fashion after the issues presented in the discovery motions have been resolved. The current fact discovery cut-off of January 8, 2021 is impractical in light of the need to complete document production and to conduct depositions and substantial third-party discovery.

5.      Apart from the issues meriting an extension to the fact discovery schedule, the potential for Supreme Court review of the legal standards governing Viamedia's claims warrants revision to the current schedule for expert discovery and motion practice.  We understand that, in light of the Supreme Court's request for a brief from the United States, the Supreme Court is unlikely to decide whether to grant Comcast's petition before June 2021.  Accordingly, the legal standard governing Viamedia's claims is likely to be unsettled until at least that time.  The current schedule, however, requires the parties to submit expert reports in February-April 2021, *Daubert* motions in May 2021, and summary judgment motions in June 2021.  Dkt. 395 at 9-10.  Each of those submissions will depend on the applicable legal standard.  While the parties can and should move forward with fact discovery, deadlines should be extended so that expert reports and motions can be prepared after the Supreme Court has ruled on the certiorari petition.  The parties can profitably use the time that would have otherwise been dedicated to expert work to complete fact discovery, which has been made dramatically more difficult by the COVID pandemic.

6.      Comcast advised Viamedia that it intended to present this request for relief.  In response, Viamedia stated that it would only agree to a two-month extension of fact discovery, and that this proposal was conditioned on Comcast's willingness to shorten deadlines for expert discovery, *Daubert* motions, and summary judgment motions.[1]  Viamedia's proposal would not leave enough time for *either* fact discovery *or* other necessary proceedings, ignores that the Court and the parties are operating in an environment of COVID restrictions, which will likely

---

[1] Counsel for Comcast (Michael Brody, Christopher Lynch, and John Briggs) met and conferred in good faith with counsel for Viamedia (Matthew Huppert, Collin White, and Sean Nadel) regarding the relief sought in this motion by teleconference on November 30, 2020, at 12:00 p.m.  The parties then exchanged correspondence on December 2, 3, 4, 7, and 8, 2020, and are at an impasse.

persist for another six months or more, and also ignores the implications of the pending certiorari petition. Comcast therefore presents this motion.

7. Given the approaching fact discovery cut-off and the burden that attempting to comply with that deadline will impose on parties and non-parties, as well as the upcoming holidays, Comcast respectfully requests the Court address this request to extend deadlines before the holidays.

**Status Report**

8. ***Petition for a Writ of Certiorari.*** In the parties' prior joint status report, Comcast informed the Court that it intended to file a petition for a writ of certiorari to seek review of the Seventh Circuit's decision. Dkt. 395 at 7. Comcast filed its petition on September 4, 2020. Comcast's petition seeks review of the Seventh Circuit's rulings on Viamedia's two remaining claims (a "refusal to deal" claim and a "tying" claim). If the Court grants the petition and reverses, its decision may lead to reinstatement of the judgment in favor of Comcast without the necessity of further proceedings.

9. As Comcast stated in the prior report, "Comcast believes that the Supreme Court is likely to grant the petition because the Seventh Circuit's decision is inconsistent with the Supreme Court's leading case on refusals to deal, creates a split with other circuits on the issues of refusals to deal and tying, and presents issues of nationwide importance concerning circumstances when the antitrust laws require competitors to cooperate with one another." *Id.*

10. On December 7, 2020, the Supreme Court issued an order calling for the Acting Solicitor General to file a brief expressing the views of the United States. *Comcast Corp. v. Viamedia, Inc.*, No. 20-319 (U.S. Dec. 7, 2020). This order is known as a "CVSG" (short for a "Call for the Views of the Solicitor General"). It indicates that the Court is seriously considering

4

granting the petition. The Supreme Court "requires a formal vote of the Justices to issue a CVSG and uses this practice only in about a dozen cases per Term."[2]

11. We understand that the Supreme Court will postpone considering Comcast's petition until after the government files its brief in response to the CVSG. The Court does not ordinarily set a deadline for the United States to respond to CVSGs, and it did not set a deadline in this case. By custom, the United States responds to such requests after consulting with potentially affected components of the United States Government—a process that may take a few months—and typically submits its responses to CVSGs in early December or early May. It is too late for the United States to file its response to the Court's invitation in this case in early December 2020. As a result, the Court's decision on Comcast's petition will likely not be issued until the end of the Court's term in June 2021. The governing law of this case will, therefore, remain unsettled for at least half a year, or longer if the petition is granted.

12. **_Discovery Progress._** Since remand, the parties have initiated discovery necessary to prepare this case for trial. Comcast has sought to update the parties' prior fact discovery (which had a mid-2016 cutoff), and to take discovery on Viamedia's refusal-to-deal claim (which was originally dismissed on the pleadings before any discovery was taken) and Viamedia's purported additional damages. Comcast began to serve discovery requests in August 2020. As of the date of this motion—with only a month left in fact discovery under the current schedule—**Viamedia still has not produced *any additional documents* in response to Comcast's requests**. Viamedia has declined to indicate when it will commence document production. For that reason alone, which is entirely within Viamedia's control, and for other reasons described

---

[2] David C. Thompson and Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 242 (2009) (footnotes omitted).

below, the parties will not be able to complete fact discovery by January 8, 2021, the current fact discovery cutoff.

13. **_Impact of COVID._** As the Court correctly anticipated, complications caused by the COVID pandemic have affected the parties' efforts. For example, remote working conditions have delayed collection of documents, which necessarily delays their review. Despite these impediments to discovery, the parties have agreed upon document custodians whose documents will be searched. Comcast has begun to produce documents to Viamedia, and anticipates continuing to make rolling productions based on the agreed custodians.

14. **_Discovery Disputes._** The parties have different views of the proper scope of discovery, which have resulted in the filing of two discovery motions. Resolution of those motions may assist the parties in completing discovery.

15. *Viamedia's Motion for Protective Order.* On September 14, 2020, Viamedia moved for a protective order, which is now fully briefed. In that motion, Viamedia seeks to preclude discovery on its refusal-to-deal claim in the Chicago, Detroit, and Hartford areas. Viamedia is also refusing to provide further discovery on its refusal-to-deal claim in those geographic areas pending resolution of its motion. Comcast opposes Viamedia's motion because the refusal-to-deal claim was not a subject of prior discovery and because the Chicago, Detroit, and Hartford areas are central to that claim.

16. The Court's ruling on this motion is likely to influence substantially the scope of discovery in the case. As Comcast showed in opposition to Viamedia's motion, Viamedia's attempt to preclude discovery into core issues on its refusal-to-deal claim is an improper effort to truncate the discovery process on that claim. Dkt. 406 at 1. Because full discovery into the issues that are the subject of Viamedia's motion is necessary for Comcast to defend itself

6

effectively against Viamedia's refusal-to-deal claim, Viamedia's refusal to provide that discovery without a Court order justifies an extension of the current fact discovery deadline.

17. *Comcast's Motion to Compel.* On November 5, 2020, Comcast moved to compel Viamedia to provide complete responses to Comcast's interrogatories and document requests. This motion is also fully briefed. Among other things, Comcast requested that Viamedia identify all of the cable companies and geographic areas relevant to its refusal-to-deal claim. The Court's ruling on this motion may thus limit or expand the scope of discovery in this case. It is also likely to affect the scope of third-party discovery, including additional cable companies across the country from which Comcast may need to seek document productions or testimony.

18. Before filing its motion to compel, Comcast warned that Viamedia's discovery tactics would make it "virtually impossible" that fact discovery could close on the current schedule. Dkt. 410-5 at 5. As Comcast demonstrated, Viamedia should not be permitted to "run out the clock" without providing full discovery into these matters. Dkt. 410 at 1. Until Comcast's motion is decided, the parties' impasse on the scope of discovery will remain, impeding the completion of all fact discovery.

19. The Court's decisions on these motions will have a substantial effect on continuing discovery, as noted above. Comcast believes that additional time will be necessary after resolution of the pending motions so that the parties may adhere to the Court's rulings and complete the discovery necessary to prepare this case for trial. The additional time Comcast requests will permit the Court the opportunity to rule on the pending motions and permit the parties to react to the Court's rulings and complete the additional necessary discovery.

20. **Third Party Discovery.** Comcast has served third-party subpoenas on numerous entities that Viamedia identified for the first time in its post-remand interrogatory responses.

Comcast anticipates serving additional third-party subpoenas based on its analysis of Viamedia's discovery responses. Despite Viamedia's failure to produce any documents—including related to the third-parties Viamedia is now attempting to bring into this case—and to provide complete interrogatory responses, Comcast is moving forward with those subpoenas based on Comcast's assessment of matters that may be at issue.

21. Comcast believes the third parties' responses to the subpoenas may be substantially delayed due to the COVID pandemic. Not having a stake in the litigation, third parties are ordinarily reluctant to provide information in discovery. Here, where those third parties are also working remotely, often with reduced staffs, discovery efforts will be even more difficult. The holiday season can also be expected to delay non-party productions and scheduling depositions of non-parties.

22. **Deposition Status.** Because Viamedia has not yet produced any documents—much less completed its custodial document production—it is highly impractical for Comcast to proceed to depositions. It would be effectively impossible for Comcast to do so in an orderly and efficient fashion without the likely need to call back witnesses for subsequent depositions.

23. Comcast anticipates taking a Rule 30(b)(6) deposition of Viamedia and deposing the five current Viamedia employees whom Viamedia has identified as having relevant knowledge. Comcast is also evaluating whether to notice additional depositions of current and former Viamedia employees. Comcast's ability to schedule and take these depositions, as well as non-party depositions, is impeded by the delay of Viamedia's production. As of the date of this motion, Viamedia has not noticed any depositions of Comcast individuals or third parties.

24. **Complexity of the Case.** Finally, this is a complex case. It involves Viamedia's allegations of conduct and assertions of damages spanning over a decade and involving

numerous third-parties across the country. A substantial amount of money is at stake. Viamedia has indicated that it intends to seek damages in excess of $500 million dollars, which include "additional damages" that Viamedia has not even purported to substantiate. Dkt. 395 at 2. Given the amount at stake and the complexity of the case, it is important to both parties that discovery be completed reasonably and proportionally to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). To that end, Comcast requests the Court to extend the deadlines in this case.

## Relief Sought

25. To accommodate the parties' needs for additional discovery, including non-party discovery, Comcast requests that the Court extend all deadlines in this case by seven months. This extension will afford the Court time to resolve the pending discovery motions. It will also provide the parties additional time to complete document productions, pursue third party discovery, and conduct depositions relating to the complex issues in this case. The extension will also permit the parties to submit expert reports, *Daubert* motions, and summary judgment motions after the Supreme Court has decided whether to grant Comcast's petition for certiorari.[3] Comcast's proposed schedule, which extends all current deadlines by seven months (with adjustments for weekends and holidays), is as follows:

- Close of Fact Discovery: August 9, 2021
- Burden of Proof Expert Reports: September 7, 2021
- Rebuttal Expert Reports: November 2, 2021
- Close of Expert Discovery: November 30, 2021
- *Daubert* Motions: December 28, 2021

---

[3] If Comcast's petition is granted, Comcast will confer with Viamedia regarding any implications for the proceedings in this Court will present any requests for relief to the Court.

- Summary Judgment Motions: January 25, 2022

26. During the parties' meet-and-confer process, Viamedia stated that it would agree only to a two-month extension of fact discovery. As a condition to even that limited extension, Viamedia also demanded that Comcast agree to compress the schedule for expert discovery, *Daubert* motions, and summary judgment motions so that summary judgment motions would still be due on the current deadline (June 25, 2021). Respectfully, Viamedia's proposal ignores the state of the world, the nature of proceedings in this case, the complexity of the matters yet to be addressed, and the impact of the pending certiorari petition, all of which we describe above. The relief Viamedia proposes does nothing to address the current circumstances—if anything, it just postpones the current issues with discovery for future motion practice in another month or two. Moreover, Viamedia's proposal that the Court enter a compressed schedule before Viamedia produces a single document is similar to Viamedia's proposed schedule that this Court rejected as "unreasonable and impractical." Dkt. 400. The Court should reject Viamedia's counterproposal and order Comcast's proposed extension of seven months, which is a reasonable amount of additional time to complete the work that needs to be done in this case

27. In addition, Comcast suggests that the Court set a remote status conference approximately three months from now for the parties to report on discovery progress and any issues that arise in completing discovery and in preparing this case for trial. A status conference will provide structure to the parties as they progress with discovery, and the parties may be able to benefit from the Court's guidance at that time.

WHEREFORE, Comcast respectfully requests that the Court extend the deadlines in this case by seven months.

Dated: December 8, 2020          Respectfully submitted,

                                                   COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

/s/ *Ross B. Bricker*
Michael T. Brody
Ross B. Bricker
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
mbrody@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I, Ross B. Bricker, an attorney, certify that on December 8, 2020, I caused **Comcast's Status Report and Motion to Extend Deadlines** to be served on all counsel of record by means of the Court's ECF system.

/s/ *Ross B. Bricker*