### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., <br><br>    Plaintiff, <br><br>v. <br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br>    Defendants. | No. 16 C 5486 <br><br> Honorable Charles R. Norgle, Sr. |

**PLAINTIFF'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OF THE COURT'S MINUTE ORDER DATED DECEMBER 11, 2020**

On December 8, 2020, defendants in this case ("Comcast") filed a document styled a "Status Report and Motion to Extend Deadlines," which requested a seven-month extension of all case deadlines. ECF No. 419. It could have been mistaken for a joint status report and motion. Comcast purported to describe Viamedia's "counterproposal" to its extension request, *see id*. at 3-4, 10, but the filing was Comcast's alone, not a joint submission summarizing both sides' positions. Accordingly, Viamedia has been preparing a response to Comcast's motion because Viamedia strongly opposes the relief Comcast sought. Namely, Viamedia opposes Comcast's request for a seven-month extension of the fact discovery period because it (1) is not supported by the requisite "good cause," Fed. R. Civ. P. 16(b)(4), (2) is motivated by a desire to prolong this case and leverage Comcast's vast resources to overwhelm its weakened competitor with unnecessary and burdensome discovery, (3) relies heavily on Supreme Court proceedings that have nothing to do with fact discovery, (4) relies on the COVID-19 pandemic that, though a public-health crisis, has had no material impact on the progress of discovery, and

(5) mischaracterizes Viamedia's discovery efforts while omitting Comcast's failures diligently to pursue the non-party discovery it says it now needs more time to complete.

Accordingly, notwithstanding the Court's minute order entered earlier today granting Comcast's motion prior to receiving any response from Viamedia, ECF No. 420, Viamedia respectfully requests an opportunity to submit a response to Comcast's motion and asks the Court to reconsider its minute order in light of that response. *See* Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of judgment adjudicating all claims and all the parties' rights and liabilities"); *Dahlstrom v. Sun-Times Media, LLC*, 346 F. Supp. 3d 1162, 1173 (N.D. Ill. 2018) (granting motion to reconsider under Rule 54(b)). Viamedia respectfully submits that its lack of an opportunity to be heard is a proper basis for reconsideration. *See*, *e.g.*, *In re Sw. Airlines Voucher Litig.*, 2014 WL 2809016, at *5 (N.D. Ill. June 20, 2014) (reconsideration granted because "the Court likely should have given plaintiffs an opportunity to respond . . . before making a final ruling"); *see also Digital Equip. Corp. v. Uniq Digital Techs., Inc.*, 1995 WL 12297, at *1 (N.D. Ill. Jan. 11, 1995) ("[I]nterlocutory orders may be reconsidered by a district court when to do so is consonant with justice.").

If the Court permits Viamedia to submit a response to Comcast's motion, Viamedia requests until December 18, 2020 (10 days after Comcast's motion) to do so. Such a schedule would be consistent with prior briefing schedules in this case. *See*, *e.g.*, ECF No. 403.

Dated: December 11, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ *Richard J. Prendergast*
　　　　　　　　　　　　　　　　　　　　　James M. Webster, III (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Aaron M. Panner (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Kenneth M. Fetterman (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Derek T. Ho (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　**KELLOGG, HANSEN, TODD, FIGEL**
　　　　　　　　　　　　　　　　　　　　　　**& FREDERICK, P.L.L.C.**
　　　　　　　　　　　　　　　　　　　　　1615 M Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　(202) 326-7900
　　　　　　　　　　　　　　　　　　　　　jwebster@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　apanner@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　kfetterman@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　dho@kellogghansen.com


　　　　　　　　　　　　　　　　　　　　　Richard J. Prendergast
　　　　　　　　　　　　　　　　　　　　　Michael T. Layden
　　　　　　　　　　　　　　　　　　　　　Collin M. Bruck
　　　　　　　　　　　　　　　　　　　　　**RICHARD J. PRENDERGAST, LTD.**
　　　　　　　　　　　　　　　　　　　　　111 W. Washington Street, Suite 1100
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　　　　(312) 641-0881
　　　　　　　　　　　　　　　　　　　　　rprendergast@rjpltd.com
　　　　　　　　　　　　　　　　　　　　　mlayden@rjpltd.com
　　　　　　　　　　　　　　　　　　　　　cbruck@rjpltd.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Viamedia, Inc.*

**CERTIFICATE OF SERVICE**

I, Richard J. Prendergast, an attorney of record in the above-captioned case, hereby certify that on December 11, 2020, I caused to be served a true and correct copy of Plaintiff's Motion for Leave to Seek Reconsideration of the Court's Minute Order Dated December 11, 2020, upon the following counsel via electronic means:

**Ross Benjamin Bricker**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
rbricker@jenner.com

**Arthur Burke**
**David B. Toscano**
Davis, Polk & Wardwell
450 Lexington Street
New York, NY 10017
(212) 450-4000
arthur.burke@dpw.com
david.toscano@davispolk.com

/s/ *Richard J. Prendergast*