**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| VIAMEDIA, INC., | ) | |
| Plaintiff, | ) ) ) | No. 16 C 5486 |
| v. | ) ) ) | Hon. Charles R. Norgle, Sr. |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMCAST'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF ITS MOTION TO EXTEND DEADLINES**

Defendants Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast"), by their attorneys, submit this reply in further support of their Motion to Extend Deadlines (Dkt. 419). If the Court considers the unauthorized opposition (Dkt. 423-1) that Viamedia submitted with its reply in support of its Motion for Leave to Seek Reconsideration (Dkt. 421), Comcast asks that the Court also consider this as Comcast's response.

Comcast's request for more time to complete fact discovery – which the Court anticipated and has already granted (Dkt. 420) – is not "laughable," as Viamedia contends. Viamedia Br. (Dkt. 423 at 2). To the contrary, it reflects a reasonable approach to managing the deadlines in this complex case, and in these unusual times. For the reasons discussed below, the Court was correct to extend all deadlines by seven months.

**Introduction**

All parties and the Court agree that more time is needed to complete fact discovery. The only issue is the proper duration of the extension.

Comcast requested that the Court extend the fact discovery deadline by seven months due to (1) the COVID pandemic; (2) the impact of Comcast's pending certiorari petition, with respect to which the U.S. Supreme Court has asked for the view of the Solicitor General; (3) the fact that discovery has proceeded slowly, including because of Viamedia's intransigence, prompting two pending discovery motions; (4) the complexity of third party discovery; and (5) other reasons. Dkt. 419. Comcast proposed that the phases of the case that follow fact discovery – expert discovery, summary judgment and other motion practice, and trial – be allowed the same time as the Court previously set. *Id.* ¶ 25. For example, the original schedule called for the parties to exchange opening expert reports four weeks after the close of fact discovery. Comcast's proposal maintained that period, as it did for all other phases of the case.

Viamedia agrees the parties need more time for fact discovery, which has been evident for months.[1] But Viamedia contends that two months is sufficient to complete fact discovery. While offering this extension with one hand, Viamedia takes it back with the other: Viamedia proposes compressing all of the other pre-trial phases the Court set by two months. For example, Viamedia would reduce the four-week period for initial expert reports to 14 days. Every other period would likewise be compressed. Whereas the prior schedule appropriately gave the parties and the Court five and one-half months to complete the tasks in this case after fact discovery,

---

[1] Viamedia is wrong to accuse Comcast of a "false" statement concerning when Comcast raised the need for a schedule extension with Viamedia. Dkt. 423-1 at 3 n.1. As we stated, Comcast raised this issue in October. Specifically, on October 16, 2020, Comcast warned Viamedia that "Viamedia's continued obstruction of discovery makes it virtually impossible that fact discovery can close by January 8, 2021." Dkt. 423-1 (Ex. 6) at 79. That prediction became a reality, as even Viamedia agrees that an extension of that prior deadline is necessary.

Viamedia now proposes the parties complete all of those tasks in two fewer months, without any justification whatsoever.

Comcast disagrees. The schedule for expert work and motion practice this Court previously set was appropriate. Viamedia's stealth effort to truncate the expert discovery and *Daubert* deadlines is especially telling. Expert proceedings will be critical, as it appears that Viamedia intends to rely heavily on expert opinions to attempt to prove its case. Comcast expects to have substantial and meritorious arguments against the new or renewed opinions that Viamedia's experts will disclose during expert discovery. As in the prior proceedings, there will be multiple rounds of expert reports, depositions, and *Daubert* challenges. In its August 18 order, this Court rejected Viamedia's request to compress these proceedings into an abbreviated period. Viamedia now proposes again to cut short the time for expert discovery and *Daubert* challenges to avoid a repeat of the outcome of the prior proceedings, which exposed Viamedia's expert opinions as unsupported and improper. Nothing has happened that would make it reasonable to change the Court's prior schedule and complete those tasks in less time than the Court previously ordered. To the contrary, everything suggests the parties will need seven additional months for fact discovery, and the steps that must take place after fact discovery should proceed as anticipated when this Court set the original schedule.

## Argument

### A. The Court Correctly Adopted Comcast's Proposed Schedule

Comcast starts with the Court's prior scheduling order. In setting the January 8, 2021 fact discovery deadline, the Court acknowledged "that modifications, extensions, or stays of deadlines may be necessary from time to time due to issues related to the COVID-19 pandemic

3

and Comcast's anticipated petition for a writ of certiorari in the Supreme Court." Dkt. 400. The issues the Court anticipated in its Order have materialized:

- COVID remains a feature of our daily lives, as Courthouses remain closed, client facilities and offices are shuttered, and travel is not recommended. Every aspect of discovery takes longer.
- Comcast's certiorari petition remains pending.

In the time since the Court adopted its initial proposed discovery schedule, other complications have arisen that support extending the completion of discovery, including:

- The Supreme Court has asked for the views of the Solicitor General (commonly referred to as a "CVSG Order") concerning Comcast's petition for a writ of certiorari. This order reflects that the petition has attracted the attention of the Supreme Court and that the United States Government will provide its views. Comcast nonetheless does not ask this Court for a stay. Instead, completing fact discovery in a reasonable fashion so that expert work may be completed with awareness of the Supreme Court's certiorari ruling is prudent.
- The parties have been unable to agree on the scope of discovery, prompting two pending motions. Viamedia does not dispute that rulings on those motions could shape discovery, including the depositions of both party and non-party witnesses.[2]

---

[2] Viamedia's suggestion that only six party depositions will be taken (Dkt. 423-1 at 2) is misleading at the very least. As Comcast explained, Comcast already intends to take at least six depositions of Viamedia witnesses, and is evaluating others. Dkt. 419, ¶ 23. Comcast also explained that it is evaluating whether additional Viamedia depositions will be required. *Id.* This evaluation has been impeded by Viamedia, including Viamedia's refusal to produce documents and its failure to identify potential witnesses, which are among the subjects of the pending discovery motions. We assume that Viamedia will also seek to depose Comcast witnesses. Depositions will also be necessary of at least some of the numerous non-parties that Viamedia has put at issue in this litigation. Comcast has noticed some non-party depositions, but contrary to Viamedia's statement (Dkt. 423-1 at 6), Comcast has no desire to proceed to those depositions before all relevant documents have been produced.

- Viamedia failed to produce even a single document until *the very hour* it filed its memorandum in opposition to Comcast's request for an extension. Viamedia does not claim that its production is complete, nor could it. Although Viamedia has agreed to produce documents from five custodians for a period of more than three years, Viamedia's production consists mostly of central files, along with only 66 documents from a single one of the agreed custodians. Both parties require more time to complete document productions.

- Comcast moved forward with discovery concerning those third parties Viamedia has newly put at issue. Often, third-party discovery follows productions by the parties because it is typically shaped by the scope of party discovery. Aware that third-party discovery takes time, Comcast nonetheless served third-party subpoenas even before Viamedia began to produce its own documents to mitigate the impact of Viamedia's delayed production. Viamedia faults Comcast for the breadth of that discovery, but Viamedia knows the third parties are beginning to comply.

This remains a complex case. Much is at stake. The proportional discovery principle in Rule 26 supports the discovery Comcast reasonably seeks. *See* Fed. R. Civ. P. 26(b)(1). Viamedia's reasons for rushing to complete fact discovery, which Comcast addressed in its motion (Dkt. 419 ¶¶ 12-24, 26), do not refute Comcast's request. For the reasons Comcast has presented, a seven-month fact discovery extension is proper.

### B. Compressing All Other Deadlines Is Not a Reasonable Option

Viamedia instead claims that Comcast's position, which the Court has already endorsed, is not only wrong, but "laughable." Viamedia proposes a two-month extension of fact discovery and a two-month compression of everything else so that the same outside deadline for pre-trial

5

proceedings does not change. Comcast sees no humor in this serious subject and objects to the implicit criticism of the Court for agreeing with Comcast's motion.

Viamedia presents no reason why the numerous pre-trial tasks that this Court previously ordered should take place over a five and one-half month period should now be compressed. In effect, not only is Viamedia seeking reconsideration of this Court's December 11 order, it is seeking reconsideration of this Court's August 18 order in which the Court set those deadlines in the first place. At that time, this Court rejected Viamedia's request for a compressed schedule as "unreasonable and impractical." Dkt. 400. Viamedia's proposed schedule is particularly impractical because many of the pre-trial tasks may have to be redone or may become moot depending on the Supreme Court's ruling on Comcast's certiorari petition. Comcast expects the Supreme Court to rule on Comcast's petition in or around June 2021. Viamedia's proposal to rush through all of the pre-trial steps before that date will result in inefficient, redundant efforts.

Viamedia's baseless assertion that Comcast seeks to use a reasonable discovery extension as "leverage" against its rival ignores that Viamedia is backed by private equity capital and third-party litigation funders. It is Viamedia, not Comcast, that seeks to use the antitrust laws as leverage to achieve a better result through litigation than it can get in a competitive marketplace.

Nothing has changed in this case – or in the world – that would justify *compressing* the case schedule as Viamedia proposes. To the contrary, Viamedia's proposal reflects its cynical tactic to short-circuit discovery to disadvantage Comcast in its ability to respond to Viamedia's claims.

WHEREFORE, Comcast respectfully requests that the Court deny Viamedia's motion for reconsideration and leave in place its Order extending the fact discovery deadlines by seven months.

Dated: December 23, 2020 Respectfully submitted,

        COMCAST CORPORATION AND
        COMCAST CABLE COMMUNICATIONS
        MANAGEMENT, LLC

        /s/ *Ross B. Bricker*
        Ross B. Bricker
        Michael T. Brody
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL 60654-3456
        Tel: (312) 222-9350
        Fax: (312) 527-0484
        rbricker@jenner.com
        mbrody@jenner.com

        Arthur J. Burke (pro hac vice)
        David B. Toscano (pro hac vice)
        Christopher P. Lynch (pro hac vice)
        DAVIS POLK & WARDWELL LLP
        450 Lexington Avenue
        New York, New York 10017
        Tel: (212) 450-4000
        Fax: (212) 701-5800
        Arthur.Burke@davispolk.com
        David.Toscano@davispolk.com
        Christopher.Lynch@davispolk.com

        *Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I, Ross B. Bricker, an attorney, certify that on December 23, 2020, I caused **Comcast's Reply Memorandum in Further Support of its Motion to Extend Deadlines** to be served on all counsel of record by means of the Court's ECF system.

/s/ *Ross B. Bricker*