IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | No. 16 C 5486 <br><br> Honorable Charles R. Norgle, Sr. <br> Honorable Sheila M. Finnegan |

### PLAINTIFF'S STATUS REPORT

Pursuant to the Court's Minute Order dated April 14, 2021, ECF No. 429, Plaintiff Viamedia, Inc. ("Viamedia") submits the following status report in advance of the telephonic status hearing to be held on April 23, 2021.

### CASE BACKGROUND AND STATUS OF DISCOVERY

This is a long-running antitrust case, which will enter its sixth year of existence next month. Viamedia pursues monopolization claims against defendants Comcast Corporation and Comcast Cable Communications Management, LLC (collectively "Comcast") based on unlawful refusal to deal and unlawful tying. Comcast and Viamedia compete in many geographic areas to represent cable television distributors in the sale of their commercial time to advertisers. Comcast is a $250 billion company that also is the largest cable distributor in the United States. Because of its dominant market power as a cable distributor, Comcast controls access to joint-advertising-sales arrangements called "interconnects" in dozens of metropolitan areas across the United States. Viamedia, Comcast's much smaller competitor in the market for ad representation services, claims that Comcast has unlawfully used its monopoly power over

interconnects to restrict and foreclose competition in the market for ad representation services, which has caused significant harm to Viamedia's business.

In 2016, this Court dismissed the refusal-to-deal claim prior to the commencement of discovery and permitted the tying claim to proceed. *See* ECF No. 36; *see also* ECF No. 60. The parties then conducted nearly one year of extensive fact discovery. That discovery encompassed all of the facts relevant to the tying claim and Comcast's refusals to deal with Viamedia in the Chicago, Detroit, and Hartford metropolitan areas, including Comcast's asserted justifications for that conduct. *See*, *e.g.*, ECF No. 407 at 4-6. Comcast's discovery efforts left no stone unturned. It served 87 document requests, 24 interrogatories, 167 requests for admission, and 29 non-party subpoenas. More than one million documents were produced, and the parties took 36 fact depositions.

In 2018, following the exchange of eight expert reports and an additional two and one-half months of expert discovery, this Court granted Comcast summary judgment on the tying claim. ECF No. 356. On February 24, 2020, the Seventh Circuit reversed this Court's rulings on both the refusal-to-deal and tying claims and remanded this case "for any further *necessary* discovery and for trial." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 435 (7th Cir. 2020) (emphasis added). Just over one year ago, on April 15, 2020, the Court of Appeals returned the mandate to this Court. ECF Nos. 390-393.

On September 4, 2020, Comcast petitioned the United States Supreme Court for a writ of certiorari to review the Court of Appeals' decision in this case. *See Comcast Corp. v. Viamedia, Inc.*, No. 20-319. On December 7, 2020, after Comcast's petition was fully briefed, the Supreme Court issued an order inviting the Acting Solicitor General to file a brief expressing the views of

the United States on the petition (the "CVSG"). The Acting Solicitor General is likely to file its brief in time for the Court to rule on the petition before the end of the term in June 2021.

On August 18, 2020, this Court entered a scheduling order that afforded approximately five months for further fact discovery and set other pretrial deadlines, up to and including a deadline for filing summary judgment motions. *See* ECF No. 400. On December 11, 2020, at Comcast's request, this Court extended all case deadlines by seven months. ECF No. 420. Accordingly, remand fact discovery is scheduled to last one year and close on August 9, 2021. *Id*. Thus far, remand fact discovery has been just as exhaustive as the first discovery period: Comcast has served 51 additional document requests, 6 additional interrogatories, 4 additional requests for admission, and (belatedly) 9 additional non-party subpoenas.[1] The parties have produced more than 360,000 additional documents. More than 80% of those documents were produced by Viamedia. The parties' document productions are substantially complete.

## PENDING DISCOVERY MOTIONS

Two discovery motions are currently pending before the Court. The first is Viamedia's motion for a protective order (ECF No. 401), which requests the Court limit remand discovery to: (1) "Viamedia's refusal-to-deal claim with respect to [metropolitan areas] other than Chicago, Detroit, and Hartford," and (2) "any damages that Viamedia may seek beyond those Viamedia previously disclosed." *Id.* at 10. The second is Comcast's motion to compel (ECF No. 412), which seeks (1) a further response to an interrogatory asking Viamedia to identify persons with knowledge of allegedly unlawful refusals to deal and Viamedia's alleged damages; (2) an order precluding Viamedia from further supplementing its response to an interrogatory seeking

---

[1] Comcast did not begin serving non-party subpoenas on remand until December 2020, four months into the discovery period.

identification of refusals underlying Viamedia's refusal-to-deal theory of liability; and (3) an order requiring Viamedia to conduct additional searches for documents from the 2011 to 2016 period or, alternatively, to represent that its prior document productions constitute a "complete response" to Comcast's document requests as to that period.

The parties agree that it would be most efficient to resolve both motions before proceeding to further fact depositions to ensure that that the scope of permitted questioning is clear and that no witnesses need to be re-deposed. Viamedia respectfully submits that the Court should prioritize deciding Viamedia's motion for a protective order because resolution of that motion is likely to have a more significant impact on discovery moving forward than resolution of Comcast's motion to compel. The motion for a protective order seeks to put reasonable guardrails on *all* discovery, including depositions and non-party discovery, whereas Comcast's motion pertains to three narrower disputes about the sufficiency of Viamedia's discovery responses. Accordingly, for example, resolution of the motion for a protective order could impact the topics identified in Rule 30(b)(6) deposition notices and the scope of the burdens Comcast can attempt to impose on non-party subpoena recipients.

Moreover, ruling for Comcast on either pending motion could impose significant discovery costs on Viamedia. Namely, denying Viamedia's motion, and/or granting the third item in Comcast's motion, may require Viamedia to conduct additional document searches, all of which would be duplicative of searches Viamedia already conducted during the prior round of discovery. They would be searches of the same files from the same time period for the same types of documents. Such searches would nevertheless require Viamedia to expend significant resources in the form of discovery vendor fees and employee and attorney time.

**PROPOSED CASE SCHEDULE**

Viamedia submits that the current case schedule (below) should continue to govern, and that there is no "good cause" to extend the current schedule. Fed. R. Civ. P. 16(b)(4).

| Event | Current Deadline |
|---|---|
| Close of Fact Discovery | August 9, 2021 |
| Burden of Proof Expert Reports | September 7, 2021 |
| Rebuttal Expert Reports | November 2, 2021 |
| Close of Expert Discovery | November 30, 2021 |
| *Daubert* Motions | December 28, 2021 |
| Summary Judgment Motions | January 25, 2022 |

This schedule provides ample time to complete all "necessary discovery" and prepare this case "for trial." *Viamedia*, 951 F.3d at 435. Comcast has indicated that it intends to take 5-6 additional depositions, *see* ECF No. 419 at 8, and Viamedia intends to take 1-2 additional depositions. During the prior round of discovery, the parties took 18 fact depositions in a single month, and Comcast's counsel agreed to schedule depositions "7 days following the . . . completion of [Viamedia's document] production." ECF No. 423-1 at PageID.18831. Accordingly, with document productions substantially complete and with nearly four months remaining in the current fact discovery period, there should be more than enough time to complete the fewer than ten depositions the parties anticipate taking.

As of this coming August, the parties will have conducted two years of frequently excessive fact discovery in this case. Any further delay in completing fact discovery and moving this case forward to trial would allow Comcast to impose unnecessary and disproportionate discovery burdens on Viamedia and would prejudice Viamedia's interest in "secur[ing] the just, speedy, and inexpensive determination" of its claims. Fed. R. Civ. P. 1.

Dated: April 21, 2021                             Respectfully submitted,

/s/ *Richard J. Prendergast*
James M. Webster, III (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Kenneth M. Fetterman (*pro hac vice*)
Derek T. Ho (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
jwebster@kellogghansen.com
apanner@kellogghansen.com
kfetterman@kellogghansen.com
dho@kellogghansen.com


Richard J. Prendergast
Michael T. Layden
Collin M. Bruck
**RICHARD J. PRENDERGAST, LTD.**
111 W. Washington Street, Suite 1100
Chicago, Illinois 60602
(312) 641-0881
rprendergast@rjpltd.com
mlayden@rjpltd.com
cbruck@rjpltd.com

*Counsel for Plaintiff Viamedia, Inc.*

## **CERTIFICATE OF SERVICE**

I, Richard J. Prendergast, an attorney of record in the above-captioned case, hereby certify that on April 21, 2021, I caused to be served a true and correct copy of Plaintiff's Status Report upon the following counsel via electronic means:

**Ross Benjamin Bricker**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
rbricker@jenner.com

**Arthur Burke**
**David B. Toscano**
Davis, Polk & Wardwell
450 Lexington Street
New York, NY 10017
(212) 450-4000
arthur.burke@dpw.com
david.toscano@davispolk.com

/s/ *Richard J. Prendergast*