IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., <br>    Plaintiff, <br> <br> v. <br> <br> COMCAST CORPORATION and <br> COMCAST CABLE COMMUNICATIONS <br> MANAGEMENT, LLC, <br>    Defendants. | No. 16 C 5486 <br> <br> Hon. Charles R. Norgle, Sr. <br> <br> Hon. Sheila M. Finnegan, <br> Magistrate Judge |

## COMCAST'S STATUS REPORT

Defendants ("Comcast") respectfully submit this status report pursuant to the Court's Order requesting status reports before an April 23, 2021 status conference. Dkt. 429.

Plaintiff Viamedia seeks over $500 million in damages from Comcast based upon two antitrust claims: (1) a unilateral "refusal-to-deal" claim and (2) a "tying" claim. This Court, by then-District Judge St. Eve, dismissed the refusal-to-deal claim on the pleadings and it was never the subject of discovery. Following discovery, the Court granted Comcast's motion for summary judgment on the tying claim. The Seventh Circuit reversed both rulings. *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429 (7th Cir. 2020). The Supreme Court is now considering Comcast's certiorari petition relating to that decision and has asked for the views of the Solicitor General.

On remand, Comcast seeks full discovery on the refusal-to-deal claim. Viamedia takes the position, however, that discovery should be severely truncated as to subject matter, time period, and geography. Judge Norgle has already rejected efforts by Viamedia to short-circuit the proper discovery process. The Court should do so again. As set forth below, Comcast asks that the Court (1) grant Comcast's motion to compel discovery, (2) deny Viamedia's motion for a protective order, and (3) extend the discovery schedule to ensure a complete record.

**Factual Background**

Viamedia and Comcast are competing "ad representatives," which buy ad time from cable companies for resale to advertisers. In 2003, Comcast agreed with Viamedia to buy some of the ad time that Viamedia acquired from cable companies in Chicago and Detroit and resell it along with ad time from other cable systems. In 2011, Comcast told Viamedia that it would allow this contract to expire and declined to renew it. Years later, in 2016, Viamedia's two customers in Chicago and Detroit both switched to Comcast after concluding that Comcast offered superior terms. Instead of competing harder for their business, Viamedia responded with this lawsuit, which is backed by Viamedia's private equity owner and a litigation financier.

Viamedia's refusal-to-deal claim asserts that it was illegal for Comcast not to help Viamedia compete against Comcast by buying ad time from Viamedia. Viamedia argues that the antitrust laws obligated Comcast to renew the parties' 2003 contract in Chicago and Detroit in perpetuity instead of letting it expire by its terms. Then-District Judge St. Eve dismissed this claim before discovery (Dkt. 36, 60), but it was reinstated on appeal. On remand, Viamedia newly asserts that this claim includes additional geographic areas where, it contends, Comcast had an antitrust duty to help it. Through this lawsuit, Viamedia seeks to make the parties' 2003 contract covering the Chicago and Detroit areas perpetual and extend it across the country.

**Procedural History on Remand**

Before appeal, Viamedia claimed $500 million in damages on the tying claim. Viamedia now intends to assert additional damages that it has not quantified. On remand, despite the size of the case and the COVID pandemic, Viamedia proposed that fact discovery on its refusal-to-deal claim and new damages should be limited to *just one month*. The Court rejected Viamedia's position as "unreasonable and impractical" and adopted Comcast's proposed schedule. Dkt. 400.

2

In December 2020, Comcast moved to extend the case schedule because Viamedia had not even started producing documents and the parties had pending discovery disputes that would affect the scope of discovery. Dkt. 419. The Court granted Comcast's motion. Dkt. 420.

## Status Report

***Cert. Petition.*** Comcast has petitioned the Supreme Court to review the Seventh Circuit's decision. On December 7, 2020, the Supreme Court called for the views of the U.S. Solicitor General. Such requests are rare and suggest the Court is seriously considering granting the petition. Comcast expects the Solicitor General to respond by May 2021 and the Supreme Court to rule on Comcast's petition by June 2021. If the petition is granted, the Supreme Court's decision may lead to reinstatement of the judgment for Comcast without the need for further proceedings or may fundamentally change the nature and scope of discovery.

***Status of Discovery.*** The parties agree that remand discovery is required into both Viamedia's refusal-to-deal claim and its purported new damages. The parties have engaged in document discovery on remand, and there are two pending discovery motions. On March 1, 2021, Comcast substantially completed its production. Viamedia asserts that it substantially completed its production on March 31, 2021. Comcast disagrees, including because Viamedia has refused to produce documents within the scope of the pending motions. The parties have agreed not to commence depositions given the pending disputes about the scope of discovery.

In December 2020, Comcast served subpoenas on cable companies that Viamedia contends are relevant and on Viamedia's private equity owner, Lake Capital. Comcast anticipates deposing third parties after Viamedia has fully produced relevant documents. Lake Capital (also represented by Viamedia's counsel) objected to the scope of Comcast's subpoena and did not produce *any documents* until the evening of the deadline for this status report.

***Discovery Disputes.*** There are two fully briefed discovery motions. *First*, Comcast's motion to compel (Dkt. 410) seeks an order compelling Viamedia (1) to identify individuals with knowledge related to its refusal-to-deal claim; (2) to identify all the third-party cable companies and geographic areas relevant to that claim (or preclude Viamedia from asserting that Comcast unlawfully refused to deal with it beyond those areas identified in an interrogatory response); and (3) to produce documents from before 2016 in response to Comcast's remand document requests. Comcast seeks discovery that is fundamental to the case.

The Court should grant Comcast's motion. Viamedia has repeatedly suggested that it will seek to expand its refusal-to-deal claim to encompass even more time periods and geographic areas. Viamedia purports to reserve the right to do so even after the end of fact discovery. The Court should reject Viamedia's attempt to force Comcast to defend itself against a moving target and order Viamedia to specify the scope of its claim and identify potential witnesses. In addition, although Viamedia asserts that Comcast unlawfully refused to deal with it from 2011 through 2016, Viamedia refuses to produce pre-2016 documents, asserting that its pre-remand document production is enough. But until remand, Comcast did not serve *any* discovery requests related to the refusal-to-deal claim, which Judge St. Eve dismissed at the pleading stage prior to discovery. The purported refusals to deal took place at *different times* and included *different cities* than the alleged tying. Viamedia's prior production is insufficient for those reasons and others, as shown in Comcast's motion.

*Second*, Viamedia's motion (Dkt. 401) seeks an order forbidding Comcast from taking discovery into its refusal-to-deal claim in Chicago, Detroit, and Hartford, Connecticut, on the ground that those geographic areas were also relevant to its tying claim, which was the subject of prior discovery. But, as noted, the purported refusals to deal took place at different times than

4

the alleged tying, and were never the subject of discovery requests. The Court should deny Viamedia's motion and order it to produce documents about these geographic areas that are central to Viamedia's refusal-to-deal claim.

The parties have other disagreements about discovery, which have been the subject of meet-and-confer calls and correspondence. Comcast believes that rulings on the pending motions will provide guidance to the parties that may limit the need for further motion practice.[1]

### Proposed Discovery Schedule

The Court should extend the current case schedule. If Comcast prevails on the pending motions, Viamedia will require additional time to complete its production and discovery responses. But in any event, the uncertainty about the scope of discovery caused by Viamedia has delayed depositions of parties and third parties. Comcast also believes that it would be efficient to defer depositions until after the Supreme Court decides Comcast's certiorari petition, which may fundamentally change the nature of this case. Accordingly, Comcast proposes the following case schedule, which extends all deadlines by approximately 2.5 months:

| | |
|---|---|
| **Beginning of Deposition Discovery** | July 12, 2021 |
| **Close of Fact Discovery** | October 22, 2021 |
| **Burden of Proof Expert Reports** | November 19, 2021 |
| **Rebuttal Expert Reports** | January 14, 2022 |
| **Close of Expert Discovery** | February 11, 2022 |
| ***Daubert* Motions** | March 11, 2022 |
| **Summary Judgment Motions** | April 8, 2022 |

---

[1] The Court invited the parties to "suggest[] prioritization of pending motions." Dkt. 429. Comcast believes that the issues in the two pending discovery motions (Dkt. 401, 410) are intertwined and should be decided together. The only other pending motion is Viamedia's motion (Dkt. 421) for reconsideration of the Court's December 11, 2020 Order modifying the case schedule. Comcast believes this motion is moot and we understand that Viamedia agrees.

Dated: April 21, 2021            Respectfully submitted,

                                             COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

/s/ *Ross B. Bricker*
Michael T. Brody
Ross B. Bricker
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
mbrody@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I, Ross B. Bricker, an attorney, certify that on April 21, 2021, I caused **Comcast's Status Report** to be served on all counsel of record by means of the Court's ECF system.

/s/ *Ross B. Bricker*