# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., ) | |
| Plaintiff, ) | |
| ) | No. 16 C 5486 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| COMCAST CORPORATION and ) | |
| COMCAST CABLE COMMUNICATIONS ) | Hon. Sheila M. Finnegan |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO VACATE EXISTING DISCOVERY SCHEDULE AND TO HOLD A STATUS CONFERENCE TO SET A NEW DISCOVERY SCHEDULE

As the Court is aware from the parties' initial appearance before the Court, there are two significant discovery motions awaiting ruling. Guidance from the resolution of those motions is central to the parties' completion of document discovery, party and non-party depositions, expert reports, and trial preparation. Under the current scheduling order, fact discovery is to close on October 22, 2021, less than nine weeks from today, followed by the disclosure of expert reports beginning on November 19, 2021. Dkt. 436. Realistically, the parties will not be able to complete discovery by the dates set forth in the prior schedule due to the uncertain scope of permissible discovery and the volume of additional work that will be necessary.

Accordingly, defendants Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast"), respectfully move the Court for the entry of an Order vacating the current discovery schedule and, in its place holding a status conference shortly after the Court decides the pending discovery motions. At that time, the Court and the parties can address the discovery tasks that needs to be completed in light of the Court's rulings and set a schedule for the completion of that discovery and any other pre-trial deadlines.

Through counsel, Comcast conferred with Viamedia and requested that Viamedia join this motion. By email on August 23, 2021, Viamedia advised Comcast that it intends to oppose vacating the discovery schedule and asked Comcast to state Viamedia's position in this motion.

**Background**

In this antitrust case, Plaintiff Viamedia seeks over $500 million of damages based upon a unilateral "refusal-to-deal" claim and a "tying" claim. This Court, by then-District Judge St. Eve, dismissed the refusal-to-deal claim on the pleadings. Dkt. 36, 60. That claim was never the subject of discovery. Following discovery on the tying claim, the Court granted Comcast's motion for summary judgment on that claim. Dkt. 356. The Seventh Circuit reversed both rulings. *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429 (7th Cir. 2020). The United States Supreme Court declined to review the case.

Since remand, the parties have been engaged in discovery on the refusal-to-deal claim. Although the parties made substantial progress in discovery and were able to resolve other disputes, there are two critical, pending discovery motions. Comcast moved to compel Viamedia to produce documents from before 2016 in response to Comcast's remand document requests. Comcast also asked the Court to order Viamedia to identify individuals with knowledge related to its refusal-to-deal claim and to identify third-party cable companies and geographic areas relevant to that claim. *See* Dkt. 410. Viamedia filed its own discovery motion. It seeks an order for prohibiting Comcast from taking discovery into its refusal-to-deal claim in Chicago, Detroit, and Hartford, geographic areas that were relevant to its tying claim. *See* Dkt. 401.[1]

---

[1] Comcast has also recently filed a motion to require Viamedia to submit a privilege log identifying documents it withheld from its post-remand discovery. Dkt. 444. The Court set a briefing schedule on that motion. Dkt. 446.

While the parties have moved forward with written and document discovery, they have not conducted deposition discovery. Viamedia recently advised this Court "[t]he parties agree that it would be most efficient to resolve both motions before proceeding to further fact depositions to ensure that the scope of permitted questioning is clear and that no witnesses need to be re-deposed." Dkt. 432 at 4. In addition, the nature and extent of additional expert work may depend in part on resolution of the pending motions to compel.

The district court recently referred the pending discovery motions to this Court for resolution. This Court set a pretrial schedule in a minute order entered on April 23, 2021. Dkt. 436. Among other things, the Court ordered that fact discovery is to close on October 22, 2021 and opening expert reports are due on November 19, 2021. *Id*. The decision on the pending motions will give the parties necessary guidance on the scope of additional document discovery, the nature and breadth of depositions, expert analyses and discovery, and other related pre-trial matters   Accordingly, Comcast believes that the discovery schedule should be modified.

**Request for Relief**

What the parties advised the Court prior to the Court's recent status conference remains true today. Resolution of the two pending discovery motions is necessary to allow for the efficient conclusion of discovery in this case, including such additional depositions as will be needed to prepare the case for trial. Additional discovery is particularly important to obtain information necessary for the completion of expert work. While Viamedia served a Rule 30(b)(6) deposition notice upon Comcast on August 6, 2021, and Comcast is prepared to do the same upon Viamedia, the scope of deposition discovery, including representative depositions taken pursuant to Rule 30(b)(6), will be defined by the Court's resolution of the pending motions.

Even if the Court were to rule on the pending motions today, the parties will still need additional time to serve any additional discovery requests in light of the Court's ruling, comply with the ruling as to outstanding requests and any new requests, conduct party and non-party deposition discovery, and prepare for expert discovery. At this time, Comcast cannot reasonably estimate the amount of time needed to complete those tasks as the Court's rulings will define the nature of any additional discovery in this case.

Rather than enter a new discovery schedule, which may be too long or too short depending on the Court's rulings, and no doubt result in additional motion practice, Comcast believes the most sensible approach is for the Court to vacate the pending discovery schedule (Dkt. 436) and schedule a status conference with counsel for the parties promptly after the Court's ruling on the pending motions. At that status conference, the parties and the Court can address the specifics of, and time needed, for additional discovery. With the parties' input informed by the Court's rulings, the Court will be able to set an appropriate schedule for completing discovery. Counsel for Comcast are willing to attend any such discovery conference on short notice, in person or by video, as the Court directs.

WHEREFORE, Comcast respectfully requests that the Court vacate its discovery schedule and hold a status conference shortly after the Court rules on the pending motions to set a schedule for the remaining pre-trial steps in this case.

| | |
|---|---|
| Dated: August 23, 2021 | Respectfully submitted, |

                                              COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

/s/ *Ross B. Bricker*
Ross B. Bricker
Michael T. Brody
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
mbrody@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

**CERTIFICATE OF SERVICE**

I, Ross B. Bricker, an attorney, certify that on August 23, 2021, I caused the foregoing **Comcast's Motion to Vacate Existing Discovery Schedule and to Hold a Status Conference to Set a New Discovery Schedule** to be served on all counsel of record listed via the Court's ECF system.

                                              */s/* Ross B. Bricker