IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., <br>     Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION and <br> COMCAST CABLE COMMUNICATIONS <br> MANAGEMENT, LLC, <br>     Defendants. | No. 16 C 5486 <br><br> Hon. Charles R. Norgle, Sr. <br><br> Hon. Sheila M. Finnegan, <br> Magistrate Judge |

**COMCAST'S REPLY IN SUPPORT OF ITS MOTION (1) TO COMPEL VIAMEDIA TO SERVE A PRIVILEGE LOG AND (2) TO AMEND THE ESI ORDER**

Viamedia's opposition is yet another example of Viamedia taking unreasonably narrow positions about its discovery obligations, even as Viamedia seeks dramatically to expand the scope of this case (including its purported damages) on remand.

Viamedia fails to provide a single substantive reason why it should not serve a proper privilege log. Viamedia does not deny that a log is necessary for Comcast to evaluate Viamedia's privilege assertions. Nor does Viamedia deny that it improperly redacted documents sent to a third party, underscoring the need for a log to evaluate Viamedia's privilege assertions. And Viamedia does not even assert that it would be burdensome for it to prepare a full log. Instead, Viamedia's opposition rests entirely on a formalistic reading of an order entered nearly five years ago, when the parties could not have anticipated the substantial post-complaint productions that have now been exchanged.

Doubtless aware of the weakness of Viamedia's position, Viamedia's counsel recently told the Court that he expected the parties to resolve Comcast's motion. Ex. C at 19:10-11. But contrary to that representation by Viamedia's counsel, Viamedia instead filed its opposition

rather than attempt to resolve the dispute with Comcast. Viamedia maintains that its offer to provide a privilege log limited to documents generated prior to the filing of the suit resolves the dispute. It does not. As demonstrated below and in Comcast's opening brief, there is no legitimate basis for Viamedia's resistance to producing a privilege log for post-suit documents withheld from its remand production, and the Court should grant Comcast's motion.

## ARGUMENT

Viamedia's opposition ("Opp.") confirms that its sole argument for refusing to provide a full privilege log is that, in January 2017, the parties agreed not to log documents created after Viamedia filed its original complaint in May 2016. Now, similar to its positions on the other post-remand discovery motions, Viamedia asks the Court to disregard how circumstances have changed in this case in the nearly five years since the initial phase of discovery commenced. In January 2017, the parties could not have reasonably expected that: (1) after discovery and summary judgment in favor of Comcast, the Seventh Circuit would reverse and remand for further discovery; (2) on remand, Viamedia would substantially expand the size of its case to encompass new claims, new issues, new geographic areas, and new time periods that were not previously at issue in discovery; and (3) the parties would make substantial productions of additional documents dated many years after the complaint was filed. Yet all of those things have happened. Because of these twists and turns in this litigation, the ESI Order from five years ago should be amended to align with the scope that document discovery has taken on remand.

Nowhere does Viamedia's opposition acknowledge that on remand Viamedia has objected to producing documents from before mid-2016, forcing Comcast to move to compel a production of documents from the pre-complaint time period. Dkt. 410 at 8-10. Consistent with Viamedia's position, the vast majority of its remand production consists of documents dated

2

*after* the complaint was filed in May 2016. Mot. 3. Yet Viamedia seeks to withhold documents from that time period without logging a single one, leaving Comcast utterly in the dark about Viamedia's privilege claims. Viamedia does not argue – and could not argue with a straight face – that the parties would have agreed to a May 23, 2016 privilege log cutoff if they had known Viamedia's remand document production would be focused on the post-complaint time period. The Court should exercise its authority to align the privilege log requirement to the current reality of this case.[1]

Viamedia's opposition falsely argues that Comcast misstated Viamedia's position, claiming that Viamedia supposedly "made clear that it would prepare a privilege log for [its remand] production that complies with the Agreed ESI Order." Opp. 1. If any party is misleading the Court, it is Viamedia, which seeks to distract from its position that it should not have to produce a privilege log for the vast majority of its post-remand production. Comcast contemporaneously documented Viamedia's refusal to produce any privilege log *at all*.[2] Viamedia never denied this was its position until opposing Comcast's motion.

Viamedia's other contentions are makeweights that should be rejected. First, Viamedia argues that it is "common" to eliminate the requirement to log post-complaint privileged communications with litigation counsel. Opp. 6. But as Comcast's motion explained (Mot. 3 n.1), Comcast does not seek to modify the provision of the ESI Order pertaining to communications between the parties and their outside litigation counsel. To be clear, Comcast is

---

[1] This situation is starkly different from Viamedia's attempt "[e]arly in discovery" to re-trade a list of document custodians agreed to only weeks before. Opp. 7. Instead, changed circumstances have created the need to alter slightly a procedural order entered years ago.

[2] As described in Comcast's motion, Comcast has been asking Viamedia for a privilege log since March 2021. Mot. 4. Following extensive efforts to meet and confer with Viamedia, undersigned counsel wrote to Viamedia on June 24, 2021 that "Viamedia . . . takes the remarkable position that it should have to produce no privilege log at all." Ex. D at 2.

3

not seeking a log of Viamedia's post-complaint communications with its counsel of record. To the extent that Viamedia argues that other withheld, post-complaint documents generally should not be logged, that position should be rejected in this case where its sizable remand production consists almost entirely of post-complaint documents.[3]

Second, Viamedia appears to suggest that it has a reliance interest in the terms of the original ESI Order. Opp. 6-7. In support of this contention, Viamedia cites only cases involving the confidential treatment of produced documents, a question involving reliance interests not present here. Viamedia does not – and presumably cannot – articulate any way in which it relied to its detriment on its position that it should not have to prepare a full privilege log. Tellingly, Viamedia does not even assert that it would be burdensome for Viamedia to prepare the log.

Third, Viamedia argues that even if Comcast can show "good cause" to modify the ESI Order, the Court should not do so unless a "manifest error of law or fact" was made in January 2017 or there is "newly discovered evidence." Opp. 8. Viamedia's position is baseless. It is well-established that this Court has the authority to modify for good cause orders entered pursuant to Rule 26(c) (as the ESI Order was, *see* Dkt. 55 at 1). *See*, *e.g.*, *Kyles v. J.K. Guardian Security Services*, 2006 WL 2349238, at *4 (N.D. Ill. 2006) ("Just as good cause is required for issuance of a protective order under Rule 26(c), so too must good cause be shown before it can be vacated."); *Superior Graphite Co. v. Timcal SA*, 2006 WL 8459743, at *1 (N.D. Ill. 2006);

---

[3] The only documents at issue in *Netbula, LLC v. Chordiant Software, Inc.*, 2009 WL 3919495 (N.D. Cal. Nov. 18, 2009), were "communications with [defendant's] attorneys that post-date the filing of the . . . action." *Id.* at *3. *Netbula* thus does not stand for the principle that other documents withheld for privilege and/or work product should not be included on a privilege log. *Stern v. O'Quinn*, 253 F.R.D. 663 (S.D. Fla. 2008) followed a "policy decision" made by the Southern District of Florida as reflected in that court's distinctive local rules. *Id.* at 689. *United States v. Cinergy Corp.*, 2008 WL 5424007, at *4 (S.D. Ind. Dec. 30, 2008), involved a dispute over whether a party had waived work-product protection by complying with an agreement as to the scope of privilege logs, not whether the parties' agreement should be modified in light of changed circumstances.

4

*Smartsignal Corp. v. Expert Microsystems, Inc.*, 2006 WL 1343647, at *2 (N.D. Ill. 2006). And the ESI Order itself contemplates that it can be modified. *See* Dkt. 55, ¶ 9 ("This Order shall be subject to modification by the Court on its own initiative or on motion of a party.").

Finally, Viamedia argues that the motion should be denied on the ground that it is untimely. Opp. 9. But this too is meritless. As recently as March 2021, Viamedia appeared to take the expected position that the parties should exchange privilege logs. *See* Mot. 4. Viamedia apparently changed its mind in May 2021, and the parties reached an impasse on the subject of this motion the following month. *See id.*; Ex. D at 2. By the time this dispute had ripened, Comcast had told the Court (during the April 23, 2021 conference) that it believed that resolution of other discovery motions would "likely inform and hopefully help resolve any other pending discovery disputes." Ex. E at 7:16-17.[4] Comcast hoped to avoid burdening the Court with another motion. Nonetheless, Comcast concluded in August 2021 that it was appropriate to seek relief on this discrete issue. Tellingly, Viamedia does not assert that it was prejudiced by the timing of Comcast's motion.[5]

## CONCLUSION

Comcast's motion to compel Viamedia to serve a privilege log and for the Court to amend the ESI Order should be granted.

---

[4] Viamedia complains that Comcast is attempting to "bleed out its smaller rival" (Opp. 2) through prolonged discovery, but it is readily apparent from the record that it is Viamedia's persistent pattern of unreasonable positions and delaying tactics that are responsible for any discovery delays.

[5] Comcast has served a privilege log for Comcast's remand production of pre-complaint documents, and is prepared to serve a full privilege log promptly after Comcast's motion is granted.

Dated: September 10, 2021          Respectfully submitted,

                                         COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

/s/ Ross B. Bricker
Ross B. Bricker
Michael T. Brody
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
mbrody@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast
Corporation and Comcast Cable
Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

      I, Ross B. Bricker, an attorney, certify that on September 10, 2021, I caused the foregoing **Comcast's Reply in Support of Its Motion (1) To Compel Viamedia To Serve a Privilege Log and (2) To Amend the ESI Order** to be served on all counsel of record listed via the Court's ECF system.

                                                      /s/ Ross B. Bricker