**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VIAMEDIA, INC., | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 C 5486 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle, Sr. |
| | ) | |
| COMCAST CORPORATION and | ) | Hon. Sheila M. Finnegan, |
| COMCAST CABLE COMMUNICATIONS | ) | Magistrate Judge |
| MANAGEMENT, LLC, | ) | |
| Defendants. | ) | |

**COMCAST'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO VIAMEDIA'S MOTION FOR PROTECTIVE ORDER**

Defendants ("Comcast") respectfully submit this supplemental memorandum in opposition to Viamedia's motion (Dkt. 401) for a protective order.

As the Court is aware, Viamedia's motion seeks to bar discovery on its refusal-to-deal claim (which was dismissed before discovery, in a ruling later reversed on appeal) except for geographic areas other than Chicago, Detroit, and Hartford and additional damages beyond those that Viamedia previously claimed. Party depositions have now commenced, as directed by the Court at the August 27, 2021 hearing. At the first deposition of a Viamedia witness, Viamedia instructed the witness not to answer numerous questions, purportedly on the basis of its pending protective order motion. Viamedia gave these instructions even as to issues that were never the subject of prior discovery and that Comcast believes would be appropriate even if Viamedia's motion were granted. This confirms that Viamedia's motion seeks to confine discovery in a manner that is not only unsupportable, but impractical—especially in the context of depositions—and will not streamline discovery but instead generate further disputes. Accordingly, Viamedia's motion should be denied.

**ARGUMENT**

At the August 27, 2021 hearing, the Court ruled that depositions of party witnesses should commence, notwithstanding the parties' pending discovery motions, on the understanding that witnesses could be re-deposed based on the Court's later decision on those motions. Dkt. 452; *see* Ex. C at 12:15-13:1. Comcast was willing to proceed, but advised the Court that because of the lack of "a clean, clear line between the geographies" at issue, there was a likelihood of "very contentious deposition[s] where people are going to be instructed not to answer questions" leading to "discovery disputes." Ex. C at 13:2-14.

The first deposition taken pursuant to the Court's ruling confirms Comcast's concern. At that deposition—taken on September 24, 2021 of Anita James, Viamedia's Vice President of Financial Planning and Analysis—Viamedia repeatedly instructed Ms. James not to answer Comcast's questions, citing Viamedia's pending protective order motion. As the examples below show, these instructions were unjustified.

*First*, Viamedia blocked questions regarding new damage claims that it never asserted until after the Seventh Circuit's remand. As background, Viamedia now asserts damages in numerous geographic areas and involving numerous cable companies that were not part of its pre-remand damages report. According to Viamedia, ███████████████████████

████████████████████████████████████████

█████████████. Ex. D at App'x A (Viamedia interrogatory response regarding damages).[1]

In other words, Viamedia is claiming that Comcast's conduct in Chicago, Detroit, and Hartford

---

[1] Although some of the purported damages identified in this interrogatory response appear to correspond to damages that Viamedia asserted pre-remand, most do not, including many of the damages allegedly caused in part by Comcast's conduct in Chicago, Detroit, and Hartford.

contributed, in part, to damages in *other* geographic areas; essentially, Viamedia is asserting

claims for consequential damages.

Comcast accordingly asked Ms. James about the factual basis, if any, for Viamedia's

contentions as to these new damages. Viamedia instructed her, however, not to answer the

questions about any of its asserted damages, including new damages, insofar as they related in

any way to conduct occurring in Chicago, Detroit, or Hartford. Ex. E at 130:22-131:6, 132:23-

133:10, 135:13-137:3. This blocked Comcast from inquiring fully as to the basis for Viamedia's

"additional damages." Viamedia's tactic illustrates precisely that there is no "clean, clear line"

of separation between Chicago, Detroit, and Hartford and the other geographies at issue in this

case. It confirms that Viamedia's proposed order is unworkable and prejudicial to Comcast.

*Second*, Viamedia instructed Ms. James not to answer questions about statements made

by Viamedia's former CEO, Mark Lieberman, in a declaration submitted *after the close of prior*

*fact discovery*, purporting to summarize the position of Viamedia's management concerning

contracts that Viamedia would have won but for Comcast's conduct. Ex. E at 112:14-113:19,

114:18-25, 116:3-15; *see* Ex. F, ¶¶ 42-45. Although Mr. Lieberman's statements relate to key

causation and damages issues, no Viamedia witness has ever been examined regarding them,

because Viamedia served the declaration after the first round of fact discovery closed. By

instructing its first witness not to testify about the factual basis for these statements, Viamedia

makes clear that it seeks to prevent Comcast from *ever* taking discovery into these matters.[2]

---

[2] Mr. Lieberman is scheduled for deposition on October 21-22, 2021, and Viamedia has designated him as its witness to respond to many of the topics of Comcast's Rule 30(b)(6) deposition notice. In its responses and objections to that notice, however, ████████████████████████ ██████████████████████████████████████. Ex. G at 10-11 (Topic 10). Comcast has requested to meet and confer with Viamedia about its responses and objections, but has no reason to believe that Viamedia will change course in light of its instructions to Ms. James not to testify about the matters in the declaration.

*Third*, Viamedia would not even permit Ms. James to answer a basic, foundational question relating to other testimony that she gave. ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. E at 99:8-10.

Viamedia instructed Ms. James not to answer. Ex. E at 99:11-13; *see also id.* at 96:13-100:1.

Even if Viamedia's protective order were granted, some basic testimony about the Comcast-Viamedia contract would be appropriate to put Ms. James' testimony about other contracts between cable companies and Viamedia in context. But Viamedia made clear that it would not allow Ms. James "██████████████████████████████████████████

█████" (Ex. E at 99:14-18), preventing Comcast from making a full record with that context.

As these examples demonstrate, the line that Viamedia seeks to draw between permissible and impermissible subjects of discovery is as unworkable as it is unreasonable. The effect of the protective order that Viamedia seeks would not be to streamline discovery, but to put up a roadblock to Comcast's defense of the claims that the Court dismissed before discovery and revived on appeal. The approach that Viamedia has so far taken to depositions confirms that Viamedia's approach will stymie inquiry into issues that were never before the subject of discovery and multiply discovery disputes. The Court should reject Viamedia's approach.

## CONCLUSION

For the foregoing reasons and those in Comcast's prior opposition, the Court should deny Viamedia's motion.

Dated:     September 28, 2021                    Respectfully submitted,


                                                 COMCAST CORPORATION AND
                                                 COMCAST CABLE COMMUNICATIONS
                                                 MANAGEMENT, LLC

                                                 /s/ *Ross B. Bricker*
                                                 Ross B. Bricker
                                                 Michael T. Brody
                                                 JENNER & BLOCK LLP
                                                 353 N. Clark Street
                                                 Chicago, IL 60654-3456
                                                 Tel: (312) 222-9350
                                                 Fax: (312) 527-0484
                                                 rbricker@jenner.com
                                                 mbrody@jenner.com

                                                 Arthur J. Burke (pro hac vice)
                                                 David B. Toscano (pro hac vice)
                                                 Christopher P. Lynch (pro hac vice)
                                                 DAVIS POLK & WARDWELL LLP
                                                 450 Lexington Avenue
                                                 New York, New York 10017
                                                 Tel: (212) 450-4000
                                                 Fax: (212) 701-5800
                                                 Arthur.Burke@davispolk.com
                                                 David.Toscano@davispolk.com
                                                 Christopher.Lynch@davispolk.com

                                                 *Attorneys for Defendants Comcast*
                                                 *Corporation and Comcast Cable*
                                                 *Communications Management, LLC*