# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| VIAMEDIA, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16 C 5486 |
| v. | ) ) ) | Hon. Charles R. Norgle, Sr. |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | ) ) ) ) ) | Hon. Sheila M. Finnegan, Magistrate Judge |
| Defendants. | ) ) | |

## COMCAST'S MOTION TO COMPEL INTERROGATORY RESPONSES

Ross B. Bricker
Michael T. Brody
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
mbrody@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
John M. Briggs (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com
John.Briggs@davispolk.com

*Attorneys for Defendants Comcast
Corporation and Comcast Cable
Communications Management, LLC*

Defendants ("Comcast") respectfully move, pursuant to Rules 26, 33, and 37 of the Federal Rules of Civil Procedure to compel Plaintiff ("Viamedia") to respond fully to Comcast's Fourth Set of Remand Interrogatories issued on January 7, 2022 ("Comcast's Fourth Remand Interrogatories").

### PRELIMINARY STATEMENT

Comcast brings this motion because Viamedia has again refused to provide basic, critical information in discovery. In particular, Viamedia continues to refuse to provide complete responses to interrogatories seeking the bases for Viamedia's alleged "Additional Damages" – interrogatories that this Court just recently ordered Viamedia to answer. Earlier in this case, Viamedia went to great lengths, including seeking two protective orders, to evade discovery regarding the factual bases for its original damages claims. The Court properly rejected Viamedia's tactics. Now, Viamedia is refusing to provide information regarding its purported "Additional Damages" in defiance of this Court's order that Viamedia do so.

In the initial phase of fact discovery in this case, Viamedia withheld the asserted factual bases of its damages claims until after the close of fact discovery. During fact discovery, Viamedia provided only vague and general interrogatory responses on damages and objected to providing more details because damages were supposedly a subject for expert testimony. Then, after the close of fact discovery and in opposition to summary judgment, Viamedia's then-CEO, Mark Lieberman, submitted a detailed 19-page declaration setting forth the factual bases for Viamedia's purported damages.

Now, following remand of this case for further discovery, it appears that Viamedia plans to follow the same playbook again – hiding the alleged factual bases for its "Additional Damages" until after the close of fact discovery and thereby precluding Comcast from testing the

validity of those claims. Viamedia's strategy is to treat damages and causation as expert issues during fact discovery and as fact issues during expert discovery. Viamedia's goal, of course, is to shield Viamedia from any real discovery on these subjects and create a "black box" damages model that is insulated from challenge. That is improper and, as discussed below, contradicts Viamedia's representations to the Court in recent discovery disputes.

Viamedia should not be allowed to continue to flout its discovery obligations and the Court's order. Comcast respectfully requests that the Court order Viamedia to provide complete responses to Comcast's Fourth Remand Interrogatories.

## BACKGROUND

The Court is familiar with the procedural history of this case, so Comcast will focus only on those elements relevant to the present dispute.

In the initial phase of discovery in this case, Viamedia resisted and evaded discovery into the factual bases for its damages claims until after the close of fact discovery. Then, in opposition to summary judgment, it filed a detailed declaration by Viamedia's then-CEO Mark Lieberman (the "Lieberman Declaration") purporting to establish causation for damages. At the time, Comcast argued that the Lieberman Declaration should be inadmissible because it is improper for lay witnesses to speculate about the decisions of counterparties in a "but-for" world. Comcast argued that such testimony was inadmissible because "what would have happened in a hypothetical negotiation would not be based on [Mr. Lieberman's] personal knowledge." *AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 146 (D. Del. 2013); *see also Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, 2017 WL 3016385, at *4 (N.D. Ind. July 17, 2017) ("[L]ay witnesses may not offer opinions based on hypotheticals or assumptions to be established through other witnesses, but can only testify based on their own

personal knowledge and observations."); Dkt. 337 at 9. Judge St. Eve was "dubious" that Viamedia's lay testimony would suffice to establish causation, but did not reach the issue. *See* Dkt. 356 at 54 n. 21. Instead, she granted summary judgment on other grounds. Subsequently, the Seventh Circuit reversed. *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429 (7th Cir. 2020).

On remand, Viamedia announced that it plans to seek "Additional Damages" from Comcast. Comcast expects that Viamedia will attempt to rely upon similar lay testimony to support these "Additional Damages." Accordingly, on January 7, 2022, Comcast served the following two interrogatories on Viamedia:

> Interrogatory No. 37: For all Additional Damages that You contend were caused by conduct for which Comcast may be liable in this Action, state every assumption that You make concerning lost business, lost revenues, or any other kind of loss or injury, and the factual basis for each such assumption.

> Interrogatory No. 38: For all Additional Damages that You contend were caused by conduct for which Comcast may be liable in this Action, state the factual basis for Your contention that Comcast caused such Additional Damages.

Viamedia initially refused to respond to Comcast's Fourth Remand Interrogatories, citing its then-pending motion for a (second) protective order. Ex. A. On March 11, 2022, the Court denied Viamedia's protective order motion and ordered Viamedia to respond to Comcast's Fourth Remand Interrogatories, including Interrogatories 37 and 38. Dkt. 510 at 27 (the "March Order").

On April 1, 2022, Viamedia served new responses and objections. Ex. B. As to Interrogatory No. 37, Viamedia flatly objected and refused to respond at all on the ground that the interrogatory purportedly "prematurely seeks expert discovery." *Id.* at 7. As to Interrogatory No. 38, Viamedia objected and cross-referenced earlier interrogatory responses and its expert's *pre-remand* damages report from 2017 – which, of course, did not address any "Additional Damages" that Viamedia will try to assert on remand. *Id.* at 8-9.

3

Comcast exchanged correspondence with Viamedia (Exs. C, D) and met and conferred in a good-faith effort to resolve the issues in this motion, but the parties have reached an impasse.[1]

## ARGUMENT

Comcast's Fourth Remand Interrogatories seek basic information that is essential for Comcast to prepare its defense: the alleged factual bases underpinning Viamedia's "Additional Damages" claims. Without this information, Comcast is unable to prepare for trial as it neither knows why its conduct allegedly caused Viamedia injury nor what alleged damages Viamedia incurred. Since the purpose of discovery is "[s]o there should not be surprises at trial," the Court ordered Viamedia to answer Comcast's Fourth Remand Interrogatories so that Comcast can prepare for trial. 3/3/22 Hr'g Tr. 32:9-11; Dkt. 510 at 27. With the close of fact discovery just three weeks away, it is critical that Viamedia answer the interrogatories without delay, especially since third-party depositions potentially relevant to Viamedia's purported damages are underway (and some have already occurred).

Yet Viamedia has refused to provide the factual information underlying its "Additional Damages" claims. It objected (on internally inconsistent grounds) that such information requests (1) "prematurely seek[] expert discovery," (2) are contained in Viamedia's prior responses, and (3) are "vague and ambiguous." Ex. B at 7-8. All of Viamedia's objections lack merit.

*First*, Viamedia's objections that factual disclosure of its asserted "Additional Damages" prematurely seeks "expert discovery" is belied by Viamedia's repeated claims that causation can be established through fact witnesses *without* any expert testimony. Viamedia cannot have it

---

[1] Pursuant to Local Rule 37.2, Comcast states that the parties met and conferred telephonically on April 7, 2022 at 9:00 a.m. CT, and that the call was attended by attorneys John Briggs and Terrance Sun (for Comcast) and Leslie Pope, Collin White, and Matthew Wilkins (for Viamedia). To the extent there was any uncertainty as to the information Comcast is seeking, Comcast provided additional clarification regarding the scope of Interrogatories Nos. 37 and 38 during the parties' meet and confer discussion on April 7, 2022.

both ways.  In the first phase of this case, Viamedia offered no expert testimony on causation of

damages but instead relied solely upon the Lieberman Declaration.  Viamedia argued that it was

entirely appropriate to rely upon lay witnesses to establish causation.  *See* Dkt. 336 at 43-44.

Consistent with this approach, at the March 3, 2022 conference, Viamedia argued that

Comcast had forfeited the right to seek information regarding Viamedia's original damages

claims.  That was the case, Viamedia argued, because Comcast had allegedly neglected to seek

such discovery during the prior fact discovery period.  3/3/22 Hr'g Tr. 29-35.  Viamedia even

provided a few examples of questions Comcast could have asked Viamedia regarding these

original damages, including "[w]hat were the MVPDs you lost?  Why do you think you lost

them?  Who were the new MVPDs that you were trying to get?  Why do you think what

[Comcast] did hurt you on that?"  *Id.* at 34:5-9.  According to Viamedia, it would even be

"foolish" to wait until expert discovery to ask these questions.  *Id.* at 29:4-13.  But now that

Comcast is seeking precisely that information regarding Viamedia's "Additional Damages"

during the current fact discovery period, Viamedia has changed course and currently claims

those are questions that must wait for expert discovery.

The Court expressly warned Viamedia that it would not tolerate exactly these sort of

tactics:

> THE COURT:  All right.  Well, my concern is we have discovery for a reason.  So there should not be surprises at trial.  So if it's going to be disclosed in expert discovery, great.  If it's going to be disclosed in fact -- what I don't want is a situation where, you know, you kind of suggest it's going to be expert, and then they get to the expert and he's like:  Oh, no, that's not me.  But here is the 19-page disclosure.  And he's going to be our key witness and nobody knew.
>
> I don't want that to happen.  So I think however you answer your discovery requests, you know, it shouldn't be at the time of trial that all of a sudden you find out somebody is going to be disclosing on particular topics and no one knew.

*Id.* at 32:9-22.  Viamedia should not be permitted to hide behind "expert discovery" to avoid providing essential elements of its claims during fact discovery.

*Second*, Viamedia's prior responses do not provide a sufficient response to Interrogatory No. 38.  In response to Interrogatory No. 38, Viamedia referenced (1) its January 2022 responses to Comcast's Interrogatories Nos. 23 and 26, and (2) its January 2018 amended expert report as sufficient to answer Comcast's current request.  *See* Ex. B at 8.  Those responses are insufficient. Viamedia's responses to Interrogatories Nos. 23 and 26 only offer vague and conclusory statements about purportedly impacted MVPDs and DMAs, and similarly nebulous statements about purported "damage to the value of Viamedia's overall business."  This is not the kind of detail included in the Lieberman Declaration.  And Viamedia's January 2018 expert report only dealt with damages in the first phase of this case and obviously contains no discussion of any "Additional Damages" Viamedia may assert on remand.  Viamedia should remedy these deficiencies and provide a sufficient response.

*Third*, to the extent that Viamedia asserts that Comcast's Fourth Remand Interrogatories are vague and ambiguous, it ignores that the Court has already ordered Viamedia to respond. Dkt. 510 at 27.  Viamedia cannot plausibly claim that it does not understand what information Comcast has requested – as stated above, Comcast is seeking exactly the information regarding Viamedia's "Additional Damages" that Viamedia's counsel told the Court that Comcast should ask for in fact discovery.  Viamedia was able to supply the 19-page Lieberman Declaration on damages and causation from its CEO in 2017 after the close of fact discovery.  Comcast should not have to wait again until after the close of fact discovery to learn the bases for Viamedia's causation and damages claims.  Comcast is entitled to this information *now*.  Viamedia's argument only underscores the importance of these interrogatories:  even at this late date,

Viamedia has only provided conclusory and ambiguous statements on its asserted "Additional Damages" in its interrogatory responses.

*        *        *

Viamedia has consistently sought to deny Comcast the opportunity to gather information necessary for its defense, even though the "paradigm of the Federal Rules generally . . . is to avoid trial by ambush by facilitating early and ongoing factual disclosure to the fullest extent possible." *Milwaukee Elect. Tool Corp. v. Snap-ON Inc.* 2017 WL 3130414, at *4 (E.D. Wis. July 24, 2017). Contrary to that guiding principle, Viamedia has at every turn attempted to obscure the evidence upon which it intends to rely to present its case. Now that the parties are close to the end of fact discovery, Viamedia should fill in the factual details of how Comcast's conduct caused it injury and what those injuries are.

**CONCLUSION**

For the foregoing reasons, Comcast respectfully requests that the Court order Viamedia to respond fully to Comcast's Fourth Remand Interrogatories.

7

Dated:    May 2, 2022                    Respectfully submitted,


                                        COMCAST CORPORATION AND
                                        COMCAST CABLE COMMUNICATIONS
                                        MANAGEMENT, LLC

                                        /s/ *Ross B. Bricker*
                                        Ross B. Bricker
                                        Michael T. Brody
                                        JENNER & BLOCK LLP
                                        353 N. Clark Street
                                        Chicago, IL 60654-3456
                                        Tel: (312) 222-9350
                                        Fax: (312) 527-0484
                                        rbricker@jenner.com
                                        mbrody@jenner.com

                                        Arthur J. Burke (pro hac vice)
                                        David B. Toscano (pro hac vice)
                                        Christopher P. Lynch (pro hac vice)
                                        John M. Briggs (pro hac vice)
                                        DAVIS POLK & WARDWELL LLP
                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Tel: (212) 450-4000
                                        Fax: (212) 701-5800
                                        Arthur.Burke@davispolk.com
                                        David.Toscano@davispolk.com
                                        Christopher.Lynch@davispolk.com
                                        John.Briggs@davispolk.com

                                        *Attorneys for Defendants Comcast*
                                        *Corporation and Comcast Cable*
                                        *Communications Management, LLC*

8

## CERTIFICATE OF SERVICE

I, Michael T. Brody, an attorney, certify that on May 2, 2022, I caused the foregoing **Comcast's Motion to Compel Interrogatory Responses** to be served on all counsel of record listed via the Court's ECF system.

/s/ Michael T. Brody