**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VIAMEDIA, INC., <br><br>     Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br>     Defendants. | No. 16 CV 5486 <br><br> Hon. Sharon J. Coleman |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COMCAST'S MOTION TO MODIFY THE OCTOBER 14 ORDER TO PERMIT AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

James M. Webster, III (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Derek T. Ho (*pro hac vice*)
Kenneth M. Fetterman (*pro hac vice*)
Leslie V. Pope (*pro hac vice*)
Collin R. White (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
jwebster@kellogghansen.com
apanner@kellogghansen.com
dho@kellogghansen.com
kfetterman@kellogghansen.com
lpope@kellogghansen.com
cwhite@kellogghansen.com

Richard J. Prendergast
Michael T. Layden
**CROKE FAIRCHILD DUARTE & BERES LLC**
191 N. Wacker Dr., 31st Floor
Chicago, Illinois 60602
(312) 641-0881

rprendergast@crokefairchild.com.
mlayden@crokefairchild.com

*Counsel for Plaintiff Viamedia, Inc.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION .......................................................................................................... 1

BACKGROUND ............................................................................................................ 1

ARGUMENT .................................................................................................................. 2

      I.      COMCAST'S PROPOSED QUESTION IS NOT A PURE
             QUESTION OF LAW SUBJECT TO INTERLOCUTORY APPEAL ................. 3

      II.     COMCAST FAILS TO SHOW THAT THE COURT'S
             RESOLUTION OF THE PROPOSED QUESTION IS CONTESTABLE ............ 4

      III.    AN INTERLOCUTORY APPEAL WILL CREATE FURTHER
             DELAY, AND WILL NOT MATERIALLY ADVANCE THE
             ULTIMATE TERMINATION OF THIS CASE ...................................................... 6

CONCLUSION ............................................................................................................... 8

CERTIFICATE OF SERVICE ....................................................................................... 10

i

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ahrenholz v. Board of Trs. of Univ. of Illinois*,
219 F.3d 674 (7th Cir. 2000) ............................................................................... 2, 3

*Armada (Singapore) Pte Ltd. v. Amcol Int'l Corp.*,
2017 WL 1862836 (N.D. Ill. May 9, 2017) ............................................................... 4

*Artisan & Truckers Cas. Co. v. Throgmorton*,
2025 WL 748191 (S.D. Ill. Mar. 7, 2025) ............................................................... 6

*Asher v. Baxter Int'l Inc.*,
505 F.3d 736 (7th Cir. 2007) ............................................................................... 2

*Black v. Missouri*,
492 F. Supp. 848 (W.D. Mo. 1980) ....................................................................... 7

*Davis v. Hanna Holdings, Inc.*,
787 F.Supp.3d 42 (E.D. Pa. 2025) ........................................................................ 5

*Feit Elec. Co. v. CFL Techs., LLC*,
2021 WL 4061741 (N.D. Ill. Sept. 7, 2021) ............................................................. 4

*Fisons Ltd. v. United States*,
458 F.2d 1241 (7th Cir. 1972) ............................................................................. 2

*Hollinger Int'l, Inc. v. Hollinger, Inc.*,
2005 WL 327058 (N.D. Ill. Feb. 3, 2005) .............................................................. 6

*Jones v. B & J Rocket Am., Inc.*,
2016 WL 2865278 (N.D. Ind. May 17, 2016) ........................................................... 2

*Las Vegas Sun, Inc. v. Adelson*,
2021 WL 2169935 (D. Nev. May 27, 2021) .............................................................. 4

*Mister v. Illinois Cent. Gulf R.R. Co.*,
790 F. Supp. 1411 (S.D. Ill. 1992) ........................................................................ 7

*Ohio v. American Express Co.*,
585 U.S. 529 (2018) ............................................................................... 1, 3, 4, 5,7

*Powell v. Illinois*,
2019 WL 10349404 (N.D. Ill. Nov. 5, 2019) ........................................................... 2

*Shah v. Zimmer Biomet Holdings, Inc.*,
2019 WL 762510 (N.D. Ind. Feb. 20, 2019) ............................................................ 6

ii

*Terry v. June*,
   368 F. Supp. 2d 538 (W.D. Va. 2005) ...................................................................... 7

*In re Text Messaging Antitrust Litig.*,
   630 F.3d 622 (7th Cir. 2010) ................................................................................... 4

*United States v. Google LLC*,
   778 F. Supp. 3d 797 (E.D. Va. 2025) ...................................................................... 5

*US Airways, Inc. v. Sabre Holdings Corp.*,
   938 F.3d 43 (2d Cir. 2019)...................................................................................... 5

*Webster v. Ctr. for Diagnostic Imaging, Inc.*,
   2017 WL 5598286 (S.D. Ind. Nov. 21, 2017) ........................................................ 3

*Yost v. Carroll*,
   2022 WL 180153 (N.D. Ill. Jan. 20, 2022)................................................... 2, 3, 4, 8

**STATUTES**

28 U.S.C. § 1292(b) .............................................................................................. 3, 4, 6

**INTRODUCTION**

After almost 10 years of fighting to delay the trial of this case, and with a trial date finally set, Comcast seeks leave to argue on interlocutory appeal that the Interconnect Services market is two-sided under *Ohio v. American Express Co.*, 585 U.S. 529 (2018) ("*Amex*"). But the Court's fact-bound holding that Interconnects are not two-sided transaction platforms subject to *Amex* is neither a pure question of law subject to interlocutory appeal nor subject to serious dispute. In any event, permitting an appeal now would bring more delay in a case that has lingered too long already; Comcast will be free to pursue its argument on a full record after a verdict against it. Comcast thus cannot carry its heavy burden to show this is the rare summary-judgment denial that warrants an interlocutory appeal.

**BACKGROUND**

In its opinion denying summary judgment and excluding the testimony of one of Comcast's experts, the Court "conclude[d] that neither the market for Spot Cable Ad Rep Services nor for Interconnect Services is a two-sided transaction platform." ECF No. 758 at 19. The Court faithfully applied the Supreme Court's decision in *Amex*, which explained that a two-sided transaction platform has a distinctive "key feature": "a sale of a transaction cannot be made to one side of the platform without a sale simultaneously being made to another." *Id.* at 13. Put differently, whether a two-sided platform is a two-sided *transaction* platform under *Amex* turns on whether the platform "facilitate[s] a single, simultaneous transaction between participants" (in *Amex*, "cardholders and merchants"). 585 U.S. at 545; *see also id.* at 547 (explaining that "the product that credit-card companies sell is transactions, not services to merchants").

Relying on *Amex*, Comcast argued in its most recent summary-judgment motion "that the markets for Interconnect Services and Spot Cable Ad Rep Services are two-sided transaction

1

platforms as a matter of law because they facilitate a single, simultaneous transaction, such that there can be no sale on one side of the platform without simultaneously making a sale to the other." ECF No. 758 at 18. The Court disagreed, and explained that "Interconnect operators provide not a transaction, but a multitude of services, including pricing and selling Spot Cable Ad Avails, marketing to advertisers and advertising agencies, audience research, preparing schedules of potential purchases of Spot Cable Ad Avails with the desired networks, and inventory allocation of Spot Cable Ad Avails." *Id.* at 19 (citing ECF No. 707 ¶ 21). The upshot is that because Interconnect operators do not simultaneously sell jointly-consumed transactions to MVPDs and advertisers, they are not two-sided transaction platforms. *See id.* at 18-19.

## ARGUMENT

Interlocutory appeals are allowed only "sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007). That is "especially" true "where, as here, the issues presented by the movant 'merely reargue[] the case for summary judgment.'" *Jones v. B & J Rocket Am., Inc.*, 2016 WL 2865278, at *7 (N.D. Ind. May 17, 2016) (brackets in original) (quoting *Ahrenholz v. Board of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). Comcast thus "bears[] the burden to persuade the [C]ourt that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Powell v. Illinois*, 2019 WL 10349404, at *1 (N.D. Ill. Nov. 5, 2019) (quoting *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)); *accord Yost v. Carroll*, 2022 WL 180153, at *4 (N.D. Ill. Jan. 20, 2022) (movant bears a "heavy burden to convince the district court to certify an interlocutory appeal") (collecting cases). Comcast cannot carry that burden.

2

I. **COMCAST'S PROPOSED QUESTION IS NOT A PURE QUESTION OF LAW SUBJECT TO INTERLOCUTORY APPEAL**

Comcast's motion should be denied because it seeks review of a fact-bound summary-judgment decision—not a "question of law" subject to certification under 28 U.S.C. § 1292(b).

The Seventh Circuit has explained that a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz*, 219 F.3d at 676. In other words, a question subject to § 1292(b) is a "pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677. Otherwise, "the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground," which "cannot be right": "Section 1292(b) was not intended to make denials of summary judgment routinely appealable." *Id.* at 676. Section 1292(b) thus does not authorize review of "fact-intensive" challenges to summary-judgment denials that would require the court of appeals to repeat the district court's work in "hunt[ing] through the record." *Webster v. Ctr. for Diagnostic Imaging, Inc.*, 2017 WL 5598286, at *2 (S.D. Ind. Nov. 21, 2017); *see, e.g.*, *Yost*, 2022 WL 180153, at *3 ("Just because something technically presents a question of law—the denial of a motion for summary judgment or the interpretation of a contract, for example—does not mean it is a question of law under § 1292(b).").

Comcast requests (at 4) that the Court certify the following question: "Is the alleged Interconnect Services market a two-sided transaction platform?" But that is not a pure question of law. Comcast's objection is not to the Court's reading of *Amex*, but to the Court's reading of the factual record regarding the extent, nature, and timing of Interconnect operators' services: Comcast contends (at 9-10)—again—that the "multitude of services" Interconnect operators

3

provide are "ancillary" to their sales of ads, and that those sales of ads are "transactions" in the *Amex* sense. Needless to say, Viamedia disagrees. To resolve that dispute now, the Seventh Circuit would need to redo this Court's work—in Comcast's words (at 1), expend "significant efforts" to wade through this case's "long and complicated history"—all to decide nothing broader than one issue in this case.[1] Comcast's question thus is not a pure question of law subject to interlocutory appeal. The Court should deny the motion for that reason alone. *See Feit Elec. Co. v. CFL Techs., LLC*, 2021 WL 4061741, at *2 (N.D. Ill. Sept. 7, 2021) (Coleman, J.) (party's "disagreement with how the Court applied" controlling law "to the facts of this case is not grounds for an interlocutory appeal because it is not a 'question of law' for § 1292(b) purposes"; denying motion to certify); *see also*, *e.g.*, *Las Vegas Sun, Inc. v. Adelson*, 2021 WL 2169935, at *3-4 (D. Nev. May 27, 2021) (denying motion to certify question "whether [plaintiff] adequately defined a market definition for antitrust purposes" because it was "a factual issue" and "not a controlling question of law").

## II. COMCAST FAILS TO SHOW THAT THE COURT'S RESOLUTION OF THE PROPOSED QUESTION IS CONTESTABLE

Comcast also fails to carry its burden to show that the proposed question is "contestable"—that "there are substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority, and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Yost*, 2022 WL 180153, at *4; *see also* 28 U.S.C. § 1292(b) (authorizing certification only where "there is substantial ground for difference of opinion" on "a controlling question of law").

---

[1] Comcast's two "question of law" cases (at 5) arose on the pleadings (not summary judgment). *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010) (motion to dismiss); *Armada (Singapore) Pte Ltd. v. Amcol Int'l Corp.*, 2017 WL 1862836, at *1-2 (N.D. Ill. May 9, 2017) (motion for judgment on the pleadings).

Comcast (of course) does not claim any other court has considered its question as stated—one limited to Interconnect operators. Nor does Comcast claim any conflict with any case about an advertising platform arguably like an Interconnect; the leading case along those lines supports Viamedia, not Comcast. *See United States v. Google LLC*, 778 F. Supp. 3d 797, 844 (E.D. Va. 2025) ("In contrast to credit-card networks, most of the core ad tech products at issue in this litigation do not fit within this definition of a two-sided transaction platform"; distinguishing among ad tech products based on whether they "simultaneously sell" their services to both publishers and advertisers.).

Indeed, of the more than 400 cases that cite *Amex*, Comcast identifies just two it claims (at 7-11) bear on this case. Neither case supports certification. The first is *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019), in which the Second Circuit held that a booking network used by travel agents constituted a two-sided transaction platform. Comcast does not identify any conflict with that decision, because there is none. Comcast's other case, *Davis v. Hanna Holdings, Inc.*, 787 F. Supp. 3d 42 (E.D. Pa. 2025), supports Viamedia for the reasons this Court explained: *Hanna* held "that the real estate market is not a two-sided transaction platform because brokers sell services, not transactions, to homebuyers and home sellers." ECF No. 758 at 18. Far from supporting Comcast, *Hanna* ███████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████

Comcast's argument therefore is reduced to the claim that the Court misunderstands the "multitude of services" that Interconnects provide. Again, Viamedia disagrees. More to the point, "[c]ertification pursuant to Section 1292(b) was not intended to cover every legal issue"

5

that either lacks "binding precedent" or is a subject on "which reasonable minds could differ. Otherwise the exception would swallow the rule." *Shah v. Zimmer Biomet Holdings, Inc.*, 2019 WL 762510, at \*8 (N.D. Ind. Feb. 20, 2019) (citation omitted). Even if Comcast's question is just that—one on which reasonable minds could differ—that is no basis for interlocutory appeal. *See*, *e.g.*, *Artisan & Truckers Cas. Co. v. Throgmorton*, 2025 WL 748191, at \*3 (S.D. Ill. Mar. 7, 2025) (denying certification where movant "presents no caselaw contradicting or otherwise questioning" authority on which the court relied; "it merely asserts that it doesn't apply to the facts of this case"); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2005 WL 327058, at \*3 (N.D. Ill. Feb. 3, 2005) ("The movant thus may not prevail by simply showing a lack of judicial precedent or that the issue is one of first impression. Instead, the party seeking certification must show substantial conflicting positions regarding the issue of law proposed for certification.") (cleaned up).

## III. AN INTERLOCUTORY APPEAL WILL CREATE FURTHER DELAY, AND WILL NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS CASE

Comcast's motion also should be denied because certification is far more likely to compound this case's already-serious delays than it is to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

There is good reason to doubt that an interlocutory appeal would resolve this case before the October 2026 trial date this Court has set. The Seventh Circuit remanded this matter for trial well over a year after the prior grant of summary judgment; Comcast then petitioned for a writ of certiorari, and the Supreme Court did not deny that petition for nearly another year beyond that. Tellingly, Comcast signals that it once again would not accept defeat in the Seventh Circuit. *See* Mot. at 4 (certification would "allow[] the court of appeals to clarify *its understanding of* the law that will govern the trial of this case") (emphasis added). So granting Comcast's motion

6

likely would send the parties on another years-long detour through each level of the federal courts—a journey that would conclude long after the currently-set trial date.

Further, allowing an interlocutory appeal now would risk burdening the Seventh Circuit with multiple *new* appeals in this case. The Seventh Circuit may never need to address the fact-bound question Comcast raises. "There are any number of reasons why" Comcast "would not appeal" the *Amex* aspects of the Court's summary-judgment ruling "following a final order, including settlement of the" case or "a victory by" Comcast at trial. *Terry v. June*, 368 F. Supp. 2d 538, 540 (W.D. Va. 2005). If Viamedia wins at trial, Comcast is free to renew its arguments about both *Amex* and other aspects of Viamedia's case. Granting an interlocutory appeal now thus could force the Seventh Circuit (potentially, the Supreme Court) to consider this case—even specific arguments—*three times*. That is hardly efficient. *Cf. Mister v. Illinois Cent. Gulf R.R. Co.*, 790 F. Supp. 1411, 1427 (S.D. Ill. 1992) ("The ultimate termination of the litigation would not be advanced if the appeals are multiplied" by granting an interlocutory appeal. "[T]he ultimate determination of the litigation would occur more quickly if [the movant] appealed from the final judgment of the Court rather than proceed with this litigation on two levels.").

Moreover, as the Court knows, this case already "has been before four district court judges" since it was filed nearly 10 years ago. ECF No. 758 at 2. In that decade, this case has traversed every level of the federal judiciary once already, and only recently was set for the trial for which it was remanded five and a half years ago. Certification here thus is especially improper. *See, e.g.*, *Black v. Missouri*, 492 F. Supp. 848, 876 (W.D. Mo. 1980) ("Furthermore, proceedings on the disqualification motions have already sidetracked this litigation for a year, and certification would only exacerbate that delay rather than 'materially advance the ultimate termination of the litigation.'").

7

Case: 1:16-cv-05486 Document #: 765 Filed: 11/12/25 Page 13 of 15 PageID #:35504

The Court also should reject Comcast's contention (at 11) that an interlocutory appeal is appropriate because it would facilitate a settlement. Although the Court was "doubtful" about Viamedia's tying case if both of "the relevant product markets are two-sided transaction platforms" (ECF No. 758 at 15), it left that question open. A Seventh Circuit decision limited to the Interconnect Services market would lead only to further proceedings about whether a reasonable jury still could find that Comcast violated Section 2. At any rate, the Seventh Circuit's prior decision and this Court's summary judgment opinion have given the parties far more valuation clarity than is typical of a "complex case" (*see* Mot. at 12). An interlocutory appeal that puts off trial again will clarify nothing—and will only delay this case's resolution.

For all the foregoing reasons, Comcast has not come close to carrying its "heavy burden" to show this is the exceptional case in which interlocutory appeal is warranted. *Yost*, 2022 WL 180153, at \*4. The motion should be denied.

## CONCLUSION

The Court should deny Comcast's motion.

Dated: November 12, 2025

Respectfully submitted,

*/s/ Richard J. Prendergast*
James M. Webster, III (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Kenneth M. Fetterman (*pro hac vice*)
Derek T. Ho (*pro hac vice*)
Leslie V. Pope (*pro hac vice*)
Collin R. White (*pro hac vice*)
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jwebster@kellogghansen.com
apanner@kellogghansen.com
kfetterman@kellogghansen.com

8

dho@kellogghansen.com
lpope@kellogghansen.com
cwhite@kellogghansen.com

Richard J. Prendergast
Michael T. Layden
**CROKE FAIRCHILD DUARTE
& BERES LLC**
191 N. Wacker Dr., 31st Floor
Chicago, IL 60602
Tel: (312) 641-0881
rprendergast@crokefairchild.com
mlayden@crokefairchild.com

**CERTIFICATE OF SERVICE**

I, Richard J. Prendergast, an attorney of record in the above-captioned case, hereby certify that on November 12, 2025, I caused to be served a true and correct copy of Plaintiff's Response in Opposition to Defendants' Motion to Modify the October 14 Order to Permit an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) upon the following counsel via electronic means:

**Ross B. Bricker**
**Michael T. Brody**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
rbricker@jenner.com
mbrody@jenner.com

**Arthur J. Burke**
**David B. Toscano**
**Christopher P. Lynch**
Davis, Polk & Wardwell LLP
450 Lexington Street
New York, NY 10017
Tel: (212) 450-4000
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

/s/ Richard J. Prendergast

10