**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| VIAMEDIA, INC., | |
| Plaintiff, | No. 16-cv-5486 |
| v. | Hon. Sharon Johnson Coleman, District Judge |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | Hon. Laura K. McNally, Magistrate Judge |
| Defendants. | |

**VIAMEDIA'S MOTION**
**FOR LEAVE TO CALL KEN LITTLE**
**AS A WITNESS AT TRIAL**

Viamedia moves for leave to call Ken Little as a witness at trial.[1]  Mr. Little is the former Chief Operating Officer of National Cable Communications Inc. ("NCC" – later renamed to Ampersand).  NCC provides nationwide ad sales representation services.  Comcast, Viamedia, and all other MVPDs and MVPD ad sales representatives provide ad avails to NCC, which in turn sells those ad avails on commission to national advertisers.  At all relevant times, Comcast was NCC's majority owner.  If permitted, Mr. Little will testify about his conversations with Comcast

---

[1] On November 13, 2025, Viamedia provided notice of Mr. Little as a potential witness.  During the December 3, 2025, status hearing before Judge Coleman, Viamedia also provided notice of its intent to update the damages calculations of its expert, Dr. Michael Cragg, since the end of 2021.  (Viamedia also provided written notice of its intent to updated Dr. Cragg's damages calculation on December 15, 2025.)  Comcast objects to both trial testimony from Mr. Little and an update of Viamedia's damages calculation.  Given Comcast's objection, Viamedia will not update its damages calculation.

executives who expressed their intent to put Viamedia out of business by excluding Viamedia from Comcast's interconnects. *See generally* Ex. A (Little Decl.).[2]

Viamedia conducted a Rule 30(b)(6) deposition of NCC on September 22, 2017, that should have, but did not, reveal NCC's knowledge of Comcast's intent to use its monopoly power of interconnects to eliminate Viamedia as a competitor in the ad rep services market. Because Mr. Little was not consulted for NCC's preparation for its Rule 30(b)(6) corporate deposition, *see* Ex. A (Little Decl.), ¶ 17; Ex. B (Schaefer Dep.) at 8:11-10:11, NCC's counsel and corporate witness were apparently unaware of Mr. Little's conversations with Comcast.

In late 2024, when Mr. Little joined Viamedia's Board of Directors, Viamedia learned about Mr. Little's conversations with Comcast. Ex. A (Little Decl.), ¶ 3. Because Comcast's second summary-judgment motion was still pending, Viamedia waited to supplement its Rule 26(a) disclosures to identify Mr. Little as a potential witness until November 2025, shortly after this Court denied Comcast's second motion for summary judgment, and more than ten months before the start of trial. Comcast has no legal basis for its assertion that Viamedia's Rule 26(a) notice is too late.

Pursuant to Rule 37(c), Viamedia may call Mr. Little as a trial witness because the failure to notice him as a potential witness before the close of discovery was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). NCC's failure to adequately prepare its corporate representative regarding Mr. Little's relevant knowledge was not Viamedia's fault, and Viamedia was justified in believing that NCC and its counsel adequately prepared its corporate representative

---

[2] Mr. Little's declaration is not a comprehensive statement of the testimony that Viamedia may elicit from him at trial and is not intended to limit the topics about which he may testify. The declaration merely illustrates the unique relevance of his testimony to this case. Should the Court grant this motion, Comcast will be free to explore the full scope of his knowledge in a deposition.

for the Rule 30(b)(6) deposition. Disclosing Mr. Little more than ten months before trial also does not prejudice Comcast, especially as Mr. Little's testimony concerns Comcast's own, highly relevant, statements. Viamedia has confirmed that Mr. Little possesses no documents relevant to this case, and Comcast has ample time to depose Mr. Little and account for his testimony at trial.

## BACKGROUND

### A. Viamedia and Comcast Sought Discovery from NCC in 2017

NCC provides nationwide spot cable ad representative services. *See* Ex. B (Schaefer Dep.) at 11:16-19. It is owned and operated by Comcast (60% interest), Cox Communications (20% interest), and Charter Communications (20% interest), which, at all relevant times, were the three largest providers of cable television service in the United States. *Id.* at 11:20-12:2, 44:7-14.

During the first round of fact discovery in this case, which occurred from 2016 to 2017, Viamedia served a subpoena duces tecum on NCC. *See* Ex. C (Viamedia's Document Subpoena to NCC). Viamedia's subpoena sought all communications with Comcast related to Viamedia and all documents and communications that NCC's executives received referring to Viamedia. *See id.* Req. Nos. 4, 6. Viamedia also served a deposition subpoena on NCC, which sought one or more corporate representatives to testify on, among others, the following topics: "NCC's experiences with Interconnects"; "NCC's interactions with Comcast"; "Comcast's exclusion of Viamedia from the Interconnect in Chicago, Detroit, Hartford, and any other market"; and "Comcast's . . . interactions with NCC." Ex. D (Viamedia's Rule 30(b)(6) Deposition Subpoena to NCC, Topic Nos. 1, 6, 7, 10).

NCC's CEO, Greg Schaefer, testified as NCC's corporate representative on all noticed topics. In that capacity, he testified that NCC did not "consult with anyone at Comcast about [its] decision" "to no longer give Viamedia access to its interconnects." Ex. B (Schaefer Dep.) at 168:9-

22. He also testified that NCC had no "insight into [Comcast's] decision at the time it was made" in 2012 and "[o]nly learned about it afterwards." *Id.* at 168:23-169:3. He did not, however, speak with Mr. Little or "with anyone [other than his SVP of sales and affiliate sales] in preparing for [his] deposition." *Id.* at 8:11-9:14; *see also* Ex. A (Little Decl.) at ¶ 17 (confirming that Mr. Little did not participate in preparing Mr. Schaefer for his deposition).

### B. Mr. Little Joined Viamedia's Board of Directors in 2024 and Revealed That NCC Knew More Than Mr. Schaefer Let On.

Seven years after Mr. Schaefer's deposition, in late 2024, Mr. Little joined Viamedia's Board of Directors. During the time relevant to this case (roughly 2010 onward), Mr. Little was NCC's Chief Operating Officer. *See* Ex. A (Little Decl.) at ¶ 6.

After joining Viamedia's Board, he informed Viamedia that, during his tenure at NCC, he had had numerous conversations with Comcast executives about Comcast's decision to exclude Viamedia from its Interconnects. *See id.* ¶¶ 3, 10-15. As Mr. Little's declaration states, Comcast executives told him that they wanted to exclude Viamedia from the interconnects for the express purpose of putting Viamedia out of business. *See id.* ¶ 11. He has also provided testimony that Comcast had asked NCC to stop doing business with Viamedia as well. *See id.* ¶ 12.

### C. Viamedia Supplemented Its Rule 26(A) Disclosures and Has Offered Mr. Little Up for Deposition

By the time Mr. Little joined Viamedia's Board and informed Viamedia about his conversations with Comcast, fact discovery had closed and Comcast's second motion for summary judgment was still pending. *See* Dkt. No. 668. After the Court ruled on Comcast's summary judgment motion in October 2025, Viamedia supplemented its Rule 26(A) disclosures. It also confirmed that Mr. Little had no documents relevant to this case. On November 13, 2025,

4

Viamedia served its updated Rule 26(A) disclosures on Comcast and offered Mr. Little for deposition. *See* Ex. E (Email from M. Wilkins to A. Burke (Nov. 13, 2025)).

Comcast responded to Viamedia's supplemental disclosure with a request for more information. *See* Ex. F (Letter from A. Burke to C. White (Dec. 4, 2025)). Comcast asked for (1) "The date on which Viamedia first became aware that Mr. Little has personal knowledge of issues relevant to this case;" (2) "A description of the specific factual matters as to which you believe Mr. Little has personal knowledge relevant to this case; and" (3) "A description of the diligence that you conducted to confirm your representation that Mr. Little possesses no documents relevant to this case." *Id.*

Viamedia provided Comcast's requested information on December 15. Specifically, Viamedia replied that (1) "Viamedia first became aware that Mr. Little has personal knowledge relevant to this case in late 2024, sometime after Mr. Little joined Viamedia's Board of Directors, which occurred in September 2024"; (2) "Mr. Little has, based on his interactions with Comcast personnel during his time at NCC, personal knowledge of Comcast's intent to use its control over Interconnects to monopolize the market for ad rep services and put Viamedia out of business"; and (3) Viamedia "interviewed Mr. Little regarding documents (including physical documents, emails, electronic files, phone records, etc.) currently in his possession from his time at NCC." Ex. G (Email from M. Wilkins to B. Hartman (Dec. 15, 2025)). Viamedia then asked "whether Comcast consents to Viamedia calling Mr. Little as a witness" and for Comcast's "availability to depose Mr. Little." *Id.*

At the December 9, 2025 hearing before Judge McNally, *see* Ex. H (Dec. 9, 2025 Hr'g Tr.) at 3:5-10, 5:8-21, and in subsequent meet and confer discussions, Comcast said it objected to Mr.

Little's testimony because he was not disclosed as a potential witness until after the close of fact discovery. Viamedia therefore files this motion.

## ARGUMENT

The Court should allow Viamedia to call Mr. Little as a witness at trial. Under Federal Rule of Civil Procedure 37(c), a party that "fails to . . . identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Whether a failure to comply with Rule 26(a) or (e) is substantially justified" or is "harmless . . . is left to the broad discretion of the district court." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011). The Seventh Circuit has held that courts must weigh four factors in assessing whether a disclosure is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Viamedia need *not* show good cause beyond these four factors. During the December 9 status hearing, the Court said it would require "a motion with good cause" to do "additional discovery." Ex. H (Dec. 9, 2025 Hr'g Tr.) at 5:8-13. But Viamedia does not seek additional discovery. Viamedia seeks to call a late-disclosed witness at trial. Therefore, Rule 37(c)'s "substantially justified" standard – not Rule 16(b)'s "good cause" standard – governs. *Compare* Fed. R. Civ. P. 37(c) (requiring a late disclosure be "substantially justified") *with* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to modify a schedule). These standards are materially different. The good-cause standard focuses on the moving party's diligence. *See Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022) ("In making a Rule 16(b) good-cause determination, the primary

6

consideration for district courts is the diligence of the party seeking amendment.") (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). But the substantially-justified standard, as explained above, focuses on prejudice, the ability to cure prejudice, disruption to trial, and bad faith. Here, each of those factors supports allowing Mr. Little to testify. And, in any event, Viamedia acted diligently in attempting to secure the testimony that should have been disclosed during fact discovery in 2017, long before Mr. Little revealed it.

## I.      Viamedia's Disclosure of Mr. Little Does Not Prejudice Comcast

The only "kind of 'prejudice' that warrants exclusion" of a late-disclosed potential witness is that which arises from "the timing of the disclosure" rather than "the evidence's power to persuade." *Hicks v. Avery Drei, LLC*, 654 F.3d 739, 744 (7th Cir. 2011). A party seeking exclusion of a late-disclosed witness must therefore identify opportunities lost. *See, e.g.*, *Doe 1 v. City of Chicago*, 2019 WL 5290899, at *9 (N.D. Ill. Oct. 18, 2019) (prejudice existed where "Defendant [was] deprived the opportunity to depose these witnesses as a result of the late disclosures"); *Finwall v. City of Chicago*, 239 F.R.D. 504, 507 (N.D. Ill. 2006) (prejudice existed when the late disclosure of expert witnesses left "no opportunity to schedule the experts' depositions"). Mere surprise without prejudice does not justify exclusion. *See Kaepplinger v. Michelotti*, 2022 WL 1404832, at *7, *9 (N.D. Ill. May 4, 2022) (finding no "significant prejudice or surprise" though "there may have been an initial unfair surprise" upon initial disclosure of a new witness).

Applying these criteria, the timing of Viamedia's disclosure of Mr. Little's knowledge of Comcast's own statements has not prejudiced Comcast. Comcast has lost no opportunities because of the late disclosure of Mr. Little. Trial is still more than eight months away, so there is plenty of time for a deposition. And the fact that discovery requests to NCC did not produce any documents relating to the subject of Mr. Little's declaration confirms Mr. Little's declaration that there never

were any documents regarding the intent of the Comcast executives to put Viamedia out of business.  *See* Ex. A (Little Decl.) at ¶¶ 15, 18 n.2.

## II.     Any Prejudice Is Easily Cured

Even if Viamedia's disclosure of Mr. Little had prejudiced Comcast in some way, that prejudice could easily be cured.  Where a party has notice of a newly disclosed witness's testimony and an opportunity to rebut it, courts find no uncurable prejudice.  *See, e.g.*, *David*, 324 F.3d at 857-58.  With more than eight months before the start of trial, Comcast has suffered no incurable prejudice.  Comcast has plenty of time to depose Mr. Little and the Comcast executives with whom Mr. Little spoke, Charlie Thurston and Hank Oster.  Ex. A (Little Decl.) at ¶¶ 9-15.

## III.    The Likelihood of Disruption to Trial Is Nonexistent

Allowing Mr. Little to testify will not disrupt the October 2026 trial.  Courts regularly find that a newly disclosed witness can be deposed in a matter of weeks with no disruption to trial.  *See, e.g.*, *Kaepplinger*, 2022 WL 1404832, at *10 (allowing a new witness would "not disrupt the trial date four months from now.  Nor will it disrupt the subject matter or length of the trial."); *Bobak v. Bright Star Ambulance, Inc.*, 2019 WL 10372493, at *2 (N.D. Ill. June 6, 2019) ("with almost two months left before trial, ample time exists before trial" to depose two newly disclosed witnesses (who would testify regarding conversations they had with the plaintiff and others) and "to prepare for their testimony" at trial).

## IV.     Viamedia Has Acted in Good Faith and With Diligence

The Fourth *David* factor – bad faith or willfulness involved in a late disclosure – supports allowing Mr. Little to testify because the delayed disclosure here was not Viamedia's fault.  In 2016 and 2017, Viamedia sought discovery from NCC that should have revealed the Comcast admissions that were not disclosed to Viamedia until Mr. Little joined Viamedia's Board of

Directors in 2024. *See supra* Background § A. During NCC's 30(b)(6) deposition on September 22, 2017, Viamedia asked what insight NCC had into Comcast's decision to exclude Viamedia from its interconnects, but Mr. Schaefer testified that NCC had no "insight into [Comcast's] decision at the time it was made." Ex. B (Schaefer Dep.) at 168:23-169:3. Had Mr. Schaefer spoken with Mr. Little to prepare for his deposition, however, Mr. Schaefer would have disclosed in 2017 what Mr. Little finally revealed in late 2024 regarding Comcast's intent to use its monopoly power over interconnects to put Viamedia out of business. *See generally* Ex. A (Little Decl.). Instead, because Mr. Schaefer was testifying as a corporate designee who claimed to have prepared extensively to testify, *see* Ex. B (Schaefer Dep.) at 7:22-10:11 (describing his deposition preparation), Viamedia had no reason to suspect that Mr. Little possessed superior knowledge of Comcast's motivations.

Viamedia also acted in good faith and with diligence when it updated its disclosures in November 2025. Viamedia did not learn of Mr. Little's knowledge until September 2024 at the earliest – *after* the parties already had finished briefing Comcast's second summary-judgment motion. Disclosing Mr. Little and conducting discovery at that time would have been futile and a waste of time and resources had Comcast prevailed on summary judgment. Therefore, that Viamedia waited to disclose Mr. Little as a potential witness until after the Court denied summary judgment was not "done with the purpose of gaining a late strategic advantage," but with the purpose of efficiency. *Kaepplinger*, 2022 WL 1404832, at *10.

V.      **Good Cause Exists for Mr. Little's Testimony**

These same actions show Viamedia's diligence also satisfies the good cause standard (even though such a showing is not required). Viamedia was diligent in noticing a deposition of NCC, identifying the relevant topics for examination, and asking the questions that should have revealed

9

in 2017 what Mr. Little disclosed in 2024. That NCC's corporate designee failed to learn of or reveal Mr. Little's relevant knowledge was not Viamedia's fault.

## CONCLUSION

The Court should grant this motion and allow Viamedia to call Mr. Little as a witness at trial.

Dated: January 9, 2026        */s/ Richard J. Prendergast*

                                Richard J. Prendergast
                                Michael T. Layden
                                CROKE FAIRCHILD DUARTE
                                   & BERES LLC
                                191 N. Wacker Dr., 31st Floor
                                Chicago, Illinois 60606
                                Tel: (312) 641-0881
                                rprendergast@crokefairchild.com
                                mlayden@crokefairchild.com

                                James M. Webster III (*pro hac vice*)
                                Aaron M. Panner (*pro hac vice*)
                                Derek T. Ho (*pro hac vice*)
                                Kenneth M. Fetterman (*pro hac vice*)
                                KELLOGG, HANSEN, TODD, FIGEL
                                 & FREDERICK, P.L.L.C.
                                1615 M Street, N.W., Suite 400
                                Washington, D.C. 20036
                                Tel: (202) 326-7900
                                jwebster@kellogghansen.com
                                apanner@kellogghansen.com
                                dho@kellogghansen.com
                                kfetterman@kellogghansen.com

                                *Attorneys for Plaintiff Viamedia, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 9, 2026, I caused the foregoing document to be filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Michael T. Layden*