# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | |
| VIAMEDIA, INC., | ) | |
| | ) | |
| | ) | Case No. 16-cv-5486 |
| *Plaintiff*, | ) | |
| | ) | Hon. Amy J. St. Eve |
| v. | ) | |
| | ) | |
| COMCAST CORPORATION, and | ) | |
| COMCAST SPOTLIGHT, LP, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## NOTICE OF THIRD-PARTY SUBPOENA

TO:    Attached Service List

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Plaintiff

Viamedia, Inc. ("Viamedia") intends to serve the attached subpoena to National Cable

Communications LLC, to produce the documents described in the subpoena and rider thereto.

Date: January 24, 2017          Respectfully submitted,

/s/ *Matthew D. Provance*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312.782.0600
Facsimile: 312.701.7711
bmiller@mayerbrown.com
mprovance@mayerbrown.com

AND

Mark W. Ryan (*Pro Hac Vice*)
MAYER BROWN LLP
1999 K Street NW

-2-

Washington, DC 20001
Tel: 202.263.3000
Facsimile: 202.263.3300
mryan@mayerbrown.com


*Counsel for Plaintiff Viamedia, Inc.*

## CERTIFICATE OF SERVICE

I, Matthew D. Provance, an attorney, certify that I caused a copy of the foregoing

**NOTICE OF THIRD-PARTY SUBPOENA** and **SUBPOENA TO NATIONAL CABLE**

**COMMUNICATIONS LLC** to be served on counsel listed below on January 24, 2017 by the

manner indicated below:

Ross B. Bricker
Sally K. Sears Coder
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
ssearscoder@jenner.com
(via messenger and email)

Arthur J. Burke (*pro hac vice*)
David B. Toscano (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
(via email)

/s/ *Matthew D. Provance*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| VIAMEDIA, INC. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 16-cv-5486 |
| COMCAST CORPORATION and COMCAST SPOTLIGHT, LP | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    NATIONAL CABLE COMMUNICATIONS LLC
c/o CORPORATION SERVICE COMPANY, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808-0000

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Rider.

| Place: Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020-1001 | Date and Time: February 23, 2017, 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/24/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *M̸* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    **Plaintiff**
Viamedia, Inc.    , who issues or requests this subpoena, are:
Matthew Provance, Mayer Brown LLP, 71 S. Wacker Dr., Chicago, IL 60606, mprovance@mayerbrown.com, (312) 701-8598

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-cv-5486

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA

### DEFINITIONS

1.      "NCC," "You," and "Your" means National Cable Communications LLC.

2.      "Comcast" means Comcast Corporation, Comcast Spotlight, LP, as well as their officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, affiliates, acquisitions, successors or predecessors, all persons acting on Comcast's behalf, and any and all persons, affiliates, or subsidiaries associated with, affiliated with, or controlled by Comcast.

3.      "MVPD" means a person such as, but not limited to, a cable operator, a multichannel multipoint distribution service, a direct broadcast satellite service, or a television receive-only satellite program distributor, who makes available for purchase, by subscribers or customers, multiple channels of video programming.  MVPD includes, without limitation, a cable operator that operates more than one cable system, such as Comcast, and other types of video program providers.

4.      "Spot Cable Advertising" means reserved advertising time that MVPDs sell to local, regional or national advertisers.

5.      "Spot Cable Advertising Representation Services" means any sales, marketing, or technology services provided to an MVPD for purposes of facilitating the MVPD's Spot Cable Advertising transactions, including without limitation the identification of buyers, the negotiation of business terms for Spot Cable Advertising transactions, and the assumption of Spot Cable Advertising inventory for the purpose of marketing, selling and/or collecting revenue generated by such inventory, also referred to as "turn-key" services.

## INSTRUCTIONS

1.      Unless otherwise indicated, each request set forth in this Subpoena relates to the time period January 1, 2011 to the present (the "Relevant Time Period").

2.      You are instructed to produce all documents and communications requested in this Subpoena either as they are kept in the usual course of business or organized and labeled according to the record description to which they are deemed responsive.

3.      You are instructed to produce all documents and communications requested in this Subpoena that are in Your actual or constructive possession, custody, or control.

4.      If You are aware of any documents or communications requested in this Subpoena that have been destroyed, lost, misplaced, or are otherwise incapable of production, You are instructed to respond by providing the following information:

        (a)      The type of document (*e.g.* e-mail, notes, letters, memorandum, etc.);

        (b)      A description of the document and its contents;

        (c)      The identity of the author of the document;

        (d)      The circumstances under which the document was destroyed, lost, misplaced, or rendered otherwise incapable of production; and

        (e)      The identity of all persons having knowledge of the documents or the circumstances under which the document was destroyed, lost misplaced or otherwise rendered incapable of production.

5.      In the event You assert any form of objection or privilege as a ground for not producing any documents or communications requested in this Subpoena, You must identify the legal grounds and facts supporting the objection or privilege.  With respect to each responsive document that is withheld on the basis of an applicable privilege or other protection against disclosure, You are instructed to:

-2-

-3-

  (a)  Identify the author(s), sender(s), and recipient(s) of the document;

  (b)  Identify the date(s) the document was created and distributed;

  (c)  Identify the applicable privilege(s) or protection(s) against disclosure; and

  (d)  Describe the nature of the document in a manner that will enable Viamedia to assess the applicability of the privilege(s) or protection(s) against disclosure that You rely on.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All Civil Investigative Demand(s) ("CIDs") received from the Department of Justice relating to Viamedia, the sale of Spot Cable Advertising, the provision of Spot Cable Advertising Representation Services or to the management, operation or control of Interconnects.

**REQUEST NO. 2:** All documents produced to the Department of Justice, pursuant to any CID described in Request No. 1, above.

**REQUEST NO. 3:** All transcripts of testimony given by You (including by Your officers, directors, employees or agents) before the Department of Justice.

**REQUEST NO. 4:** All communications with Comcast related to Viamedia.

**REQUEST NO. 5:** All documents reflecting internal discussions or analysis regarding any and all contracts between NCC and Viamedia during the Relevant Time Period.

**REQUEST NO. 6:** All documents and communications created by or shared with Your officers, directors, board members or members of Your executive committee that refer to Viamedia, including all such emails, meeting minutes, records of votes, memoranda, and financial analyses.

**REQUEST NO. 7:** All current organizational charts.

-3-

**REQUEST NO. 8:** Your articles of organization, charters, operating agreements, and any equivalent governing documents.

**REQUEST NO. 9:** Documents sufficient to show the dollar value of advertising placed by NCC in each of the calendar years 2011 through and including 2016, allocated by the type or category of advertiser, e.g., automotive, political, restaurant, lodging, etc.

**REQUEST NO. 10:** With respect to political advertising placed by NCC in each of the calendar years 2014 through and including 2016, documents sufficient to show the dollar value of such advertising allocated by type or category, *e.g.*, presidential, gubernatorial, congressional, PACs, other.

**REQUEST NO. 11:** Documents sufficient to show how much (dollar value) of the political advertising placed by NCC in each of the calendar years 2014 through and including 2016 was (i) placed through Interconnects managed by Comcast or Comcast Spotlight and/or (ii) placed through MVPDs that were represented by Comcast or Comcast Spotlight.

**REQUEST NO. 12:** Documents sufficient to show any disagreements between NCC and Comcast in the calendar years 2014 through and including 2016 regarding the placement of political advertising.

**REQUEST NO. 13:** Documents sufficient to show any DMA-wide political advertising placed by NCC during calendar years 2014 through and including 2016 in DMAs where Comcast manages or controls the Interconnect.

**REQUEST NO. 14:** Copies of all current agreements between NCC and CenturyLink, Google Fiber, Dish Network, DirecTV, and any other MVPD that does not possess an ownership interest in NCC.

-4-

-5-

**REQUEST NO. 15:**  Documents sufficient to identify all firms that NCC believes to be competitors with NCC.

-5-

722840747