# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VIAMEDIA, INC., | |
| Plaintiff, | |
| v. | No. 16 C 5486 |
| COMCAST CORPORATION and COMCAST SPOTLIGHT, LP, | Honorable Amy J. St. Eve |
| Defendants. | |

### NOTICE OF THIRD-PARTY SUBPOENA

PLEASE TAKE NOTICE that, Pursuant to Federal Rule of Civil Procedure 45, Plaintiff Viamedia, Inc. will take the deposition of National Cable Communications, LLC on **Monday, September 25, 2017 at 9:00 am**, at the offices of Veritext, 1250 Broadway, Suite 2400, New York City, NY 10001 or alternatively Kellogg, Hansen, Todd, Figel & Frederick, PLLC, 1615 M Street, N.W., Suite 400, Washington, D.C., 20036 or at such other place and time as mutually determined. The examination will take place before an officer, notary public, or other person authorized to administer oaths and will be recorded, entirely or in part, by videotape, audiotape, real time transcription, and/or stenographic means.

Dated: August 18, 2017

Respectfully submitted,

*/s/ Kenneth M. Fetterman*
James M. Webster III
Aaron M. Panner
Derek T. Ho
Kenneth M. Fetterman
**KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900

Richard J. Prendergast
Michael T. Layden
**RICHARD J. PRENDERGAST,
LTD.**
111 W. Washington Street, Suite 1100
Chicago, Illinois 60602
(312) 641-0881

*Counsel for Plaintiff Viamedia, Inc.*

## CERTIFICATE OF SERVICE

I, Kenneth M. Fetterman, an attorney, certify that I caused a copy of the foregoing **NOTICE OF THIRD-PARTY SUBPOENA TO NATIONAL CABLE COMMUNICATIONS, LLC** to be served on counsel listed below on August 18, 2017 by the manner indicated below:

Ross B. Bricker
Sally K. Sears Coder
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
ssearscoder@jenner.com
(via email)

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
(via email)

/s/ Kenneth M. Fetterman

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Viamedia, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   16-cv-5486 |
| Comcast Corp., et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        National Cable Communications, LLC c/o Corporation Service Company
2711 Centerville Rd., Suite 400, Wilmington, DE 19808
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Veritext<br>1250 Broadway, Suite 2400<br>New York, NY 10001 | Or alternatively: Kellogg, Hansen, Todd,<br>Figel & Frederick PLLC<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036 | Date and Time:<br>September 25. 2017 or at such other place and<br>time mutually determined.    ⊞ |
|---|---|---|

The deposition will be recorded by this method:    Audio, video and/or stenographic means

❒ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/18/2017

| | | |
|---|---|---|
| _CLERK OF COURT_ | OR | _signature_ |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiff Viamedia, Inc. _____ , who issues or requests this subpoena, are:
Ken Fetterman, Kellogg, Hansen, Todd, Figel & Frederick, PLLC, 1615 M Street NW, Ste 400, Washington, DC 20036,
kfetterman@kellogghansen.com, (202) 367-7988

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  16-cv-5486

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*


                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A 30(b)(6) Deposition Topics

The Definitions and Instructions are incorporated from the prior document subpoena issued in this case. NCC is required by Rule 30(b)(6) to designate one or more officers, directors, or managing agents to testify on the following subjects regarding the information known or reasonably available to NCC, and to identify the subjects on which each person so designated will testify:

1. NCC's experiences with Interconnects.

2. The services NCC provides through the Interconnect.

3. NCC's interactions with Viamedia.

4. Allocation of spot cable inventory by interconnect managers at the national, regional and local levels, including dynamic inventory allocation.

5. NCC's work with interconnects, including the allocation and placement of spot cable inventory by interconnect managers.

6. Comcast's control of, supervision of, ownership of, and interactions with NCC.

7. Comcast's exclusion of Viamedia from the Interconnect in Chicago, Detroit, Hartford, and any other market.

8. The ownership, management, operation, and structure of NCC.

9. The management, operation, history and structure of Interconnects.

10. NCC's interactions with Comcast and its other owners.

11. NCC's profits and revenues.

12. Fees or rates NCC charges its members and owners, including how such fees or rates are determined.

13. NCC's policies, procedures, and decisions regarding the admission of members.

14. The allocation of inventory between NCC and local spot cable advertising at the national, local, and regional levels.

15. Efforts to collect and produce documents responsive to the subpoena in this case.