# Exhibit G

| | |
|---|---|
| **From:** | Wilkins, Matthew J. |
| **To:** | Hartman, Benjamin J.; Burke, Arthur J.; Toscano, David B.; Lynch, Christopher; Bricker, Ross B |
| **Cc:** | Webster, James M.; White, Collin R. |
| **Subject:** | RE: Viamedia v. Comcast - Supplemental Disclosure |
| **Date:** | Monday, December 15, 2025 9:59:00 AM |

Counsel –

Thank you for the correspondence. Please find below the three categories of additional information that you requested in that correspondence:

1. Viamedia first became aware that Mr. Little has personal knowledge relevant to this case in late 2024, sometime after Mr. Little joined Viamedia's Board of Directors, which occurred in September 2024.

2. Mr. Little has, based on his interactions with Comcast personnel during his time at NCC, personal knowledge of Comcast's intent to use its control over Interconnects to monopolize the market for ad rep services and put Viamedia out of business.

3. To confirm that Mr. Little possesses no documents relevant to this case, we interviewed Mr. Little regarding documents (including physical documents, emails, electronic files, phone records, etc.) currently in his possession from his time at NCC.  As Mr. Little joined Viamedia's Board more than a decade after the factual events at issue, documents dated or created during his time on the Board are not relevant.  Comcast is, of course, welcome to test these assertions at a deposition.

Given the points above, as well as Judge McNally's instruction that the parties try to reach agreement where possible, please let us know whether Comcast consents to Viamedia calling Mr. Little as a witness.  Please also let us know your availability to depose Mr. Little.

Please also let us know if Comcast does not object Dr. Cragg updating his damages calculation.  As Comcast knows, Dr. Cragg has only calculated damages as of the end of 2021.  Viamedia bears no responsibility for the subsequent delay in which damages have continued to accrue.  Accordingly, we believe it is only fair to allow Viamedia's expert to update his damages calculation using the same methodologies he employed in his prior calculation.  We will, of course, agree to a supplemental deposition of Dr. Cragg concerning his updated damages calculation, and to a supplemental report from Comcast's expert concerning Viamedia's updated damages calculation if Comcast so desires.  Please let us know whether Comcast consents to an updated calculation of

Viamedia's damages.

On a separate thread, you proposed meeting and conferring regarding these issues tomorrow (Tuesday, 12/16) at 4:00 pm ET.  That time does not work for us.  We are available tomorrow before 2:00 pm ET and after 5:00 pm ET.  If those times do not work for you, then we also are available on Wednesday, 12/17 before 2:00 pm ET and on Thursday, 12/18 at any time.  Please let us know if any of those times work for you.

Best,
Matthew

**From:** Hartman, Benjamin J. <benjamin.hartman@davispolk.com>
**Sent:** Tuesday, December 9, 2025 10:28 AM
**To:** Wilkins, Matthew J. <mwilkins@kellogghansen.com>; Burke, Arthur J. <arthur.burke@davispolk.com>; Toscano, David B. <david.toscano@davispolk.com>; Lynch, Christopher <christopher.lynch@davispolk.com>; Bricker, Ross B <rbricker@jenner.com>
**Cc:** Webster, James M. <jwebster@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>
**Subject:** [EXTERNAL] RE: Viamedia v. Comcast - Supplemental Disclosure

Counsel,

I am writing to follow up on the below.  Can you provide any guidance as to when you expect to respond to the attached letter?

Best,

Ben

**Benjamin J. Hartman**

+1 212 450 3079 office
+1 646 413 5474 mobile
benjamin.hartman@davispolk.com

**Davis Polk & Wardwell** LLP
Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

**From:** Hartman, Benjamin J. <benjamin.hartman@davispolk.com>

**Sent:** Thursday, December 4, 2025 6:19 PM
**To:** Wilkins, Matthew J. <mwilkins@kellogghansen.com>; Burke, Arthur J. <arthur.burke@davispolk.com>; Toscano, David B. <david.toscano@davispolk.com>; Lynch, Christopher <christopher.lynch@davispolk.com>; Bricker, Ross B <rbricker@jenner.com>
**Cc:** jwebster@kellogghansen.com; White, Collin R. <cwhite@kellogghansen.com>
**Subject:** RE: Viamedia v. Comcast - Supplemental Disclosure

Counsel:

Please see the attached correspondence.

Best,
Ben

**Benjamin J. Hartman**

+1 212 450 3079 office
+1 646 413 5474 mobile
benjamin.hartman@davispolk.com

**Davis Polk & Wardwell** LLP

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

**From:** Wilkins, Matthew J. <mwilkins@kellogghansen.com>
**Sent:** Thursday, November 13, 2025 7:08 PM
**To:** Burke, Arthur J. <arthur.burke@davispolk.com>; Toscano, David B. <david.toscano@davispolk.com>; Hartman, Benjamin J. <benjamin.hartman@davispolk.com>; Lynch, Christopher <christopher.lynch@davispolk.com>; Bricker, Ross B <rbricker@jenner.com>
**Cc:** jwebster@kellogghansen.com; White, Collin R. <cwhite@kellogghansen.com>
**Subject:** Viamedia v. Comcast - Supplemental Disclosure

Counsel:

Please find attached Viamedia's Third Supplemental Rule 26 Disclosure. The crux of the disclosure is that Viamedia may rely upon the testimony of Ken Little – the former Chief Operating Officer of Ampersand (formerly NCC) – to prove its case.

Kellogg Hansen represents Mr. Little. We have confirmed that he possesses no documents relevant to this case. We are available to schedule a deposition. Please let us know your availability.

Best,
Matthew


**Matthew J. Wilkins**

Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.

1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7912

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.