# Exhibit H

```
 1                      IN THE UNITED STATES DISTRICT COURT
                      FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                                EASTERN DIVISION

 3    VIAMEDIA, INC.,                      )  No. 16 C 5486
                                           )
 4                    Plaintiff,           )
                                           )
 5            vs.                          )  Chicago, Illinois
                                           )
 6    COMCAST CORPORATION and COMCAST      )
      CABLE COMMUNICATIONS MANAGEMENT,     )
 7    LLC,                                 )
                                           )  December 9, 2025
 8                    Defendants.          )  10:35 a.m.

 9                         TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HON. LAURA K. McNALLY, MAGISTRATE JUDGE
10
      APPEARANCES:
11
      For the Plaintiff:     KELLOGG, HANSEN, TODD,
12                           FIGEL & FREDERICK, PLLC
                             BY:  MR. JAMES M. WEBSTER III
13                                MR. MICHAEL J. WILKINS
                             1615 M Street, N.W. Suite 400,
14                           Washington, D.C.  20036

15    For the Defendants:    DAVIS, POLK & WARDWELL LLP
                             BY:  MR. ARTHUR J. BURKE
16                                MR. CHRISTOPHER P. LYNCH
                             450 Lexington Avenue,
17                           New York, New York  10017

18                           JENNER & BLOCK LLP
                             BY:  MR. MICHAEL T. BRODY
19                                MR. ROSS B. BRICKER
                             353 North Clark Street,
20                           Chicago, Illinois  60654

21

22                          PATRICK J. MULLEN
                         Retired Official Court Reporter
23                       United States District Court
                         219 South Dearborn Street
24                       Chicago, Illinois  60604
                             (708) 935-1931
25                         *   *   *   *   *
          TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1      (Proceedings via video teleconference on the record.)

2            THE CLERK:  2016 CV 5486, Viamedia, Inc., versus

3    Comcast Corporation, et al., here for status.

4            THE COURT:  Good morning.  Can I get appearances,

5    starting with the plaintiff, please?

6            MR. WEBSTER:  Good morning.  Jim Webster from Kellogg

7    Hansen for plaintiff Viamedia.

8            MR. WILKINS:  Good morning.  Matthew Wilkins also of

9    Kellogg Hansen and also for plaintiff Viamedia.

10           MR. BURKE:  This is Arthur Burke.  I'm joined by my

11   colleague Chris Lynch from Davis Polk for the defendant

12   Comcast.

13           Mike, I don't know if you want to --

14           MR. BRODY:  Good morning, Your Honor.  Michael Brody

15   and Ross Bricker of Jenner & Block for Comcast as well.

16           THE COURT:  All right.  Hello, everyone.

17           Oh, are there more people?  Go ahead.

18     (No response.)

19           THE COURT:  No?  I guess not.

20           Okay.  Welcome.  Well, I guess maybe I should be the

21   one welcomed to this long case.  I have not heard 16 CV said

22   yet, so here we are.  I'm looking at the joint status report

23   filed yesterday as well as the one that was filed earlier this

24   month talking about the proposed schedules, dueling schedules.

25           Let me back up a step or two.  I saw the referral was

1    for discovery supervision, and can you just confirm it for me?

2    Aren't we done with discovery?

3          MR. BURKE:  We are, Your Honor.

4          THE COURT:  Okay.  All right.

5          MR. BURKE:  I guess I would say it's not clear to me

6    that we are, Your Honor.  The plaintiffs did amend their 26(f)

7    disclosures in this case to add an additional witness.  I think

8    that may be an issue that we bring to your attention.  But if

9    that witness is permitted to be added, then we would expect to

10   be taking the deposition of that witness.

11         The plaintiffs have also indicated to the judge, Judge

12   Coleman, that they may be serving up a new damages report.

13   Assuming obviously a higher damages estimate, we're certainly

14   assuming that.  So I guess that would likely entail additional

15   discovery as well.  We don't know really what that's going to

16   say, so it's hard to know exactly what the consequences will

17   be.  But it's likely that there will be at least motion

18   practice before Your Honor as to the propriety of that and then

19   perhaps also additional depositions.

20         THE COURT:  Okay.  Let's --

21         MR. WEBSTER:  Your Honor?

22         THE COURT:  Yes, go ahead.  Go ahead, Mr. Webster.

23         MR. WEBSTER:  Just for the record, we agree with that.

24   We offered up the new witness for a deposition.  Our damages,

25   our damages calculation was last performed for 2021, so we had

1    four years of damages that have not been calculated.  So we do

2    intend to update our damages and would be, you know, into a

3    deposition of our expert once those damages are updated.

4         THE COURT:  Okay.  Is there -- first of all, can I ask

5    every person who's not on the screen to mute your phone?  Then

6    if you're not talking, if you could keep your phone or video

7    muted as well, I'd appreciate it.  We are getting -- are people

8    getting like a blast of sound?

9         MR. WEBSTER:  Yes.

10        THE COURT:  Yes, okay.  All right.  Let's see.

11   Hopefully that will help with that.

12        So the additional witness, the additional, tell me

13   about that person.

14        MR. WEBSTER:  His name is Ken Little.  He worked for

15   over 20 years at NCC, which became Ampersand, which is in the

16   cable advertising business.  He joined Viamedia's board late

17   last year, and at that time we learned that he had highly

18   relevant information about Comcast's intent to monopolize the

19   ad rep market to put Viamedia out of business.

20        THE COURT:  And this is your -- so you're planning to

21   bring a new witness helpful to your case?

22        MR. WEBSTER:  Yes.

23        THE COURT:  And this person, I'm having -- when did

24   fact discovery close?  '22, right?

25        MR. WEBSTER:  Yes.  It was closed originally when we

1   had the first summary judgment motion, and then it reopened

2   after our appeal to the Seventh Circuit was successful.  Then

3   there was some fact discovery after that in 2020 and I believe

4   in 2021, although Art can correct me on that if I'm wrong.

5          THE COURT:  All right.  So --

6          MR. BURKE:  I think that's right, Mr. Webster.

7          THE COURT:  Thank you.

8          I have no problem with anybody adding additional

9   parties, doing additional discovery outside.  This is voluntary

10  by agreement.  Godspeed.  But if there is an objection,

11  discovery is closed, and there will need to be a motion with

12  good cause, good cause being unforeseeable and not just:  We

13  found somebody else.

14         If someone is planning to have such a motion, here's

15  what we're going to do.  We're going to get this case and it's

16  going to get tried.  Then we're going to move on with our

17  lives, and we're going to leave behind this pet nobody wanted

18  to adopt.  So if there's going to be a motion for new

19  witnesses, that motion, I'm going to set a deadline here.

20         The parties have conferred, so you'll have your

21  conferral obligations satisfied.  That motion will be due --

22  and because of the holidays, I'll be a little softer here --

23  January 9th, the response brief January 15th, and we'll set it

24  for hearing on January 20th at 11:00 o'clock.  Maybe we won't

25  need to do it, but let's just put all those dates in this

1    calendar.

2            Okay.  Is there, is there an expected objection as to

3    updating the damages testimony, the experts on the damages?

4            MR. BURKE:  Almost certainly, Your Honor.  I mean, we

5    haven't seen exactly what they're doing.  Mr. Webster has

6    hinted at it.  We're kind of speculating as to what it would

7    be, but I would say almost certainly we will object to that.

8            THE COURT:  Okay.  So if there is a motion to reopen

9    experts, that will have the same calendar from January 9th.

10   I'm going to move everything now because experts might make it

11   a little more complicated.  So the motion for both new fact

12   witnesses and new expert testimony, January 9th it's still due,

13   response the 23rd.  Then the hearing, let's do the hearing the

14   27th at 11:00 o'clock.

15           MR. BURKE:  So that would be the same schedule for

16   both motions, Your Honor?

17           THE COURT:  Yes, yes, the same schedule for both

18   motions.  Between now and then, if the parties realize that,

19   you know, now that they think about it they found something

20   else they want to do, let's just throw it all in.  You've got

21   to confer.  The motion needs to include the -- for both needs

22   to have that conferral certification.  But anybody who wants to

23   reopen any old wounds, they're going to be January 9th, January

24   23rd, January 27th.

25           Okay.  Between then -- well, there are no more