**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VIAMEDIA, INC., ) | |
| ) | Case No. 1:16-cv-05486 |
| *Plaintiff,* ) | |
| ) | Hon. Sharon J. Coleman |
| v. ) | |
| ) | Hon. Laura K. McNally, |
| COMCAST CORPORATION and ) | Magistrate Judge |
| COMCAST CABLE ) | |
| COMMUNICATIONS MANAGEMENT, ) | |
| LLC, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d) and the Court's inherent authority.

**I.     CONFIDENTIALITY**

1.      **Scope**.  All materials produced or adduced in the course of formal or informal discovery in this action, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means nonpublic information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or other nonpublic proprietary business information that bestows a competitive advantage on the producing party; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information or other private and highly sensitive information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) other information the producing party reasonably believes is subject to protection. Information or documents that are available to the public, other than as a result of a breach of this protective order or a violation of any other duty of confidentiality, do not qualify as Confidential Information. Confidential Information is properly designated as "HIGHLY CONFIDENTIAL" if its significance to the competitive strategy and operations of a party or non-party is such that its disclosure could result in harm to that party or non-party and/or harm to competition including, without limitation, (i) documents or information relating to or reflecting market strategies, including business planning, contract negotiations and terms, and research and development activities, (ii) documents or information relating to or reflecting other trade secrets or nonpublic proprietary business information that bestows a competitive advantage on the producing party, including representation agreements; (iii) documents or information relating to or reflecting costs or pricing, including cost data, budgets, and any price-related terms of a party's products or services, and (iv) any documents or information relating to or reflecting customer information.

-3-

3.  **Designation**.

a.      A party or non-party (the "Designating Party") may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.      The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a party appearing pro se in this action, or a non-party producing documents in this action that the document contains Confidential Information as defined in this Order.

c.      Notwithstanding subparagraphs 3(a)-(b) of this Order, any Investigation Materials produced in this action by a party or non-party may be presumptively designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," with or without individually reviewing each document (i.e., bulk designation) and with or without marking the material as prescribed in subparagraph 3(a) of this Order, subject to the procedures for challenging such designations

-3-

pursuant to paragraph 9 of this order. "Investigation Materials" means any correspondence, documents, data, information, or transcripts of testimony previously provided to the U.S. Department of Justice ("DOJ").

4. **Depositions**. A party or non-party may designate some or all of a witness's deposition testimony as Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken. The designating party must provide the specific page and line designations over which the party or non-party claims confidentiality within twenty-one (21) days after delivery of the transcript by the court reporter to the designating party or non-party. Thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information, unless otherwise ordered by the Court. Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline.

5. **Protection of Confidential Information**.

a. **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

b. **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

1)      **Counsel**.  Inside and outside legal counsel for the parties and such employees and support staff of legal counsel as have responsibility for the action;

2)      **Parties**.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this action;

3)      **The Court and its personnel**;

4)      **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5)      **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6)      **Consultants and Experts**.  Consulting or testifying experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7)      **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary, and the counsel representing them at the deposition, if any. Neither witnesses nor their counsel

shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8)      **Author or recipient**.  The author or recipient of a document (not including a person who received the document in the course of litigation) may be shown only those portions of the document that he or she authored or received;

9)      **Special masters and their direct staff**;

10)     **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties; and

11)     **Others by Consent**.  Other persons only by written consent of the producing party or non-party or upon order of the Court and only on such conditions as may be agreed or ordered.

c.      **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

1)  **Outside Counsel**. Outside legal counsel of record for the parties in this action and such employees and support staff of outside counsel as necessary to conduct this action;

2)  **Court-Designated Parties**. Court-designated parties are permitted access only to information designated by Comcast or Viamedia as HIGHLY CONFIDENTIAL. The following ten (10) individuals, as designated by the Parties and approved by the Court:

|   | Name | Title |
|---|------|-------|
| 1 | David Solomon | Chief Executive Officer of Viamedia |
| 2 | Terry Graunke | Viamedia Board Member |
| 3 | Mark Lieberman | Former Chief Executive Officer of Viamedia and Current Board Member |
| 4 | Jeff Carter | Founder and former Chief Executive Officer of Viamedia and Current Board Member |
| 5 | TBD | (Viamedia reserves the right to designate one additional person at a future time) |
| 6 | Lynn Charytan | Executive Vice President and Senior Deputy General Counsel at Comcast Corporation and Executive Vice President and General Counsel at Comcast Cable Communications Management, LLC |
| 7 | Charles Shioleno | Deputy General Counsel, Competition Law at Comcast Cable Communications Management, LLC |
| 8 | Debbie Carlos | Vice President and Senior Deputy General Counsel, Commercial Litigation at Comcast Cable Communications Management, LLC |

| 9 | David Marcus | Senior Vice President and Chief Litigation Officer at Comcast Cable Communications Management, LLC |
| 10 | Marcien Jenckes | President of Xumo and Managing Director of Comcast Advertising |

3) **The Court and its personnel**;

4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions in this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6) **Consultants and Experts**. Consulting or testifying experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7) **Witnesses at depositions**. During their depositions, witnesses in this action who are employees of the Designating Party or who were employees of the Designating Party at the time that the exhibit designated as "HIGHLY CONFIDENTIAL" was created. Neither witnesses nor their counsel shall retain a

copy of exhibits designated as "HIGHLY CONFIDENTIAL." Pages of transcribed deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. If a witness in this action is not a current employee of the Designating Party nor was the author, recipient, or an employee of the Designating Party at the time the documents designated as HIGHLY CONFIDENTIAL were created, the party wishing to make such disclosure shall give at least seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and stating the purposes of such disclosure. If, within the 7 day period, written notice of objection to the proposed disclosure is provided to the party wishing to make such disclosure, disclosure is not permissible without leave of Court.

8) **Author or recipient**. The author or recipient of a document (not including a person who received the document in the course of litigation) may be shown only those portions of the document that he or she authored or received;

9) **Special masters and their direct staff**;

10) **Mediators and their direct staff** provided that they are bound by a confidentiality agreement acceptable to all parties; and

11)      **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

d.      **Control of Documents**.   Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

e.      Nothing in this Order shall limit or restrict in any manner a party or non-party's right to use, or to authorize or consent to the use of, its own Confidential Information.

6.      **Failure to Designate**.   A failure to designate a document as Confidential Information does not waive the confidential status of such information or the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party or non-party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential Information.

7.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential

-10-

Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is subject to challenge by any party. The following procedure shall apply to any such challenge.

a. **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

b. **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

-11-

c.      **Fees/Costs**.  Each party shall bear its own fees and costs related to any challenges of confidentiality designations under this Order.

10.      **Action by the  Court**.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.      **Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.      **Confidential Information Subpoenaed in Other Litigation or Proceeding**.

a.      If a receiving party is served with a subpoena or a judicial order issued in other litigation or proceeding that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.      The receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.       The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     **Obligations on Conclusion of Litigation**.

a.       **Obligations at Conclusion of Litigation**.  Within sixty days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in this matter shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the producing party unless (1) otherwise agreed by the parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure.

b.       **Retention of Work Product and One Set of Filed Documents**.

Notwithstanding the above requirements to return or destroy documents, outside counsel may retain their records of (1) email correspondence related to their representation, (2) attorney

work product, including memoranda and correspondence related to the litigation, and/or an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (3) a complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

        c.      **Deletion of Documents filed under Seal from ECF System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

## II.      LIMITATIONS ON WAIVER OF PRIVILEGE

      15.      **No Waiver by Disclosure**.

        a.      This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

        b.      A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The receiving party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 15(c) of this Order—within five business days of receipt of that writing, (i)

-14-

return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within five business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

c. If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within five business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on or refer to any of the Disclosed Protected Information. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

d. The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

e. Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

f. The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

16.     **Receiving Party's Obligation**.  Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a receiving party becomes aware that it is in possession of what appears to be privileged documents or materials, then counsel for the receiving party shall immediately: (i) cease any further review or use of that document or material and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or materials are Disclosed Protected Information. In the event the producing party confirms the documents or material are Disclosed Protected Information, the receiving party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties.

## III.     MISCELLANEOUS

17.     **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.     **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

-17-

19.     **Persons Bound**.   This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

20.     **Order Continues in Force**.   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

          **SO ORDERED.**

Dated: _____          _____
                                 Hon. Laura K. McNally
                                 United States Magistrate Judge

The parties, by and through the undersigned counsel, so move and agree to abide by the terms of this Order.

Dated: April 30, 2026

/s/ Michael T. Layden

Richard J. Prendergast
Michael T. Layden
CROKE FAIRCHILD
DUARTE & BERES LLC
191 N. Wacker Dr., 31st Floor
Chicago, Illinois 60606
Tel: (312) 641-0881
rprendergast@rjpltd.com
mayden@rjpltd.com

James M. Webster III (pro hac vice)
Aaron M. Panner (pro hac vice)
Derek T. Ho (pro hac vice)
Kenneth M. Fetterman (pro hac vice)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
jwebster@kellogghansen.com
apanner@kellogghansen.com
dho@kellogghansen.com
kfetterman@kellogghansen.com

*Attorneys for Plaintiff Viamedia, Inc.*

/s/ Ross B. Bricker

Ross B. Bricker
Alexis E. Bates
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654 -3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
abates@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corp. and Comcast Cable Communications Management, LLC*

-18-

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| VIAMEDIA, INC., | ) ) ) | Case No. 1:16-cv-05486 |
| *Plaintiff,* | ) ) ) | Hon. Sharon J. Coleman |
| v. | ) ) | Hon. Laura K. McNally, Magistrate Judge |
| COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | ) ) ) ) ) | |
| *Defendants.* | ) ) ) | |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the Northern District of Illinois in matters relating to the

Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her

to use materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in

accordance with the Order solely for the purposes of the above-captioned action, and not to

disclose any such Confidential Information to any other person, firm or concern. The undersigned

acknowledges that violation of the Confidentiality Order may result in penalties for contempt of

court.

Name: _____

Employer: _____

Address: _____

Date: _____

Signature: _____