**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VIAMEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | ) | No. 16 C 5486<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Laura K. McNally, Magistrate Judge |

**COMCAST'S REVISED MOTION IN LIMINE NO. 1A TO PRECLUDE ARGUMENT OR EVIDENCE REGARDING A "FREESTANDING" THEORY OF LIABILITY**

Ross B. Bricker
Alexis E. Bates
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
abates@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

## INTRODUCTION[1]

This Court was clear in ruling on Comcast's remand summary judgment motion that "the sole remaining theory of liability underlying Viamedia's allegations is tying." *Viamedia, Inc. v. Comcast Corp.*, 2025 WL 2972666, at *4 (N.D. Ill. Oct. 14, 2025). Yet Viamedia now seeks to pursue, and introduce evidence relating to, a "free-standing" theory of liability that would allow Viamedia to present its monopolization claim to the jury ***without*** proving that Comcast engaged in tying. Viamedia's gambit is clear: it seeks to revive the refusal-to-deal theory of liability that it expressly disclaimed and thereby sow confusion among the jurors. The Court should reject this improper gamesmanship and preclude Viamedia from presenting arguments and evidence at trial relating to any "free-standing" theory of liability. Viamedia has pursued this case as a tying case for many years, and it is too late to change tack now.

***First***, Viamedia disclaimed "any free-standing monopolization claim unaccompanied by any of the normal exclusionary practices" at the outset of this case, and the Court expressly held that it was "procedurally barred from raising" it later. *Viamedia, Inc. v. Comcast Corp.*, 335 F. Supp. 3d 1036, 1068 (N.D. Ill. 2018), *rev'd and remanded on other grounds*, 951 F. 3d 429 (7th Cir. 2020).

***Second***, after remand Viamedia formally abandoned its refusal-to-deal theory of liability "[i]n an effort to reduce the potential scope of additional discovery." *Viamedia*, 2025 WL 2972666, at *5. Viamedia then ***repeatedly represented*** to Comcast and this Court that tying is the ***only theory of liability*** it would pursue at trial. Those representations are binding.

***Third***, irrespective of waiver arguments, the Court should exercise its discretion to prevent Viamedia from introducing a new theory of liability at the eleventh hour.

---

[1] Unless otherwise noted, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted.

***Fourth***, Viamedia's statements to the Court on August 26, 2026, confirm that its "free-standing" theory improperly attempts to revive the refusal-to-deal theory that Viamedia abandoned. Allowing Viamedia to revive it for trial would unfairly prejudice Comcast.

## ARGUMENT

### I. Viamedia Affirmatively Waived Any Theory of Monopolization Unaccompanied By a Specific Form of Anticompetitive Conduct

Viamedia expressly disclaimed reliance on a "free-standing" monopolization theory in 2016. Comcast argued in support of its motion to dismiss that Viamedia asserted a free-standing monopolization theory of the sort rejected in *Schor v. Abbott Laboratories*, 457 F.3d 608, 611-13 (7th Cir. 2006). Dkt. 29 at 12. In response, Viamedia disclaimed any "free-standing monopoly leveraging theory," and represented that it alleged ***specific, recognized exclusionary practices***, including "straightforward tying and exclusive dealing" and refusal-to-deal conduct. Dkt. 32 at 6–10. The Court held that "Viamedia's claim is not free-standing because it alleges particular types of anticompetitive conduct – namely, tying, exclusive dealing, and refusing to deal." *Viamedia, Inc. v. Comcast Corp.*, 218 F. Supp. 3d 674, 695 (N.D. Ill. 2016).

Viamedia opposed Comcast's pre-remand summary judgment motion by arguing that Comcast could be held liable for conduct "however described" under a "broader understanding of exclusionary conduct" under Section 2. Dkt. 336 at 23-25. The Court held that Viamedia had "affirmatively disavowed any free-standing monopolization claim unaccompanied by any of the normal exclusionary practices" and found that Viamedia was "procedurally barred from raising" that "catchall exclusionary conduct" theory in 2018. *Viamedia*, 335 F. Supp. at 1068.

A party that disowns a theory of liability to defeat dismissal cannot revive it at trial. *See The Medicines Co. v. Mylan Inc.*, 2014 WL 1979261, at *3-4 (N.D. Ill. May 15, 2014). The Seventh Circuit did not revive Viamedia's "free-standing" theory. Instead, it reversed only (1)

"dismissal of Viamedia's claim for monopolization ***through an unlawful refusal to deal***," *Viamedia*, 951 F.3d at 466, and (2) "summary judgment for Comcast on ***Viamedia's tying claim***," *id.* at 474. That reversal did not revive any waived claim or theory.

## II. Viamedia Withdrew Its Refusal-To-Deal Theory and Repeatedly Confirmed That the Only Theory of Liability Underlying Its Section 2 Claim Is Tying

Viamedia formerly abandoned its refusal-to-deal theory of liability on January 12, 2022. In a sworn representation to the Court, Viamedia "confirm[ed] that it is no longer pursuing its refusal-to-deal theory of liability[.]" Dkt. 490. Since then, Viamedia has repeatedly represented to Comcast and to this Court that the only theory of liability it would pursue at trial is tying.

*First*, during a March 2022 hearing, Viamedia opposed additional discovery on the basis that "[i]f it was not for Judge St. Eve's improper ruling granting [Comcast] summary judgment, the case would have gone to trial, the ***very case that we have right now***, the ***tying theory case***." 3/3/2022 Hr'g Tr. 7:20-23.

*Second*, Viamedia explained in opposing Comcast's remand summary judgment motion that its decision was strategic: "Because discovery on Viamedia's refusal to deal theory threatened to further delay trial, Viamedia elected not to pursue it, and instead to proceed to trial on the theory the Seventh Circuit held was ready for trial: ***tying in Chicago, Detroit, and Hartford DMAs***." Dkt. 701 at 13-14; *see also id*. at 14 n.1.

*Third*, during a December 2024 hearing, Viamedia argued that post-remand expert reports were untimely "[b]ecause the Seventh Circuit said you have a tying case. You have ample evidence of tying. That's what they said in, in their opinion, and they remanded the case ***for trial on that tying theory***." 12/13/2024 Hr'g Tr. 25:9-12.

*Fourth*, Viamedia's damages case confirms that Viamedia has dropped all theories of liability other than tying. In January 2022, Viamedia responded to contention interrogatories by

stating that "Comcast's tying conduct caused . . .all of Viamedia's injuries alleged in this action." Dkt. 674-7 at 3 & App. A. Viamedia's damages expert, Dr. Cragg, likewise stated his "understanding that Viamedia removed the Refusal to Deal allegations." Ex. 9, July 25, 2022 Am. Expert Report of Dr. Michael I. Cragg ¶ 35. Viamedia defended Dr. Cragg's opinions against exclusion on that ground, and this Court held that "[b]ecause Viamedia withdrew its refusal-to-deal theory of liability before producing Dr. Cragg's expert reports, and because Dr. Cragg explicitly states . . . his understanding that Viamedia removed the Refusal to Deal allegations, . . . the Court sees no reason to believe that Dr. Cragg considered extraneous, lawful conduct in his damages computation." *Viamedia*, 2025 WL 2972666, at *14. Viamedia therefore asserts no damages resulting from any anticompetitive conduct ***other than tying***.

Viamedia's statements to this Court are "formal concessions" that are "binding upon the party making them." *Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997). Viamedia's judicial admissions "may not be controverted at trial or on appeal." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). The Court should hold Viamedia to its repeated representations that tying is the only theory of liability it would pursue at trial.

## III. The Court Should Preclude Viamedia From Presenting a "Freestanding" Theory of Liability Regardless of Waiver

Even setting aside Viamedia's waiver and judicial admissions, it is entirely appropriate to preclude Viamedia from raising a ***new*** theory of liability at this late stage of the case. Viamedia represented to Comcast and this Court that the only theory of liability it would pursue at trial is tying, *see supra* at 3–4, and this Court recognized that "the sole remaining theory of liability underlying Viamedia's allegations is tying." *Viamedia*, 2025 WL 2972666, at *4. This Court has the discretion to preclude Viamedia from arguing a new theory of liability and introducing related evidence in ruling on a motion in limine.

The Seventh Circuit recently reiterated in *NEXT Payment Solutions, Inc. v. CLEAResult Consulting, Inc.*, that "[d]istrict courts enjoy wide discretion to refuse attempts to raise new theories of liability at late stages of the case if such changes will prejudice the opposing party or unduly delay the proceedings." 163 F.4th 1091, 1100 (7th Cir. 2026) (collecting cases). In that case, the district court granted a motion in limine precluding the plaintiff from arguing "a new theory of liability [for unjust enrichment] not previously pursued by" the plaintiff. *See id.* at 1099. The Seventh Circuit affirmed, finding "[t]he district court was firmly within its discretion in holding that [the plaintiff] was improperly raising a new theory of liability shortly before trial and that allowing it to do so would cause undue delays and prejudice." *Id.* at 1100. Just as in *NEXT*, Viamedia should not be permitted to tell Comcast and this Court for years that its monopolization claim is about tying, only to change its tune on the eve of trial. *See id.*; *see also Aldridge v. Forest River, Inc.*, 635 F.3d 870, 873-75 (7th Cir. 2011) (precluding addition of a new theory of liability "tantamount to changing the theory of the case at the eleventh hour").

## IV. Viamedia's "Freestanding" Theory Is an Improper Attempt to Revive Viamedia's Abandoned Refusal-To-Deal Theory

Viamedia's latest theory that it can prove monopolization without proving that Comcast engaged in anticompetitive tying is a transparent attempt to resurrect its refusal-to-deal theory. To violate Section 2, a monopolist's unilateral refusal to deal with a rival must have the "key anticompetitive characteristics" that the Supreme Court identified in *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985), including (1) the termination of "a prior and voluntary course of dealing, and refusal to sell at retail price" that (2) "suggested a willingness to forsake short-term profits." *See Viamedia*, 951 F.3d at 462–63. Refusal-to-deal cases also require proof that (3) "the monopolist's refusal to deal was part of a larger anticompetitive enterprise, such as . . . seeking to drive a rival from the market." *Id.* at 462.

Viamedia's description of the conduct for which it seeks to hold Comcast liable under a "freestanding" theory of Section 2 liability during the August 26, 2026 argument on Comcast's Motions in Limine Nos. 1 and 5 maps onto these factors ***exactly***:

> The facts are all about the fact that Comcast [1] ***excluded Viamedia from interconnects*** and did so [2] ***knowing that would cost Comcast,*** Viamedia, and Viamedia's clients all millions of dollars. And that they did so because [3] they ***wanted to eliminate Viamedia as a competitor*** in the ad rep services market.

8/26/2026 Hr'g Tr. 34:15-20. By contrast, tying occurs where a seller (1) "exploit[s] . . . its control over the tying product," (2) "to force the buyer into the purchase of a tied product," (3) "that the buyer either did not want at all, or might have preferred to purchase elsewhere on different terms." *Viamedia*, 951 F.3d at 466.

Refusal-to-deal doctrine focuses solely on conduct directed towards rivals. Tying involves conduct that also targets customers. For that reason, the Seventh Circuit in this case held that "[t]he sufficiency of [Viamedia's] tying claim depends on ***whether Comcast forced RCN and WOW!*** to buy its ad rep services." *Id.* at 467. Viamedia made no mention of that core element of its tying theory of liability during the August 26, 2026 hearing. It instead seeks to make this case solely about Comcast's decision not to renew its agreement with Viamedia – exactly the theory of liability that Viamedia ***expressly abandoned*** on remand.

Viamedia's attempt to repackage its refusal-to-deal theory as a free-standing Section 2 monopolization claim fails on its own terms. Viamedia's counsel asserts that "[y]ou can look at those facts" – Comcast's alleged exclusion of Viamedia from the interconnects to eliminate Viamedia as a competitor – "as a refusal to deal theory of liability . . . or you can just look at the jury instructions for a Section 2 violation and say does this conduct satisfy the elements of a Section 2 claim?" 8/26/2026 Hr'g Tr. 35:6-11. That is flatly wrong. Refusal-to-deal ***conduct*** must be evaluated according to the Supreme Court's refusal-to-deal ***doctrine*** – just as the

Seventh Circuit did on appeal in this case. *See Viamedia*, 951 F.3d 429 at 453-460.

The Ninth Circuit's recent opinion in *AliveCor, Inc. v. Apple Inc.* is instructive. 163 F.4th 1259 (9th Cir. 2026). AliveCor's "central theory" of liability under Section 2 fell within the category of a refusal to deal with competitors. *Id.* at 1267. In light of "the general rule that there is no duty to deal with competitors," *id.* at 1269, AliveCor "resist[ed] the notion that its claims should be analyzed as a refusal to deal." *Id.* at 1268. But the court rejected this evasion, holding that "AliveCor cannot avoid the hard road of refusal to deal doctrine by attempting to recast Apple's conduct as something else when the substance of that conduct is a refusal to deal." *Id.* at 1269; *see also Novell, Inc. v. Microsoft Corp.*, 731 F.3d 1064, 1078-80 (10th Cir. 2013) (rejecting attempt to "recast" refusal to deal because "the substance is the same and it must be analyzed under the traditional test" set forth in *Aspen Skiing* and *Trinko*).

Viamedia's attempt to recast its abandoned refusal-to-deal theory as some "free-standing" Section 2 monopolization claim should be rejected for the same reason. Otherwise, Viamedia would be permitted (1) to evade the consequences of its own decision to withdraw the refusal-to-deal theory of liability, and (2) to "avoid the hard road of refusal to deal doctrine," *AliveCor*, 163 F.4th at 1269, which is contrary to law. "Traditional refusal to deal doctrine is not so easily evaded." *Novell*, 731 F.3d at 1079. The Court should hold Viamedia to its word and to this Court's ruling on summary judgment, and order that Viamedia must proceed to trial on the only theory of liability that it has left: tying.[2]

For the foregoing reasons, Comcast requests that the Court issue an order granting the above-requested relief.

---

[2] Viamedia makes much of the Seventh Circuit's statement that Comcast's conduct should be considered "as a whole." Dkt. 902 at 3. But that statement was made at a time ***before*** Viamedia abandoned its refusal-to-deal theory and focused solely on tying.

Dated: August 31, 2026

Respectfully submitted,

COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

/s/ *Ross B. Bricker*

Ross B. Bricker
Alexis E. Bates
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
abates@jenner.com

Arthur J. Burke (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*