**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VIAMEDIA, INC., | ) | No. 16 C 5486 |
| Plaintiff, | ) | |
| v. | ) | Hon. Sharon Johnson Coleman |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | ) | Hon. Laura K. McNally, Magistrate Judge |
| Defendants. | ) | |

**COMCAST'S MOTION FOR LEAVE TO SERVE EXPERT REPORT**

Ross B. Bricker
Alexis E. Bates
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
abates@jenner.com

Arthur J. Burke (pro hac vice)
Paul Spagnoletti (pro hac vice)
Brian Burnovski (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
Paul.Spagnoletti@davispolk.com
Brian.Burnovski@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

Comcast respectfully moves for leave to serve a report from its damages expert, Dr. Mark Israel, to address newly discovered evidence relating to the amount that Viamedia's belatedly disclosed witness, Ken Little, could receive if Viamedia distributes some or all of a potential litigation recovery in this case to its shareholders, including the entity in which Little holds equity units—Viamedia Conduit LLC ("Conduit").[1]

## PRELIMINARY STATEMENT

The potential value of Ken Little's financial interest in this case is highly relevant to Little's credibility and bias, which will be critical for the jury to weigh at trial. In seeking leave to call Little at trial, Viamedia described his testimony as "potentially dispositive." Dkt. 793 at 1.[2] Little is the only witness affiliated with Viamedia that Viamedia has identified as a "will call" witness. Accordingly, Comcast expects Viamedia to rely heavily on Little's testimony to support its case. The jury should therefore be allowed to hear about the full extent of Little's potential profit from his testimony. Because determining the amount of that potential profit from the information Viamedia has produced to Comcast requires calculations and assumptions—based on, in Judge McNally's words, "a formula by which Mr. Little would receive a portion of the amount that is paid to Conduit," Dkt. 887 (8/6/2026 Hr'g Tr.) at 29:10–12—expert analysis "will help the trier of fact to understand the evidence." Fed. R. Evid. 702(a). Comcast therefore

[1] Unless otherwise noted, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted.

[2] Comcast disagrees that Little's testimony could be dispositive of any material issue that remains in this case. As discussed in Comcast's Motion in Limine No. 8—which requests that the Court exclude Little's testimony, including because of its suspicious provenance and Little's stake in the outcome of this action—much of Little's testimony is in fact irrelevant to whether Comcast monopolized the market for spot cable ad rep services in Chicago, Detroit, and Hartford through anticompetitive tying. *See* Dkt. 882 at 63–65. But it is clear that Viamedia believes that Little is a crucial witness for its case, which highlights the importance of permitting Comcast to present to the jury evidence that goes squarely to Little's credibility.

seeks leave to serve a brief expert report—approximately five pages long—setting forth Dr. Mark Israel's analysis of the potential value of a distribution according to that "formula," including how that potential value would change based on the amounts that Viamedia is seeking to recover—up to $1.1 billion, after trebling—and the value of any third-party claims to Viamedia's recovery.[3]

This motion for leave is timely. Comcast could not have reasonably made it earlier. This Court did not grant leave to Viamedia to call Little at trial until April 13, 2026. Viamedia did not produce *any* evidence revealing Little's financial interest in the outcome of this litigation until May 2026. Disputes relating to discovery of additional facts relevant to determining the extent of that financial interest were not resolved until August 6, 2026. *See* Dkt. 886. The Court should therefore grant Comcast's motion and allow Dr. Israel to present analysis of Little's potential profit from a distribution of litigation proceeds to Viamedia's shareholders to assist the jury in understanding the potential bias of Viamedia's recently identified and supposedly "potentially dispositive" witness.[4]

---

[3] Little's financial interest in a trebled damages award goes directly to his credibility and bias. Consistent with precedent, Dr. Israel's calculations of Little's interest properly treble each assumed jury award (as reflected in Dr. Israel's workpapers), but neither Dr. Israel nor Comcast intend to mention that damages are trebled under the Clayton Act. *See*, *e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig*., 2016 WL 6216664, at *7 (N.D. Cal. Oct. 25, 2016); *see generally United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess *all evidence* which might bear on the accuracy and truth of a witness' testimony.").

[4] Comcast states that it has met the requirements of Local Rule 37.2. Comcast informed Viamedia that it may seek leave to serve a short expert report addressing Little's financial interest in the outcome of this case prior to filing the parties' joint final pretrial order, and counsel for Viamedia confirmed via email that it intended to oppose any such motion on August 4, 2026. During an in-person hearing before Magistrate Judge McNally on August 6, 2026, Comcast raised that it intended to seek leave to file an expert report addressing these issues; and Viamedia confirmed that it would oppose any such motion. *See* Dkt. 887 at 25:19–23, 26:12–14; *see also* Dkt. 878 at 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires that a party disclose a report for a retained expert with "a complete statement of all opinions the witness will express and the basis and reasons for them" by a time ordered by the court. Fed. R. Civ. P. 26(a)(2)(B)(i).

Pursuant to Rule 37(c)(1), expert testimony that is not timely disclosed may not be used at trial "unless the violation is either justified or harmless." *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 823 (N.D. Ill. 2010). The Seventh Circuit has cautioned, however, that Rule 37 is intended to provide "recourse for parties *actually harmed*[.]" *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 (7th Cir. 2019).

A trial judge has broad discretion in determining whether an expert disclosure after the close of discovery is justified or harmless. *See Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). Courts in the Seventh Circuit consider four factors to guide their analysis of potential harm: (1) the degree of prejudice to the opposing party; (2) the moving party's ability to cure any prejudice; (3) the likelihood of disruption to trial; and (4) whether bad faith or willfulness was involved in not disclosing the evidence at an earlier date. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

## ARGUMENT

Comcast's motion for leave to serve a new report from Dr. Israel satisfies the governing standard in the Seventh Circuit and should be granted.

### I. Dr. Israel's Report Is Justified

Dr. Israel's report outlines his analysis of a single, discrete issue that arose only recently as a result of Viamedia's substantially belated disclosure of Little: the value of Little's share in any potential distribution of litigation proceeds that Viamedia may make to Conduit. Viamedia first disclosed Little as a potential witness in November 2025, *see* Dkt. 780-5; the Court granted

Viamedia's motion for leave to call Little at trial in April 2026, *see* Dkt. 804; and Comcast first learned that Little has a financial interest in the outcome of this case when Viamedia produced Conduit's Third Amended and Restated LLC Agreement in May 2026. *See* Dkt. 836 at 2. Because Dr. Israel's report is "based upon information discovered after the initial disclosure" it should be permitted. *Callpod*, 703 F. Supp. 2d at 823 (citing *Talbert v. City of Chicago*, 236 F.R.D. 415, 422 (N.D. Ill. 2006)). Further, the late discovery of the information was caused by Viamedia's untimely disclosure of Little and Viamedia's subsequent withholding of discovery relevant to Little's financial interest in the outcome of this action. It was not the result of any lack of diligence on Comcast's part. *See* Dkt. 868 (identifying "28 docket entries not including this minute order, plus one hearing, one call to the Court from a deposition, and one set of documents reviewed in camera" that relate to "Defendant's efforts to discover, with precision, Mr. Little's financial interest in this litigation").

Dr. Israel's report is further justified by the importance that Viamedia has expressly ascribed to Little's testimony. Viamedia prominently characterized his testimony as "potentially dispositive" when seeking leave to call Little as a witness at trial. Dkt. 793 at 1. Little is the only Viamedia-affiliated fact witness identified as a "will call" witness in disclosures to Comcast. Comcast could not possibly have disclosed expert opinions on the value of this supposedly dispositive witness's claim to any recovery by Viamedia because Comcast just became aware of this information due to Viamedia's exceedingly late disclosure of Little, and subsequent withholding of evidence relevant to his financial interest in this action. *See* Dkts. 836, 852, 855.

Finally, Dr. Israel's concise expert report demonstrates the value of Little's potential payout pursuant to what Judge McNally described as the "formula by which Mr. Little would

receive a portion of the amount that is paid to Conduit." Dkt. 887 (8/6/2026 Hr'g Tr.) at 29:11–12. Judge McNally stated to Comcast that "[y]ou have enough to say he has potential bias because of the guaranteed amount and because of his formula that you can give on anything that goes to Conduit." *Id.* at 30:13–16. That formula is complicated and the jury will benefit from expert testimony explaining how it works and presenting the resulting calculations. That is all that Dr. Israel's report does: apply that formula to demonstrate Little's potential payout to the jury, exactly as Judge McNally contemplated.

## II. <u>Dr. Israel's Report Will Not Prejudice Viamedia</u>

Considerations of prejudice under Rule 37 typically focus on the "timing of the disclosure." *See Hicks v. Avery Drei, LLC*, 654 F.3d 739, 744 (7th Cir. 2011). Although trial is just two months away at this point, permitting Comcast to submit an expert report from Dr. Israel now would not prejudice Viamedia. To the contrary, denying Comcast the ability to present this helpful analysis from Dr. Israel would reward Viamedia's incredibly belated disclosure of Little. That disclosure, nearly ten years after this case was filed, prevented Comcast from obtaining the complete discovery regarding Little to which it would have been entitled had Little been timely disclosed in the ordinary course of discovery.

Moreover, Viamedia *already knows* how much Little stands to personally gain from any recovery that Viamedia may obtain in this lawsuit—but it refuses to disclose that information to Comcast. Viamedia will therefore not be surprised by—and will suffer no prejudice from—Dr. Israel's report. The "formula" by which any portion of a litigation recovery that Conduit receives would be distributed to Conduit's equity holders—including Little—is contained in a document produced *by Viamedia* in May 2026. *See* Dkt. 836 at 5. Viamedia itself used that "formula" to calculate the amount that Little is entitled to receive in the event that Viamedia pays off its subordinated debt to Conduit with funds from a litigation recovery. *See* 7/9/2026 Graunke

Tr. 61:1–62:4. And Viamedia could easily use that formula to calculate the potential value of the "second route" to a potential payout for Little identified by Judge McNally—the amount Little would receive if Viamedia distributes additional litigation recovery amounts to Conduit. Because Viamedia already has everything that it needs to test and cross-examine Dr. Israel's application of that formula to determine Little's potential payout at trial, Dr. Israel's new report is appropriate.[5] *See Uncommon, LLC*, 926 F.3d at 419 ("Rule 37 . . . provides recourse for parties *actually harmed* . . . .").

## III. Viamedia Can Easily Cure Any Conceivable Minimal Prejudice

Even if Viamedia faced some minimal prejudice by allowing Dr. Israel's new report (which Viamedia does not), that would not be *unfair* prejudice. The need for Dr. Israel's report arises from Viamedia's untimely disclosure of Little as a potential witness nearly ten years after this case was filed and from Viamedia's own intransigence in responding to Comcast's discovery requests. Viamedia did not produce the document confirming that Little would receive a payout tied specifically to any recovery by Viamedia in this case until thirteen days after Magistrate Judge McNally's deadline for responding to written discovery. Dkt. 836 at 1. And as discussed above, Comcast sought to obtain the facts of Little's potential payout through written discovery and depositions. Viamedia relied on assertions of work product protection to shield those facts from discovery at every turn. *See* Dkts. 836, 852, 855.

[5] This is also not a case in which Viamedia is unable to take discovery on Dr. Israel's qualifications and expertise, which is frequently at issue in cases challenging expert disclosures after the close of discovery. *See, e.g.*, *Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 952 (7th Cir. 2018) ("[A]lthough Lowe's was familiar with Johnson, it had no reason to take discovery on his qualification and expertise . . . ."). Dr. Israel has already been deposed multiple times in this case, and Viamedia declined to challenge his qualifications or the admissibility of his expert testimony prior to summary judgment.

Moreover, Comcast would also not oppose an attempt by Viamedia to depose Dr. Israel regarding the analysis in his report, which is approximately five pages long. Even if there were any prejudice to Viamedia in allowing Dr. Israel's report (and there is not), that would be cured through such a deposition in advance of trial.

## IV. <u>Dr. Israel's Report Will Not Disrupt Trial</u>

Nor would Dr. Israel's short new report disrupt trial. Comcast plans to present to the jury that Little stands to profit from a potential distribution of Viamedia's litigation proceeds to its shareholders regardless. Dkt. 886 ("The information discovered to date establishes . . . a theoretical maximum recovery Mr. Little could receive if Plaintiff distributes some or all of the litigation recovery to its shareholders . . . ."). Dr. Israel's analysis will simply assist the jury in understanding the value of that potential distribution.

## V. Dr. Israel's Report Does Not Implicate Any Bad Faith or <u>Attempt to Surprise Viamedia</u>

Comcast's disclosure is not the result of "bad faith or willfulness." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). It could not possibly have been made by the governing deadline, and is no "tactic of surprise." *See Uncommon, LLC*, 926 F.3d at 418. Even though this case was filed in May 2016, Comcast did not learn about Viamedia's intent to call Little as a witness *at all* until November 2025—several years after the close of remand discovery—and did not learn about Little's direct financial interest in the outcome of this lawsuit until *May 2026*. Comcast was first able to depose Viamedia's Rule 30(b)(6) witness on the details of Viamedia's litigation waterfall—which determines the value of Little's financial interest in the outcome of this case—on July 9, 2026. And Comcast's most recent motions to compel discovery relating to the same topic were not resolved until August 6, 2026—approximately one month ago. Dkt. 886.

To the contrary, it is *Viamedia* that is attempting to benefit from the "tactic of surprise" by disclosing a new witness several years after the close of remand discovery and almost ten years after the filing of the complaint, and then hiding behind privilege to shield discovery into the contours of Little's financial stake in this lawsuit. The Court should not permit Viamedia to ambush Comcast with a new witness at the eleventh hour but deny Comcast the ability to defend itself against the same witness.

## CONCLUSION

For the foregoing reasons, Comcast respectfully requests that the Court grant Comcast's motion for leave to serve the annexed Expert Report of Dr. Mark Israel.

Dated: September 11, 2026

Respectfully submitted,

COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

/s/ *Ross B. Bricker*
Ross B. Bricker
Michael T. Brody
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rbricker@jenner.com
mbrody@jenner.com

Arthur J. Burke (pro hac vice)
Paul Spagnoletti (pro hac vice)
Brian Burnovski (pro hac vice)
David B. Toscano (pro hac vice)
Christopher P. Lynch (pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Arthur.Burke@davispolk.com
Paul.Spagnoletti@davispolk.com
Brian.Burnovski@davispolk.com
David.Toscano@davispolk.com
Christopher.Lynch@davispolk.com

*Attorneys for Defendants Comcast Corporation and Comcast Cable Communications Management, LLC*

**CERTIFICATE OF SERVICE**

I, Alexis E. Bates, an attorney, certify that on September 11, 2026, I caused the foregoing **Comcast's Motion for Leave to Serve Expert Report** to be served on all counsel of record listed via the Court's ECF system.

*/s/ Alexis E. Bates*